**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

IN RE: SANTA FE NATURAL TOBACCO
COMPANY MARKETING & SALES
PRACTICES AND PRODUCTS LIABILITY           Lead Case No. 1:16-md-02695-JB-LF
LITIGATION

*This Document Relates To All Actions*

## JOINT PRELIMINARY REPORT

Pursuant to section 3(c) of the Court's May 2, 2016 Order Setting Initial Conference,

Plaintiffs and Defendants Santa Fe Natural Tobacco Company, Inc ("Santa Fe") and Reynolds

American Inc. ("RAI")[1] provide this Joint Preliminary Report containing: (1) a brief written

statement indicating their preliminary understanding of the facts involved in the litigation and the

critical factual and legal issues; and (2) a list of all related cases pending in state or federal court,

together with their current status, including discovery taken to date and pending motions.

    I.    Brief Written Statement On Key Facts and Legal Issues

        A.    Plaintiffs' Statement

Plaintiffs' claims are based on the marketing, sales, and design of Natural American

Spirit cigarettes (the "Products"). Santa Fe designs, manufactures, markets, and sells the

Products using the terms "natural," "additive free," "100% additive free," and in some cases,

"Organic."

---

[1] Defendants assert that RAI is a holding company that neither manufactures nor sells any
product, and which has no general jurisdiction presence in New Mexico or in any district of a
transferor court and thus this Court lacks personal jurisdiction over it. By joining Santa Fe in
this Joint Preliminary Report, RAI does not waive its right to challenge personal jurisdiction at
the appropriate time.

Plaintiffs allege that Defendants make these representations intending for consumers to believe the Products are healthier, safer, and present a lower risk of tobacco-related disease than tobacco products without such labels, despite knowing there are no added benefits to consumers and the products are not necessarily all natural and are not additive free.  Therefore, Plaintiffs bring claims for violations of various states' consumer protection statutes, as well as common law claims.  Furthermore, the U.S. Food and Drug Administration ("FDA") recently determined that American Spirit cigarettes are, in fact, adulterated.  Plaintiffs seek redress for Defendants' misleading marketing, promotion, design, distribution and sale of its tobacco Products.

The tobacco industry has historically misled the public health community, smokers and the public at large regarding the true health effects of cigarettes.  For over fifty years the industry, including R.J. Reynolds deceptively advertised cigarettes utilizing themes consistent with the advertising campaigns used in American Spirit All Natural Cigarettes.  These themes included health reassurance advertising of filtered cigarettes which the tobacco industry internally knew were only illusions to sustain smokers' addictions and allay concerns for smokers' health.

The Food and Drug Administration has concluded that the advertising and marketing of American Spirit All Natural Cigarettes as "Natural" and "Additive Free" violates the Tobacco Control Act.  The FDA noted that "FDA recognizes that Santa Fe Natural Tobacco Company, Inc. has entered into a consent order with the Federal Trade Commission (FTC) regarding the company's use of additive free claims in tobacco product advertising (Federal Trade Commission, *In the Matter of Santa Fe Natural Tobacco Company, Inc., a corporation*, Docket No. C-3952, Decision and Order, Issued June 12, 2000).  This order requires, in part, that the

company display certain disclosures (*e.g.*, "No additives in our tobacco does NOT mean safer") in any advertisements using claims that represent tobacco products as having no additives, unless the company possesses and relies upon competent and reliable scientific evidence demonstrating that such products pose materially lower health risks than other tobacco products of the same type.

Plaintiffs intend to file a Consolidated Amended Complaint that will likely raise several critical factual and legal issues including, but not limited to:  1) whether Defendants' labeling, packaging, and marketing of American Spirit cigarettes is deceptive, false and misleading; 2) whether the product is in fact all natural and additive free; 3) whether consumers paid a price premium because of Defendants' misrepresentations; 4) what is the amount of the price premium; 5) whether Defendants were unjustly enriched; 6) whether Defendants violated state consumer protection laws; and 7) whether consumers are entitled to restitution, injunctive, and/or monetary relief, and if so, the amount and nature of such relief.

At the appropriate time, Plaintiffs intend to file a motion to certify a class of consumers pursuant to Rule 23.  At that time, the Court will have to address the various factors relevant to its decision of whether a class should be certified.  That analysis includes a consideration of the numerosity of class members, whether there are common factual or legal questions, whether the named plaintiffs' claims are typical, and whether the plaintiffs and their attorneys will adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23(a).  In addition, the Court will have to consider whether common legal or factual issues predominate, and whether a class action is superior to other available methods of adjudication.  *See* Fed. R. Civ. P. 23(b)(3).

Plaintiffs anticipate Defendants will move to dismiss many, if not all, of its causes of actions in the Consolidated Amended Complaint.  Plaintiffs contend all of their claims are meritorious, and they will duly respond to Defendants' arguments when a motion to dismiss is filed.  Plaintiffs also anticipate Defendants will assert their claims are preempted.  However, such argument is contrary to well-settled law.

    B.  <u>Defendants' Statement</u>

Santa Fe was founded in 1982.  It is based in Santa Fe, New Mexico, and has manufacturing operations in North Carolina.  Santa Fe is an operating company of RAI.  Santa Fe exclusively produces premium additive-free tobacco products.  Santa Fe currently manufacturers thirteen styles of Natural American Spirit ("NAS") cigarettes.  Certain brand styles contain organic no-additive tobacco and/or U.S. grown no-additive tobacco.  All NAS brand styles labeled "organic" are labeled and advertised in accordance with the requirements of the United States Department of Agriculture's National Organic Program.

Defendants dispute Plaintiffs' allegations regarding Santa Fe's use of the terms "natural," "additive free," "100% additive free," and in some cases, "Organic" in the marketing, advertising and sale of the Products.  Defendants deny any liability to Plaintiffs.

As used by Santa Fe for the advertising, marketing and sale of the Products, the terms at issue are accurate and not misleading.  The tobacco in the Products does not contain additives. Likewise, the tobacco in the products labeled "organic tobacco" complies with the requirements of the United States Department of Agriculture's National Organic Program.  Moreover, the packaging and advertising of the Products specifically advises consumers that "No additives in our tobacco does **NOT** mean a safer cigarette" (the "No Additives disclaimer"), and/or "Organic

tobacco does **NOT** mean a safer cigarette" (the "Organic disclaimer"), as appropriate to the Product brand style at issue.  These disclaimers have been on the Products for many years.

In 2000, Santa Fe entered into a Consent Order with the Federal Trade Commission that specifically permits Santa Fe to describe the Products in advertising as "Additive Free"—or with "substantially similar" terms (including "no additives," "no chemicals," "additive-free," "chemical-free," "chemical-additive-free," "100% tobacco," "pure tobacco")—provided Santa Fe accompanies such descriptions with the No Additives disclaimer.  Santa Fe has complied with that Consent Order.  If permitted, Plaintiffs' claims would impose liability for lawful commercial speech expressly authorized by the FTC.  The FTC's Consent Order thus preempts those claims.

The Organic disclaimer was adopted in 2010 pursuant to an agreement with various state Attorneys General that similarly permits Santa Fe to describe its organic Products in advertising as "organic" – or with substantially similar terms (including "100% organic," "organic tobacco," "100% organic tobacco") – provided Santa Fe accompanies such descriptions with the Organic disclaimer.

On August 27, 2015, the Center for Tobacco Products of the U.S. Food and Drug Administration sent a warning letter to Santa Fe regarding certain of the Products, which letter speaks for itself and is not a final agency determination.

Key legal issues include the following:

**Choice of Law**.  For each claim, this Court will apply the substantive law (including the choice-of-law rules) that the transferor court would have applied.  Each claim will thus require a choice-of-law analysis to determine which state's substantive law governs—an especially

important task considering the large number of claims from different states and the substantive variations among those states' laws.

**First Amendment**.  The First Amendment protects Santa Fe's right to engage in truthful and non-misleading speech, including by describing its products as "natural" and "additive free." To the extent that state laws are interpreted to prohibit such truthful and non-misleading speech, they are unconstitutional.

**Federal Preemption**.  The FTC Consent Order permits Santa Fe to advertise its tobacco products using the phrase "no additives" and substantially similar terms so long as Santa Fe includes a disclaimer.  As Santa Fe includes that disclaimer language on all of its advertisements and labeling, federal law expressly permits Santa Fe's "all natural," "additive-free," and "organic" representations.  Allowing state tort law to punish those representations would directly conflict with the federal government's objectives in regulating tobacco advertising and labeling. In addition, Santa Fe's products that are advertised or labeled as "organic" comply with the requirements of the United States Department of Agriculture's National Organic Program.  That compliance preempts claims that challenge such lawful use of the term "organic."

**State Statutory Claims**.  The complaints allege claims under numerous states' false-advertising and deceptive-practices statutes.  Those claims suffer from several flaws.  First, those laws generally require a false or misleading representation.  Santa Fe's representations regarding its tobacco products are truthful and not misleading under the law.  In fact, many of those state statutes protect speech that is specifically authorized by law or instruct courts to interpret the state law in accordance with the FTC's interpretation of the FTC Act.   The approval of Santa Fe's use of the terms specifically authorized by the government, including the FTC, the US

Department of Agriculture, and various State Attorneys General, cannot be false or misleading within the meaning of the state statutes.  Second, no reasonable consumer could believe the alleged *implied* health claim in the teeth of the *express* disclaimers that disavow any such implied claim.  To the extent that Plaintiffs seek to certify a nationwide or multi-state class with respect to state statutory claims, there are material differences among state laws that would preclude any such effort.

**Fraud**.  The complaints also allege common-law fraud claims.  Santa Fe has not made any fraudulent representations.  Moreover, fraud includes an element of reasonable reliance, and given the congressionally-mandated warning label (which is the same on the Products as all other cigarettes sold in the United States) and the No Additives disclaimer and the Organic disclaimer, no consumer could reasonably rely on the disputed terms (no additives, organic, etc.) in concluding that Natural American Spirit cigarettes are safer.  Fraud also requires a misrepresentation, which is absent here because the Products in fact are made without additives in the tobacco and with, where indicated on particular brand styles, organic tobacco.

**Negligent Misrepresentation**.  Several of the complaints also allege negligent-misrepresentation claims.  Negligent misrepresentation requires a duty to disclose that arises from some special relationship of trust or confidence.  No such special relationship exists between an ordinary buyer and seller of consumer goods.  Additionally, negligent-misrepresentation claims require reasonable reliance and a misrepresentation, both of which, again, are absent here.

**Unjust Enrichment**.  Several of the complaints also allege claims for unjust enrichment.  But unjust enrichment is an equitable remedy that is available only if the plaintiff lacks an

adequate remedy at law.  Here, the plaintiffs have adequate legal remedies to address the alleged misrepresentations.

**Injunctive Relief / Medical Monitoring**.  Some complaints seek injunctive relief that would require Defendants to provide for ongoing medical-monitoring.  But Plaintiffs do not allege that Santa Fe's misrepresentations are responsible for their smoking instead of not smoking at all, nor do they allege that Natural American Spirit cigarettes are more likely than other cigarettes to cause disease.  As such, the alleged misrepresentations did not cause a greater risk of disease to Plaintiffs.

**Class-Certification.**  Plaintiffs' expected claims for violations of various states' consumer-protection statutes—as well as common-law claims based on alleged misrepresentations—are not suitable for class treatment, and raise a number of legal issues that will need to be addressed in the course of this action.  Depending on the types of Rule 23 classes for which Plaintiffs seek certification, Plaintiffs' claims likely will raise obstacles to class certification, including with respect to (among other things) ascertainability, commonality, predominance, and damages.  Moreover, individual inquiries with respect to the selection, purchase, and use of cigarettes will abound, establishing a further obstacle on many—if not all— claims that Plaintiffs seem to be proposing.

**Personal Jurisdiction.**  Defendants further assert that this Court lacks personal jurisdiction over RAI and should dismiss the company as a defendant.[2]

II.    <u>List Of All Related Cases Pending In State Or Federal Court</u>

| No. | Case Name | Case No./District Pending | Status |
|-----|-----------|---------------------------|--------|

---

[2] *See* n. 1.

| No. | Case Name | Case No./District Pending | Status |
|-----|-----------|---------------------------|--------|
| 1. | *Brattain v. Santa Fe Natural Tobacco Company, Inc., Reynolds American, Inc., and DOES 1 Through 50,* | No. 1:16-cv-300-JB-LF, D.N.M. | Stayed.  Motion to dismiss filed by Defendants; stay entered prior to due date for opposition and transfer to the D.N.M.<br><br>No discovery has taken place. |
| 2. | *Cuebas v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.* | No. 1:16-cv-320-JB-LF , D.N.M. | Stayed.  Stayed before Defendants' response to the complaint was due.<br><br>No discovery has taken place. |
| 3. | *Dunn v. Santa Fe Natural Tobacco Company, Inc.* | No. 1:15-cv-1142-JB-LF, D.N.M. | Stayed.  Stayed before Defendants' response to the complaint was due.<br><br>No discovery has taken place. |
| 4. | *Grandison v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.* | No. 1:16-cv-319-JB-LF, D.N.M. | Stayed.  Stayed before Defendants' response to the complaint was due.<br><br>No discovery has taken place. |
| 5. | *Gudmundson v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.* | No. 1:16-cv-00383-JB-LF, D.N.M. | Stayed.  Stayed before Defendants' response to the complaint was due.<br><br>No discovery has taken place. |
| 6. | *Haksal v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.* | No. 1:15-cv-01163-JB-LF, D.N.M. | Stayed.  Stayed before Defendants' response to the complaint was due.<br><br>No discovery has taken place. |
| 7. | *Johnston v. Santa Fe Natural Tobacco Company, Inc., and* | No. 2:16−cv−14155−RLR, S.D. Fla. | Complaint filed on 5/5/16. Transferred to the D.N.M. |

| No. | Case Name | Case No./District Pending | Status |
|-----|-----------|---------------------------|--------|
|     | *Reynolds American, Inc.* | | on 5/17/2016.<br><br>No discovery has taken place. |
| 8. | *LeCompte v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.* | No. 1:16-cv-00221-JB-LF, D.N.M. | Stayed.  Stayed before Defendants' response to the complaint was due.<br><br>No discovery has taken place. |
| 9. | *Okstad v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.* | No. 1:16-cv-00323-JB-LF, D.N.M. | Stayed.  Stayed before Defendants' response to the complaint was due.<br><br>No discovery has taken place. |
| 10. | *Rothman v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.* | No. 1:16-cv-00294-JB-LF, D.N.M. | Stayed.  Stayed before Defendants' response to the complaint was due.<br><br>No discovery has taken place. |
| 11. | *Ruggiero v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.* | No. 1:16-cv-00329-JB-LF, D.N.M. | Stayed.  Stayed before Defendants' response to the complaint was due.<br><br>No discovery has taken place. |
| 12. | *Sproule v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.* | No. 1:16-cv-00296-JB-LF, D.N.M. | Stayed.  Motion to dismiss filed by Defendants; stay entered prior to due date for opposition and transfer to the D.N.M.<br><br>No discovery has taken place. |
| 13. | *Waldo v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.* | No. 1:16-cv-00324-JB-LF, D.N.M. | Stayed.  Stayed before Defendants' response to the complaint was due.<br><br>No discovery has taken |

| No. | Case Name | Case No./District Pending | Status |
|-----|-----------|---------------------------|--------|
|     |           |                           | place. |
| 14. | *White v. Santa Fe Natural Tobacco Company, Inc.* | No. 1:16-cv-00209-JB-LF, D.N.M. | Stayed.  Stayed before Defendants' response to the complaint was due.<br><br>No discovery has taken place. |

Dated:  May 20, 2016

Respectfully submitted,

/s/ Scott P. Schlesinger
Scott P. Schlesinger
**SCHLESINGER LAW OFFICES, P.A.**
1212 SE 3rd Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 467-8800
Facsimile: (954) 320-9509
scott@schlesingerlaw.com

/s/ John A. Yanchunis
John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
jyanchunis@forthepeople.com

/s/ Melissa Wolchansky
Melissa Wolchansky
**HALUNEN LAW**
1650 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
wolchansky@halunenlaw.com

***Proposed Interim Co-Lead Counsel for
Plaintiffs***

/s/ David M. Monde
**David M. Monde**
dmmonde@jonesday.com
**Michael F. Stoer**
mstoer@jonesday.com
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
Telephone:  404-521-3939
Facsimile:  404-581-8330

**Peter J. Biersteker**
pbiersteker@jonesday.com
**Noel J. Francisco**
njfrancisco@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone:  202-879-3939
Facsimile:  202-626-1700

**Sharyl A. Reisman\***
\* admission *pro hac vice* pending
sareisman@jonesday.com
JONES DAY
250 Vesey Street, Floor 34
New York, NY 10281-1047
Telephone:  212-326-3939
Facsimile:  212-755-7306

***Counsel for Defendants Santa Fe
Natural Tobacco Company, Inc.
and Reynolds American Inc.***

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on May 20, 2016, I electronically filed the foregoing

document with the Clerk of the Court for District of New Mexico using the CM/ECF system,

which will deliver the document to all counsel of record.


JONES DAY

By:  /s/ Michael F. Stoer
        Michael F. Stoer