**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

IN RE: SANTA FE NATURAL TOBACCO
COMPANY MARKETING & SALES
PRACTICES AND PRODUCTS LIABILITY
LITIGATION

Lead Case No. MD 16-2695 JB/LF

*This Document Relates To All Cases*

<u>**CASE MANAGEMENT ORDER NO. 2**</u>

On May 2, 2016, the Court entered Case Management Order No. 1 (Doc. No. 8), governing this multidistrict proceeding.  In accordance with Case Management Order No. 1, the parties submitted their Joint Preliminary Report on May 20, 2016 (Doc. No. 18) and their Joint Status Report and Provisional Discovery Plan on May 23, 2016 (Doc No. 19).   Having considered those filings and the comments and proposals of the parties presented at the initial conference held on May 24, 2016, the Court ORDERS:

1. <u>**PRETRIAL  CONSOLIDATION**</u>. The cases listed below are, until further order, consolidated for pretrial purposes. This order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been named or joined and served pursuant to the Federal Rules of Civil Procedure.  All parties reserve their rights under Fed, R. Civ. P. 42.  Subject to RAI's anticipated motion to dismiss under Fed.  R.  Civ.  P 12(b)(2), Plaintiffs and Santa Fe stipulate and agree that venue as to Plaintiffs and Santa Fe is proper in this District  and that the United States District Court for the District of New Mexico has jurisdiction over them and the subject matter.

| 1. | *Brattain v. Santa Fe Natural Tobacco Company, Inc., Reynolds American, Inc., and DOES 1 Through 50,* No. 1:16-cv-300-JB-LF (D.N.M.). |
|---|---|
| 2. | *Cuebas v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.,* No. 1:16-cv-320-JB-LF (D.N.M.). |
| 3. | *Dunn v. Santa Fe Natural Tobacco Company, Inc.,* No. 1:15-cv-1142-JB-LF (D.N.M.) |
| 4. | *Grandison v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.,* No. 1:16-cv-319-JB-LF (D.N.M.). |
| 5. | *Gudmundson v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.,* No. 1:16-cv-00383-JB-LF (D.N.M.). |
| 6. | *Haksal v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.,* No. 1:15-cv-01163-JB-LF (D.N.M.). |
| 7. | *Johnston v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.,* No. 1:16-cv-00474-JB-LF (D.N.M.). |
| 8. | *LeCompte v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.,* No. 1:16-cv-00221-JB-LF (D.N.M.). |
| 9. | *Okstad v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.,* No. 1:16-cv-00323-JB-LF (D.N.M.). |
| 10. | *Rothman v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.,* No. 1:16-cv-00294-JB-LF (D.N.M.). |
| 11. | *Ruggiero v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.,* No. 1:16-cv-00329-JB-LF (D.N.M.). |
| 12. | *Sproule v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.,* No. 1:16-cv-00296-JB-LF (D.N.M.). |
| 13. | *Waldo v. Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.,* No. 1:16-cv-00324-JB-LF (D.N.M.). |
| 14. | *White v. Santa Fe Natural Tobacco Company, Inc.,* No. 1:16-cv-00209-JB-LF (D.N.M.). |

(A)     *Master Docket and File.* The clerk shall maintain a master docket and case file under the style "*In re Santa Fe Natural Tobacco Company Marketing & Sales Practices and Products Liability Litigation,*" Lead Case No. MD 16-2695 JB/LF.  All orders, pleadings, motions, and other documents shall, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable.

(B)     *Discovery Requests and Responses.* Pursuant to Fed. R. Civ. P. 5(d), and D.N.M.LR-Civ. 26.2, discovery requests and responses shall not be filed with the Court except when specifically ordered by the Court or to the extent offered in connection with a motion.

2.  **STATUS CONFERENCES.**

(A)     *Regularly Scheduled Conferences.* The Court shall convene a status conference in this litigation every <u>60 days</u>, subject to the Court's calendar.[1]  To the extent practicable, the parties should attempt to schedule motion hearings at the same time as status conferences, but nothing prevents a party from filing a motion or requesting a hearing at other time the Court allows.  To be heard at a status conference, motions must be fully briefed.  Lead counsel for the parties shall (1) confer at least <u>two weeks</u> before each scheduled conference and attempt to resolve outstanding disputes and (2) provide the Court <u>one week</u> prior to the hearing a joint letter listing all motions and other matters the parties anticipate addressing at the conference. If the parties have no agenda items, they will notify the Court and request cancellation of the status conference.  Parties should make every effort not to notice depositions for days on which status conferences are scheduled, and no deposition shall go forward on such days without prior leave of Court.

(B)     *Telephone Conferences.* Telephone conferences may be scheduled at the Court's discretion by prior arrangement through the Court's chambers, if all necessary parties are available and receive at least 24 hours notice.  Further, the parties are free to request assistance from the Court via telephone to resolve disputes during depositions.

3.  **REFINEMENT OF ISSUES.**

(A)     *Briefing Requirements.* Page limits on briefing relating to the anticipated motion to dismiss and motion for class certification shall be 80 pages for the motion and brief in support and brief in opposition, and 40 pages in reply.  This is without prejudice to a party's right to seek modifications of the length of other motions and briefs under D.N.M.LR-Civ. 7.5.  Exhibits to briefs may be greater than 50 pages by agreement of the parties or if contested, by order of the

---

[1] Counsel may attend the status conference by telephone.

Court.

(B)      *Position of the Parties*.  Motions brought by or on behalf of all plaintiffs shall so state that in the introduction.  Motions brought by less than all plaintiffs shall state that and give the positions of both the moving and non-moving plaintiffs.  Defense motions shall state whether they are brought by both or only one defendant.

## 4.  DISCOVERY.

(A)      *Case Management and Discovery Schedule.*[2]

| DEADLINE | EVENT |
|---|---|
| **May 31, 2016** | Parties to serve Fed. R. Civ. P 26(a)(1) disclosures within 14 days of the Rule 26(f) meet and confer session as directed by the Court, recognizing that Plaintiffs anticipate filing a consolidated amended complaint.  Within 30 days of the filing of the consolidated amended complaint, the parties shall serve amended supplemental Fed. R. Civ. P. 26(a)(1) disclosures.  The parties may begin to serve initial written discovery requests. |
| **August 22, 2016** | Deadline for Plaintiffs to file consolidated amended complaint. |
| **August 29, 2016** | Due date for responses to initial written discovery requests (seven days following the filing of the Consolidated Amended Complaint). |
| **September 21, 2016** | Parties to serve amended supplemental Fed. R. Civ. P. 26(a)(1) disclosures based on the Consolidated Amended Complaint.[3] |
| **September 29, 2016** | Deadline for Defendants to file Motions to Dismiss. |
| **October 31, 2016** | Deadline for Plaintiffs to file Opposition to Motions to Dismiss. |
| **November 21, 2016** | Deadline for Defendants to file Reply in Support of Motions to Dismiss. |
| **November 30, 2016 at 9:00 a.m. MST** | Hearing on Defendants' Motions to Dismiss. |

---

[3] This is in addition to, and not in lieu of, a party's obligation to supplement its disclosures under Fed. R. Civ. P. 26(e)(1).

| DEADLINE | EVENT |
|---|---|
| **December 2, 2016** | Deadline for Plaintiffs to amend the pleadings for the purpose of joining additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).[4] |
| **30 Days After Ruling on Motion to Dismiss** | Defendants to answer Consolidated Amended Complaint. |
| **60 Days After Ruling on Motion to Dismiss** | Deadline for Defendants to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a). |
| **August 23, 2017** | Deadline for Plaintiffs' Fed. R. Civ. P 26(a)(2) expert witness disclosures (class experts), including written reports and available dates for depositions of each disclosed expert. |
| **November 28, 2017** | Deadline for Defendants' Fed. R. Civ. P 26(a)(2) expert witness disclosures (class experts), including written reports and available dates for depositions of each disclosed expert. |
| **January 6, 2018** | Deadline for Plaintiffs' rebuttal expert disclosures (class experts) pursuant to Fed. R. Civ. P. 26(a)(2), including written reports and available dates for depositions of each disclosed expert. |
| **March 1, 2018** | Deadline for class certification expert depositions. |
| **April 3, 2018** | Deadline to file the motion in support of class certification and all parties shall file any *Daubert* motions. |
| **June 2, 2018** | Defendants shall file their opposition to Plaintiffs' motion for class certifications and all parties shall file any oppositions to *Daubert* motions. |
| **July 3, 2018** | Plaintiffs shall file their reply in support of their motion for class certification, and all parties shall file replies to any *Daubert* motions. |
| **July 13-14, 2018** | Hearing on motion for class certification and related *Daubert* motions. |
| **120 Days After Ruling on Class Certification** | Completion of discovery.  Within 7 days after the Court's ruling on the motion for class certification, the parties will meet and confer regarding the completion of discovery including, but not limited to, additional depositions, experts, and other discovery. |

---

[4] The Parties reserve their right to additional motion practice and briefing if Plaintiffs' addition of parties affects or potentially affects the motion to dismiss.

| DEADLINE | EVENT |
|---|---|
| **60 Days After the Completion of Discovery** | Deadline for Fed. R. Civ. P. 56 motions for summary judgment. |
| **120 Days After the Completion of Discovery** | Deadline for briefs in opposition to Fed. R. Civ. P. 56 motions for summary judgment. |
| **150 Days After the Completion of Discovery** | Deadline for reply briefs in support of Fed. R. Civ. P. 56 motions for summary judgment. |

(B)     *Supplementation under Rule 26(e)*.   Due within 30 days after the party discovers its disclosure is incorrect or incomplete.

(C)     *Written Discovery Limitations*.   A maximum of 33 interrogatories (including reasonably related subparts) by each side to the other side. (Responses due 45 days after service). Additional interrogatories only by leave of Court and for good cause shown pursuant to Fed. R. Civ. P. 26 and 33. A maximum of 33 requests for admission by each side to the other side. (Response due 45 days after service). Additional requests for admission only by leave of Court and for good cause shown pursuant to Fed. R. Civ. P. 26 and 33.

(D)     *Limitations on Depositions*.   A maximum number of 20 fact depositions by Plaintiffs (collectively), excluding Fed. R. Civ. P. 30(b)(6) depositions of designated representatives of Defendants and experts.   A maximum of 20 depositions by Defendants (collectively), excluding depositions of the named Plaintiffs and experts.   Additional depositions only by agreement of the parties, or leave of Court and for good cause shown under Fed. R. Civ. P. 30(a)(2)(A)(i).

Each deposition (other than Fed. R. Civ. P 30(b)(6) depositions) shall be limited to eight (8) hours of time on the record (i.e., excluding breaks and time used by counsel representing the witness to ask questions), unless extended by agreement of parties or by leave of Court for good

cause shown under Fed. R. Civ. P. 30(d)(1).  The parties will confer regarding time limits related to Fed. R. Civ. P 30(b)(6) depositions. That time limit will be set by agreement of the parties, or by Order of the Court, at a later date.

(E)    *Protective Order*.  Given that discovery will likely involve information that one or more parties deems competitively sensitive or subject to trade-secret protection, the parties will confer regarding an appropriate protective order regarding the handling of such information and present it to Court prior to the commencement of discovery.

(F)    *Privilege*.  A party who does not produce responsive discovery on the basis of privilege or work product doctrine, must specify which privilege or doctrine it is invoking.  The parties are to confer to determine the format and time for production of privilege logs.

(G)    *ESI Protocol*.  The parties will confer to develop an ESI protocol.

**6. LATER FILED CASES**.  The terms of this Order, including pretrial consolidation, shall apply automatically to actions later instituted in, removed to, or transferred to this Court.

_____
UNITED STATES DISTRICT JUDGE

Submitted and approved by:



201 Broadway Blvd., SE
Albuquerque, NM 87102
Phone: (505) 843-6161
Fax: (505) 242-8227
Email: Randi@mcginnlaw.com
        Kathy@mcginnlaw.com
*PLAINTIFFS' LIAISON COUNSEL*

**SCHLESINGER LAW OFFICES, PA**
*/s/ Scott P. Schlesinger*
1212 SE Third Avenue
Fort Lauderdale, FL  33316
Phone: (954) 467-8800
Fax: (954) 320-9509
Email: scott@schlesignerlaw.com


**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
*/s/ John A. Yanchunis*
201 N. Franklin Street, 7th Floor
Tampa, FL  33602
Phone: (813) 223-5505
Fax: (813) 223-5402
Email: jyanchunis@forthepeople.com


**HALUNEN LAW**
*/s/ Melissa Wolchansky*
Melissa Wolchansky
1650 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Phone: (612) 605-4098
Fax: (612) 605-4099
Email: wolchansky@halunenlaw.com

*PLAINTIFFS' CO-LEAD COUNSEL*


**JONES DAY**
*/s/ David M. Monde via email 06/14/2016*
David M. Monde
1420 Peachtree Street, Suite 800
Atlanta, GA  30309
Phone: (404) 581-8206
Fax: (404) 581-8330
Email: dmmonde@jonesday.com

**RODEY, DICKASON, SLOAN AKIN & ROBB, PA**
***/s/ Andrew G. Schultz via email 06/14/2016***
Andrew G. Schultz
201 Third Street, NW, Suite 2200
Albuquerque, NM  87102
Phone: (505) 765-5900
Fax: (505) 768-7395
Email: aschultz@rodey.com

***ATTORNEYS FOR DEFENDANTS***