IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN RE: SANTA FE NATURAL TOBACCO COMPANY MARKETING & SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Lead Case No. MD 16-2695 JB/LF |

This Document Relates To All Cases

_____

## AGREED PROTECTIVE ORDER

By consent of the parties[1], it is ordered that:

1.      This Protective Order shall govern the use and dissemination of all information, documents, or materials that are produced in this action and designated as Confidential or Highly Confidential Information.

2.      The term "document" or "documents," as used in this Protective Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure.

3.      The term "Trade Secret," as used in this Protective Order, is defined as: (a) information, documents, or materials not in the public domain that are so proprietary or competitively sensitive that their public disclosure is likely to cause competitive injury, or (b) information that constitutes trade secrets under the laws of the states in which individual cases consolidated for pretrial proceedings in this MDL are pending, or the Federal Rules of Civil Procedure.

4.      Confidential Information includes Trade Secrets and other confidential or proprietary information that the producing party or nonparty believes in good faith is either: (a) entitled to protection under the applicable laws of the states in which individual cases

---

[1] By joining in this Agreed Protective Order, neither RAI nor R.J. Reynolds Tobacco Company waives its right to challenge personal jurisdiction at the appropriate time.

consolidated for pretrial proceedings in this MDL are pending, or the Federal Rule of Civil Procedure 26(c), or (b) subject to conditional or limited disclosure under any applicable statutes, rules, regulations, or contracts to which the producing party or nonparty is bound.

5. Any party to this action or nonparty who produces or supplies information, documents, or other materials in this action (the "Designating Party"), may designate as "Confidential" or "Highly Confidential" (defined in Paragraph 12) any such information, document, or material that it reasonably and in good faith believes constitutes Confidential or Highly Confidential Information under this Protective Order. The designation "Confidential" or "Highly Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states: **"[DESIGNATING PARTY] – CONFIDENTIAL [or HIGHLY CONFIDENTIAL] — SUBJECT TO PROTECTIVE ORDER**."

6. Testimony given and exhibits produced during depositions may be designated Confidential or Highly Confidential by indicating that fact on the record at the deposition. If a Designating Party has advised the court reporter that Confidential or Highly Confidential Information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication: "**DEPOSITION CONTAINS CONFIDENTIAL [and/or HIGHLY CONFIDENTIAL] INFORMATION OF [DESIGNATING PARTY] — SUBJECT TO PROTECTIVE ORDER**." Within fifteen (15) business days of receipt of the initial hard copy deposition transcript the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Confidential or Highly Confidential Information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as Confidential or Highly Confidential and amend the cover page to

reflect that these specific designations have been made. Counsel for the opposing party may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript as Confidential or Highly Confidential, if so designated at the deposition.

    7.    Except by written agreement of the parties, the Designating Party shall not affix a Confidential or Highly Confidential legend to any document produced in this litigation prior to having reviewed the document to ascertain that it, in fact, warrants such a designation under this Protective Order.

## Confidential Information

    8.    Confidential Information may be disclosed only to the parties and to:

    a.    This Court and its personnel and any appellate court with jurisdiction over this matter.

    b.    Outside counsel of record and in-house counsel of a party (including staff persons employed by such counsel).

    c.    Any consultant, investigator, or consulting or testifying expert, who is assisting in this litigation, including but not limited to class certification and trial (collectively, "Expert"), but only to the extent reasonably necessary to enable such Expert to render such assistance.

    d.    A deponent, but only in connection with preparation for or during the course of the noticed and scheduled deposition.

    e.    A court reporter, videographer or any other audio-visual technician or specialist employed/used to preserve, prepare or present testimony or other evidence.

    f.    A mediator appointed by the Court or agreed to in writing by the parties.

    9.    If a party wishes to disclose Confidential Information to any person not described in Paragraph 8, or Highly Confidential Information to any person not described in Paragraph 13, permission to do so must be requested from the Designating Party in writing. If the Designating

Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court orders otherwise. Nothing in this Protective Order shall restrict in any manner the use by any Designating Party of any information in its own documents and materials.

10. Prior to obtaining access to Confidential or Highly Confidential Information, any person to whom such information may be disclosed pursuant to Paragraphs 8, 9 and 13 hereof (except this Court and its personnel), shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment attached as Exhibit A ("Confidentiality Acknowledgment"). Counsel for the party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment. If the Designating Party believes in good faith that Confidential or Highly Confidential Information has been disclosed in violation of this Protective Order, it may move this Court for appropriate relief, including obtaining copies of the signed acknowledgments.

11. Where any Confidential or Highly Confidential Information or information derived therefrom is included in any Court filing, such filing shall be marked "**[DESIGNATING PARTY] — CONFIDENTIAL [or HIGHLY CONFIDENTIAL] — SUBJECT TO PROTECTIVE ORDER**", and filed through the CM/ECF system with a restricted access level so that it is distributed to, and accessible by, only the Court and the parties, but not the public. Thereafter, the party may reference the document or information in the party's filing, indicating that it has been sealed pursuant to the terms of this Protective Order. Paper copies of such documents shall not be filed with and/or maintained by the Clerk except by order of the Court

and such the filing shall be placed in a sealed envelope marked with the caption of the case and held under seal.

### Highly Confidential Information

12. A Designating Party may only designate as "Highly Confidential" documents containing the following types of information: (a) current or past product formulas, ingredients, specifications, recipes, and manufacturing processes or technologies; (b) information concerning development of new or proposed product formulas, ingredients, specifications, blends, recipes, and manufacturing processes or technologies; (c) marketing plans, strategies and related documents reflecting plans or projections for 2015 or later; (d) non-public business or financial planning documents or projections reflecting plans or projections for 2015 or later; (e) information that a Designating Party is obligated by contract not to disclose unless disclosure is either made with permission of a third party or made following notice to the third party to afford that party adequate opportunity to seek a protective order or other legal remedy or made in formats or methods allowed by the contract; or (f) other information constituting Trade Secrets, provided that the information is so proprietary or competitively sensitive that its disclosure would likely cause irreparable injury to the Designating Party.

13. Subject to further order of the Court, Highly Confidential Information may be disclosed only to:

    a. The Court and its personnel and any appellate court with jurisdiction over this matter.

    b. Outside counsel of record and in-house counsel of a party (including staff persons employed by such counsel).

    c. Experts retained by counsel for an opposing party but only if:

        i. in the objective good faith of such counsel disclosure is reasonably necessary to that party's prosecution or defense of the case, and disclosure is limited to that portion of Highly

        Confidential Information for which such need for disclosure applies;

        ii.    the Expert is not, and has no current agreement or contract to become affiliated with or employed by any entity in the tobacco business or in the business of supplying ingredients, components, materials, or machinery used in the manufacture of tobacco products; and

        iii.    counsel has formed a good faith belief that such Expert has not previously violated any confidentiality order and is not likely to violate the terms of this Protective Order.

    d.    the named Plaintiffs and non-counsel employees of the Defendants and only upon order of the Court for good cause shown and after fashioning appropriate safeguards against the unauthorized or unintended disclosure of such Highly Confidential Information.

    e.    A deponent and his or her counsel, but only exhibits designated as Highly Confidential at the deponent's deposition and the deponent's testimony designated as Highly Confidential.

    f.    A court reporter, videographer or any other audio-visual technician or specialist employed/used to preserve, prepare or present testimony or other evidence.

14.    Highly Confidential Information produced electronically shall be maintained by the authorized recipient on secure and password-protected electronic repositories, accessible only to persons authorized to access Highly Confidential Information under this Protective Order. There shall be no exchange or transfer of such information between authorized recipients except by encrypted and/or password protected electronic mail with password-protected attachments and only as reasonably necessary. Highly Confidential Information produced in paper form, and hard copies made from Highly Confidential Information produced electronically, shall be maintained in a locked filing cabinet or other secured location within the office of the authorized recipient. No more paper copies than reasonably necessary shall be made.

15.    Without further order of the Court, a party may use Highly Confidential Information in deposing only: (a) an individual who is or was eligible to have access to the

Highly Confidential Information as set forth in Paragraph 13(a)-(f) above, including by virtue of his or her employment with the Designating Party, or (b) an Expert.

16. Subject to further orders of the Court, any presentation of Highly Confidential Information to the Court prior to trial shall be made in the presence of only those persons authorized to have access to such information under this Protective Order.

## General Provisions

17. Except to the extent expressly authorized in this Protective Order, neither Confidential Information nor Highly Confidential Information shall be used or disclosed for any purpose other than this litigation, including but not limited to class certification and trial, and any appeal.

18. Any summary, compilation, notes, copy, electronic image, or database containing Confidential Information or Highly Confidential Information shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image, or database is made or derived.

19. Any party may object to a confidentiality designation by notifying the Designating Party in writing and specifying the designated material to which the objection is made. The parties shall, within seven (7) business days of service of the written objection, confer concerning the objection. If the objection is not resolved, the Designating Party shall, within ten (10) business days of the conference, file and serve a Motion to Determine Confidentiality of Court Records and shall bear the burden of proof. If no such timely motion is filed, the material will thereafter be deemed redesignated as set forth in the objection. If a motion is timely filed, the information subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material that is redesignated, the

Designating Party shall, at its expense, provide to each party which so requests additional copies from which all confidentiality legends have been adjusted or removed as appropriate.

20. Inadvertent failure to designate information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the return to the Designating Party of all copies of the inadvertently misdesignated documents and for the substitution, where appropriate, of properly labeled copies.

21. If counsel for any party receives notice of any subpoena or other compulsory process commanding production of Confidential or Highly Confidential Information that a party has obtained under the terms of this Protective Order, counsel for such party shall promptly notify the Designating Party. The party receiving the subpoena or compulsory process shall not produce the Confidential or Highly Confidential Information until the Designating Party has had a minimum of seven (7) days to take appropriate steps to protect the material, and if necessary, shall seek relief from the appropriate court to ensure the Designating Party has seven days' notice in which to take steps it deems necessary to protect the material.

22. This Protective Order shall not prevent any of the parties from moving this Court for an order that Confidential Information or Highly Confidential Information may be disclosed other than in accordance with this Protective Order. This Protective Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by the Court. This Protective Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is confidential in nature.

23. This Protective Order is not intended to govern the use of Confidential Information or Highly Confidential Information at any trial of this action. Questions of the protection of Confidential Information or Highly Confidential Information during trial will be presented to the Court and the Designating Party prior to or during trial as each party deems appropriate.

24. This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Protective Order, notwithstanding the termination of this action.

25. Within sixty (60) days after the conclusion of this action, including trials in the transferor courts and the exhaustion of all appeals ("Conclusion of this Action"), counsel for all parties shall return all Confidential or Highly Confidential Information produced in this litigation (other than exhibits at the official court of record) to the Designating Party or shall, at the sole option of the Designating Party, destroy such information. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information or Highly Confidential Information under Paragraph 12 (c) and (d) shall remain subject to this Protective Order for five (5) years following Conclusion of this Action. All such archival copies that contain information designated as Highly Confidential pursuant to Paragraph 12 (a), (b), (e) and (f) must either be destroyed or redacted by the Opposing Party so as to remove such Highly Confidential Information. The parties and each counsel of record shall exchange written certification of full compliance with this paragraph within 75 days of the Conclusion of the Action.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By     /s/ Andrew G. Schultz     .
     Andrew G. Schultz

-and-

JONES DAY


By     /s/ David M. Monde     .
     David M. Monde
     Peter J. Biersteker

*Counsel for Defendants Santa Fe Natural Tobacco Company, Inc.*
*and Reynolds American Inc.*


**Submitted with the approval of Plaintiffs' counsel per the Joint Motion for Entry of Protective Order [Doc. 51].**

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

IN RE: SANTA FE NATURAL TOBACCO
COMPANY MARKETING & SALES
PRACTICES AND PRODUCTS LIABILITY         Lead Case No. MD 16-2695JB/LF
LITIGATION

This Document Relates To All Cases
_____/

## CONFIDENTIALITY ACKNOWLEDGMENT

I, _____, being duly sworn on oath, state the following:

I have read and understand the Protective Order to which this Exhibit A is attached. I acknowledge that my access to Confidential Information and Highly Confidential Information, if applicable, is pursuant to the terms and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order and submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

Dated: _____

STATE OF _____  )          _____
                                ) ss.      Signature
COUNTY OF _____  )

                                           _____
                                           Printed Name

Subscribed and sworn to before me this

_____ day of _____, 20____.     _____

_____     _____
Notary Public                              Address

My Commission Expires: _____