IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**In re: Santa Fe Natural Tobacco Company Marketing, Sales Practices, and Products Liability Litigation**

No. 1:16-md-2695-JB-LF

*This Motion Relates to All Actions, and Is Brought by All Defendants*

**DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF MOTION TO DISMISS**

In accordance with Federal Rule of Evidence 201, and in connection with the concurrently filed Motion to Dismiss, Defendants Santa Fe Natural Tobacco Company, Inc. ("Santa Fe"), Reynolds American Inc. ("RAI"), and R.J. Reynolds Tobacco Company ("RJRT") respectfully request that the Court take judicial notice of the following exhibits, true and correct copies of which are attached hereto:

**Exhibit 1**: *In re Santa Fe Natural Tobacco Co.*, Complaint, No. C-3952 (F.T.C. June 12, 2000), https://goo.gl/m2P5Sp

**Exhibit 2**: *In re Santa Fe Natural Tobacco Co.*, Complaint Exhibits A–C, FTC Dkt. No. C-3952 (June 12, 2000), https://goo.gl/uXXBSq

**Exhibit 3**: *In re Santa Fe Natural Tobacco Co.*, Decision and Order, No. C-3952 (F.T.C. June 12, 2000), https://goo.gl/CPjYfM

**Exhibit 4**: Press Release, FTC, *FTC Accepts Settlements of Charges that "Alternative" Cigarette Ads Are Deceptive* (Apr. 27, 2000), https://goo.gl/yZHaEy

**Exhibit 5**: Press Release, FTC, *FTC Accepts Settlement of Charges That Ads For Winston "No Additive" Cigarettes Are Deceptive* (Mar. 3, 1999), https://goo.gl/HLkQz6

**Exhibit 6**: Assurance of Voluntary Compliance (Mar. 1, 2010), https://goo.gl/3TQHCC

**Exhibit 7**: Letter from Lisa Kopchik (FTC) to Robin Sommers (Santa Fe) (Sept. 22, 1997)

**Exhibit 8**: Warning Letter, FDA (Aug. 27, 2015), https://goo.gl/ca3dAf

**Exhibit 9**: NAS Dark Green Cigarette Packaging

**Exhibit 10**: NAS Blue Cigarette Packaging

**Exhibit 11**: NAS Gold Cigarette Packaging

>**Exhibit 12**: NAS Turquoise Cigarette Packaging
>
>**Exhibit 13**: NAS Green Cigarette Packaging
>
>**Exhibit 14**: NAS Yellow Cigarette Packaging
>
>**Exhibit 15**: NAS Perique Cigarette Packaging
>
>**Exhibit 16**: NAS Advertisement, "Tobacco & Water"

The parties conferred in good faith before the filing of this motion but were unable to resolve their differences, necessitating this filing.

## ARGUMENT

It is appropriate for the court to take judicial notice of Exhibits 1 through 16, which contain public records readily available on government websites, packaging for the products challenged in Plaintiffs' Consolidated Amended Complaint ("CAC"), and a complete version of one advertisement partially displayed in the CAC. Federal Rule of Evidence 201(b) authorizes courts to take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014). And the court may do so at the motion-to-dismiss stage, as the Tenth Circuit has made clear that "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

**I. The Court Should Take Judicial Notice Of The Public Records And Official Government Documents Relevant To Defendants' Motion To Dismiss (Exhibits 1–8).**

Plaintiffs' CAC centers on the marketing, advertising, and packaging of Santa Fe's Natural American Spirit ("NAS") cigarettes. In their Motion to Dismiss, Defendants rely significantly on public records that are readily available on government websites—namely, a Federal Trade

Commission ("FTC") Complaint filed against Santa Fe in 2000 (Ex. 1), exhibits thereto (Ex. 2), the resulting Consent Order entered into by Santa Fe and the FTC that same year (Ex. 3), two related FTC Press Releases (Exs. 4–5), and an Assurance of Voluntary Compliance signed by 33 states and the District of Columbia (Ex. 6). In addition, Defendants rely on a letter that the FTC's Division of Advertising Practices sent to Santa Fe in 1997 during an investigation that led to the filing of the aforementioned Complaint (Ex. 7). And Defendants further rely on a Warning Letter that the Food and Drug Administration sent Santa Fe in 2015 (Ex. 8). The information contained in these seven exhibits is central to Defendants' arguments that federal law preempts Plaintiffs' state-law claims and that many of the relevant States have established "safe harbors" that preclude courts from imposing liability based on conduct that is clearly permitted by federal law. *See* Defs.' Mot. to Dismiss at II, IV.A.

It is appropriate for the Court to take judicial notice of Exhibits 1 through 8, as those documents are "matter[s] of public record." *Van Woudenberg ex rel. Floor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000). In addition, judicial notice is appropriate because Exhibits 1 through 8 are official "government documents." *Miller v. U.S. Dep't of Interior*, 635 F. Supp. 2d 1224, 1230 (D. Colo. 2009); *see also Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 347 F. Supp. 2d 1061, 1067–68 (D. Utah 2004) ("government records"); *Forest Guardians v. U.S. Forest Serv.*, No. 05-0372, 2006 WL 4109660, at *3 (D.N.M. Aug. 15, 2006) ("The Tenth Circuit holds that a reviewing court may take judicial notice of certain government documents …." (citing *Pueblo of Sandia v. United States*, 50 F.3d 856, 861 n.6 (10th Cir. 1985))). Moreover, the Tenth Circuit has specifically noted that courts may take judicial notice of factual information found on the "[t]he websites of … federal agencies." *New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 n.22 (10th Cir. 2009); *see also O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take

judicial notice of factual information found on the world wide web."); *Doe v. Heil*, 533 F. App'x 831, 833 n.2 (10th Cir. 2013) (taking judicial notice of information contained on a government website).

Consistent with these principles, district courts across the federal judiciary routinely take judicial notice of public records—such as consent decrees and official government press releases—and information contained on official government websites.[1] And Plaintiffs cannot reasonably dispute the accuracy or authenticity of the attached exhibits.

Accordingly, the Court should take judicial notice of Exhibits 1 through 8.

## II. The Court Should Take Judicial Notice Of The Challenged Packaging And One Advertisement Partially Displayed In The CAC (Exhibits 9–16).

It is also appropriate for the Court to take judicial notice of Exhibits 9 through 16, which contain the packaging at issue (Exs. 9–15) and the complete version of an advertisement partially displayed in the CAC (Ex. 16). Plaintiffs directly challenge the representations on these packages and this advertisement. For instance, Plaintiffs allege that Santa Fe prominently "label[s] and advertise[s]" NAS cigarettes as "Natural" and "100% Additive-Free," and they include select images of seven different NAS cigarette packages and five different NAS advertisements. CAC ¶¶ 40, 43. The package images, however, do not legibly show the FTC-mandated disclosure that Santa Fe includes on every package, which states that "No additives in our tobacco does **NOT** mean a safer cigarette." Likewise, the fourth advertisement included in paragraph 43 of the CAC (at page 17)

---

[1] *See, e.g.*, *Ctr. for Biological Diversity v. Hagel*, 80 F. Supp. 3d 991, 996 n.3 (N.D. Cal. 2015) ("official Government press releases"); *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 74 F. Supp.3d 581, 588 n.4 (S.D.N.Y. 2015) (federal government agency press release); *United States ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1381 (N.D. Cal. 2014) ("public records and government documents available from reliable sources … such as websites run by governmental agencies"); *Simon v. Smith & Nephew, Inc.*, 990 F. Supp. 2d 395, 401 n.2 (S.D.N.Y. 2013) ("public records contained on the FDA website"); *City of Arcadia v. EPA*, 265 F. Supp. 2d 1142, 1146 n.4 (N.D. Cal. 2003) (EPA consent decree); *Stanifer v. Corin USA Ltd., Inc.*, No. 6:14-cv-1192, 2014 WL 5823319, at *3 (M.D. Fla. 2014) ("public records available on the FDA's website").

shows only one page of a two-page advertisement, omitting the page with the mandated disclosure (and Surgeon General's warning).  The precise contents of the packaging and advertisements—particularly the disclosure—are at the heart of Defendants' Motion to Dismiss.  And in determining whether packaging or advertisements are misleading, the "primary evidence … is, of course, the advertising itself."  *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013); *see also Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*, 290 F. Supp. 2d 1034, 1041 (N.D. Cal. 2003).

Defendants' request is consistent with how other courts have handled similar product-labeling cases.  Indeed, "[c]ourts addressing motions to dismiss product-labeling claims routinely take judicial notice of images of the product packaging."  *Kanfer v. Pharmacare US, Inc.*, No. 15-cv-0120, 2015 WL 6742201, at *3 (S.D. Cal. Nov. 4, 2015).  For example, in *Ivie v. Kraft Foods Global, Inc.*, the court took judicial notice of exhibits attached to the defendant's motion to dismiss that "depict[ed] the packaging of the products plaintiffs challenged in the [complaint]."  961 F. Supp. 2d 1033, 1040 (N.D. Cal. 2013).[2]  The same is true of product advertising.[3]  Moreover, Plaintiffs lack any

---

[2] *See also, e.g.*, *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1371 & n.1 (S.D. Fla. 2015) (taking judicial notice of product labeling where the plaintiff claimed that the defendant's products included "false, misleading, and/or deceptive statements," and noting that the materials "have not been disputed by the Plaintiff and … appear to be central to Plaintiff's claim"); *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 741 (N.D. Ohio 2013) (taking judicial notice of "the packaging of the Vitamin Products," which was "central to [the plaintiff's] allegations"); *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1003 (N.D. Cal. 2012) ("[B]ecause these food product labels form the basis for Plaintiff's allegations in the [complaint], the Court takes judicial notice of these materials."); *Waldman v. New Chapter, Inc.*, 714 F. Supp. 2d 398, 400 n.1 (E.D.N.Y. 2010).

[3] *See, e.g.*, *Fink*, 714 F.3d at 742; *Arizona Cartridge*, 290 F. Supp. 2d at 1041 ("The primary evidence in a false advertising case is the advertising itself."); *see also, e.g.*, *McMahon v. Take-Two Interactive Software, Inc.*, No. 13-2032, 2014 WL 324008, at * 2 (C.D. Cal. Jan. 29, 2014) ("When a complaint alleges [unfair competition and false advertising], a court may take judicial notice of and consider 'advertising,' including product labeling and promotional announcements … because those documents are central to the … claims." (citing *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012))).

reasonable basis to dispute the accuracy or authenticity of the attached packaging and advertisement, only further underscoring the appropriateness of Defendants' request.

Defendants' request finds still further support in the doctrine of incorporation by reference. "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Tenth Circuit has thus explained that it is appropriate for courts to "consider documents referred to in the complaint if the documents are central to the plaintiff's claims and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941–42 (10th Cir. 2002); *see also, e.g.*, *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134–35 (11th Cir. 2002).

Here, there can be no disputing the centrality of NAS packaging and advertising. Indeed, the CAC is premised entirely on allegations that representations set forth on the packaging and in the advertisements are false or misleading. For that reason, and because Plaintiffs cannot reasonably dispute the authenticity of the packaging and advertisement attached hereto, it is appropriate for the Court to treat the attached exhibits as incorporated by reference into the CAC.[4]

---

[4] *See, e.g.*, *Miller v. Pfizer Inc.*, No. 4:13-cv-1687, 2014 WL 2155020, at *1–2 (N.D. Ala. May 22, 2014) (taking judicial notice of and incorporating by reference product labels and packaging that served as the basis for the allegations in plaintiff's complaint); *Wright v. Gen. Mills, Inc.*, No. 08-cv-1532, 2009 WL 3247148, at *4–5 (S.D. Cal. Sept. 30, 2009) (same); *see also Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012) ("[H]aving based his allegations on the contents and appearance of the Important Terms & Disclosure Statement, '[plaintiff] can hardly complain when Defendants refer to the same information in their defense.'" (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999))).

## CONCLUSION

Defendants respectfully request that the Court take judicial notice of the attached Exhibits.

Dated:  November 18, 2016

Respectfully submitted,

/s/ Noel J. Francisco

Andrew G. Schultz
   aschultz@rodey.com
RODEY, DICKASON, SLOAN,
AKIN & ROBB, P.A.
201 3rd Street N.W., Suite 2200
Albuquerque, NM 87102
T: 505.765.5900
F: 505.768.7395

David M. Monde (*pro hac vice*)
   dmmonde@jonesday.com
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
T: 404.521.3939
F: 404.581.8330

Peter J. Biersteker (*pro hac vice*)
   pbiersteker@jonesday.com
Noel J. Francisco (*pro hac vice*)
   njfrancisco@jonesday.com
William D. Coglianese (*pro hac vice*)
   wcoglianese@jonesday.com
Jordan Von Bokern (*pro hac vice*)
   jvonbokern@jonesday.com
Jon G. Heintz (*pro hac vice*)
   jheintz@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
T: 202.879.3939
F: 202.626.1700

Sharyl Reisman (*pro hac vice*)
   sareisman@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
T: 212.326.3939
F: 212.755.7306

*Counsel for Defendants*
*Santa Fe Natural Tobacco Company, Inc.,*
*Reynolds American Inc., and*
*R.J. Reynolds Tobacco Company*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 18, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record.

Dated:  November 18, 2016                        Respectfully submitted,

                                             /s/ Noel J. Francisco

Noel J. Francisco (*pro hac vice*)
   njfrancisco@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
T: 202.879.3939
F: 202.626.1700

*Counsel for Defendants*
*Santa Fe Natural Tobacco Company, Inc.,*
*Reynolds American Inc., and R.J. Reynolds*
*Tobacco Company*