IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **In re:  Santa Fe Natural Tobacco Company Marketing, Sales Practices, and Products Liability Litigation** | No. 1:16-md-2695-JB-LF<br><br>*This Motion Relates to All Actions,<br>and Is Brought by All Defendants* |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR
JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT**

Defendants' Second Motion for Judicial Notice asks the Court to take judicial notice of a Memorandum of Agreement that Defendant Santa Fe recently entered into with the FDA, under which Santa Fe is discontinuing the use of the terms at the heart of this litigation:  "Additive-Free" and "Natural" (with the exception of the use of "Natural" in the "Natural American Spirit" brand name).  Plaintiffs' objection to this request was premised on the fact that, at the time of Defendants' motion, the FDA had not itself confirmed "the existence or terms of the" Memorandum of Agreement.  Dkt. No. 97 at 1–2.

This objection no longer holds true.  On May 4, 2017, the FDA produced a copy of the Memorandum of Agreement in response to a Freedom of Information Act ("FOIA") request submitted by counsel for Santa Fe.  In the accompanying letter, the FOIA Chief within the FDA's Office of Health Communication and Education confirmed that the produced document is "a copy of the January 23, 2017 executed Memorandum of Agreement between FDA's Center for Tobacco Products and RAI Services Company/Santa Fe Natural Tobacco Company, Inc., resolving the issues raised in CTP's Warning Letter dated August 27, 2015."  (The letter and the Memorandum of Agreement are attached as Exhibits 1 and 2, respectively.)

The FDA's production of the Memorandum of Agreement resolves any concern that the document is not "a matter of public record." Dkt. No. 97 at 2. The Memorandum of Agreement's contents have been verified by a source "whose accuracy cannot reasonably be questioned"—the FDA itself, in a publicly available document. Fed. R. Evid. 201(b). And anyone who still somehow had questions as to the validity of the document could obtain their own copy through the same means—indeed, the FDA produced the Memorandum of Agreement, without challenge, a mere sixteen days after the initial request, at a cost of only $11.50.

This is more than enough to satisfy the requirements for judicial notice. *See, e.g., Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (taking judicial notice of "pleadings and other documents of public record" filed in other court cases, and explaining that "the court can take judicial notice of a fact 'that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned'" (quoting Fed. R. Evid. 201(b)(2))); *In re Am. Apparel, Inc. Shareholder Litig.*, 855 F. Supp. 2d 1043, 1064 (C.D. Cal. 2012) ("Because plaintiffs obtained the documents by making a FOIA request, the court will take judicial notice of them as matters of public record."); *Silverstrand Invs. v. AMAG Pharm., Inc.*, 10-cv-10470, 2011 WL 3566990, at *4 (D. Mass. Aug. 11, 2011) (taking judicial notice of FDA meeting minutes and an accompanying FOIA letter), *vacated on other grounds*, 707 F.3d 95 (1st Cir. 2013); *United States v. Atchison, Topeka & Santa Fe Ry.*, 92-cv-5068, 2003 WL 25518047, at *2 (E.D. Cal. July 15, 2003) (taking judicial notice of EPA responses to a FOIA request), *rev'd in part on other grounds*, 520 F.3d 918 (9th Cir. 2008). Because Defendants have demonstrated that judicial notice "is appropriate" and have "supplie[d] the necessary information to the court, judicial notice is mandatory." *Genesee Cty. Emps.' Ret. Sys. v. Thornburg Mortg. Sec. Trust 2006-3*, 825 F. Supp. 2d 1082, 1207 (D.N.M. 2011) (citing Fed. R. Evid. 201(d)).

- 3 -

There is, moreover, nothing to Plaintiffs' suggestion that Defendants are asking the Court to consider the Memorandum of Agreement "to prove the truth of matters asserted"—i.e., "that the [Memorandum of Agreement's] content merits dismissing Plaintiffs' claims for injunctive relief." Dkt. No. 97 at 3, 4 (quoting *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 2 (10th Cir. 2006)).  Defendants ask the Court to consider only the Memorandum of Agreement's contents.  The Court will, of course, give those contents whatever weight it deems appropriate in assessing the parties' competing arguments regarding the underlying issue (whether the Memorandum of Agreement moots Plaintiffs' claims for injunctive relief).  Plaintiffs' attempt at arguing that underlying issue in their Opposition to the Second Motion for Judicial Notice is misplaced.

For all these reasons, Defendants respectfully request that the Court take judicial notice of the Memorandum of Agreement.

| | |
|---|---|
| Dated: May 30, 2017 | Respectfully submitted, |
| | /s/ David M. Monde |
| Andrew G. Schultz<br>aschultz@rodey.com<br>RODEY, DICKASON, SLOAN,<br>AKIN & ROBB, P.A.<br>201 3rd Street N.W., Suite 2200<br>Albuquerque, NM 87102<br>T: 505.765.5900<br>F: 505.768.7395 | David M. Monde (*pro hac vice*)<br>dmmonde@jonesday.com<br>JONES DAY<br>1420 Peachtree Street, N.E.<br>Suite 800<br>Atlanta, GA 30309<br>T: 404.521.3939<br>F: 404.581.8330<br><br>Peter J. Biersteker (*pro hac vice*)<br>pbiersteker@jonesday.com<br>William D. Coglianese (*pro hac vice*)<br>wcoglianese@jonesday.com<br>Jordan Von Bokern (*pro hac vice*)<br>jvonbokern@jonesday.com<br>Jon G. Heintz (*pro hac vice*)<br>jheintz@jonesday.com<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, DC 20001<br>T: 202.879.3939<br>F: 202.626.1700<br><br>Sharyl Reisman (*pro hac vice*)<br>sareisman@jonesday.com<br>JONES DAY<br>250 Vesey Street<br>New York, NY 10281<br>T: 212.326.3939<br>F: 212.755.7306 |

*Counsel for Defendants*
*Santa Fe Natural Tobacco Company, Inc.,*
*Reynolds American Inc., and*
*R.J. Reynolds Tobacco Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record.

Dated:  May 30, 2017

Respectfully submitted,

/s/ David M. Monde

David M. Monde (*pro hac vice*)
   dmmonde@jonesday.com
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
T: 404.521.3939
F: 404.581.8330

*Counsel for Defendants*
*Santa Fe Natural Tobacco Company, Inc.,*
*Reynolds American Inc., and R.J. Reynolds*
*Tobacco Company*