IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re: Santa Fe Natural Tobacco Company Marketing, Sales Practices, and Products Liability Litigation | No. 1:16-md-2695-JB-LF<br><br>*This Motion Relates to All Actions, and Is Brought by All Defendants* |

**DEFENDANTS' THIRD MOTION FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT**

In accordance with Federal Rule of Evidence 201, and in connection with the previously filed Motion to Dismiss [Doc No. 90], Defendants Santa Fe Natural Tobacco Company, Inc. ("Santa Fe"), Reynolds American Inc. ("RAI"), and R.J. Reynolds Tobacco Company respectfully request that the Court take judicial notice of the Guidance Regarding Santa Fe Natural Tobacco Company's Consent Order, issued by the Federal Trade Commission ("FTC") on May 9, 2017, a true and correct copy of which is attached hereto as Exhibit 1. The Guidance has been submitted by FTC counsel for publication on the FTC's website, and Defendants understand that publication should occur in due course. (Defendants will update the Court once the Guidance is published on the FTC's website.)

The parties conferred in good faith before the filing of this motion but were unable to resolve their differences, necessitating this filing.

**ARGUMENT**

Plaintiffs' Consolidated Amended Complaint ("CAC") centers on the marketing, advertising, and packaging of Santa Fe's Natural American Spirit ("NAS") cigarettes. In their Motion to Dismiss and their Reply in Support of their Motion to Dismiss, Defendants rely on two government

documents that have been the subject of motions for judicial notice in these proceedings: (1) an FTC Consent Order regarding Santa Fe's use of the phrase "Additive Free" and "substantially similar terms" [Doc No. 71-1, Ex. 3]; and (2) a Memorandum of Agreement between Santa Fe and the FDA, under which Santa Fe has agreed to cease using the terms "Additive Free" and "Natural," with the exception of the "Natural American Spirit" brand name [Doc No. 91-1]. Defendants now ask that this Court take notice of a new and important document related to both of those other documents and to the Motion to Dismiss more broadly—namely, an FTC guidance letter setting forth the FTC staff's conclusion that, after Santa Fe makes the changes required by the Memorandum of Agreement, Santa Fe's use of a new disclosure stating that "Natural American Spirit cigarettes are not safer than other cigarettes" will comply with the Consent Order. The information contained in the Guidance is directly relevant to Defendants' argument that Plaintiffs' requests for injunctive relief are mooted by the changes Santa Fe is making pursuant to the Memorandum of Agreement. *See* Defs.' Reply in Support of Motion to Dismiss at § VI.

Federal Rule of Evidence 201(b) authorizes courts to take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014). And the Court may do so at the motion-to-dismiss stage, as the Tenth Circuit has made clear that "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

It is appropriate for the Court to take judicial notice of the Guidance, as that document is "a matter of public record." *Van Woudenberg ex rel. Floor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001). In addition, judicial

notice is appropriate because the Guidance is an official "government document[ ]." *Miller v. U.S. Dep't of Interior*, 635 F. Supp. 2d 1224, 1230 (D. Colo. 2009); *see also, e.g.*, *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 347 F. Supp. 2d 1061, 1067–68 (D. Utah 2004) ("government records"); *Forest Guardians v. U.S. Forest Serv.*, No. 05-0372, 2006 WL 4109660, at *3 (D.N.M. Aug. 15, 2006) ("The Tenth Circuit holds that a reviewing court may take judicial notice of certain government documents …." (citing *Pueblo of Sandia v. United States*, 50 F.3d 856, 861 n.6 (10th Cir. 1985))). Moreover, the Tenth Circuit has specifically noted that courts may take judicial notice of factual information found on the "[t]he websites of … federal agencies." *New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 n.22 (10th Cir. 2009); *see also O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *Doe v. Heil*, 533 F. App'x 831, 833 n.2 (10th Cir. 2013) (taking judicial notice of information contained on a government website). Plaintiffs, moreover, cannot reasonably dispute the accuracy or authenticity of the attached exhibit.

## CONCLUSION

Defendants respectfully request that the Court take judicial notice of the attached Guidance.

Dated:  May 30, 2017

Andrew G. Schultz
   aschultz@rodey.com
RODEY, DICKASON, SLOAN,
AKIN & ROBB, P.A.
201 3rd Street N.W., Suite 2200
Albuquerque, NM 87102
T: 505.765.5900
F: 505.768.7395

Respectfully submitted,

/s/ David M. Monde

David M. Monde (*pro hac vice*)
   dmmonde@jonesday.com
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
T: 404.521.3939
F: 404.581.8330

Peter J. Biersteker (*pro hac vice*)
   pbiersteker@jonesday.com
William D. Coglianese (*pro hac vice*)
   wcoglianese@jonesday.com
Jordan Von Bokern (*pro hac vice*)
   jvonbokern@jonesday.com
Jon G. Heintz (*pro hac vice*)
   jheintz@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
T: 202.879.3939
F: 202.626.1700

Sharyl Reisman (*pro hac vice*)
   sareisman@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
T: 212.326.3939
F: 212.755.7306

*Counsel for Defendants*
*Santa Fe Natural Tobacco Company, Inc.,*
*Reynolds American Inc., and*
*R.J. Reynolds Tobacco Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record.

Dated:  May 30, 2017                                  Respectfully submitted,

/s/ David M. Monde

David M. Monde (*pro hac vice*)
 dmmonde@jonesday.com
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
T: 404.521.3939
F: 404.581.8330

*Counsel for Defendants
Santa Fe Natural Tobacco Company, Inc.,
Reynolds American Inc., and R.J. Reynolds
Tobacco Company*