# Exhibit 1



Division of Advertising Practices
Bureau of Consumer Protection

United States of America
FEDERAL TRADE COMMISSION
Washington, DC 20580

May 9, 2017

Mark S. Brown, Esq.
King & Spalding LLP
1700 Pennsylvania Ave., NW
Suite 200
Washington, DC 20006-47078

      Re:    Request for Informal Staff Guidance Regarding Santa Fe Natural Tobacco
                Company's Consent Order (FTC Dkt. No. C-3952)

Dear Mr. Brown:

      The Division of Advertising Practices has reviewed your letter submitted on behalf of RAI Services Company ("RAI") and Santa Fe Natural Tobacco Company ("Santa Fe"), dated March 9, 2017, requesting informal staff guidance concerning the Federal Trade Commission's consent order with Santa Fe ("Consent Order").[1]  The consent order requires, among other things, a disclosure that "No additives in our tobacco does NOT mean a safer cigarette" in any cigarette advertisement that, through the use of phrases such as "no additives," "no chemicals," "additive free," "chemical-free," "chemical-additive free," "100% tobacco," "pure tobacco," or substantially similar terms, represents that a tobacco product has no additives or chemicals ("cigarette disclosure").[2]

      This request for guidance was precipitated by a Memorandum of Understanding that RAI/Santa Fe entered into with the U.S. Food and Drug Administration's ("FDA") Center for Tobacco Products in January 2017.  Under the Memorandum of Understanding, RAI/Santa Fe, agreed, among other things, to remove the phrase "Additive Free" and the term "natural" from

---

[1]  Your letter attaches the Santa Fe agreement, which was accepted for public comment on April 27, 2000.  On June 16, 2000, the Commission made final that agreement and issued its Decision and Order (FTC Dkt. No. C-3952).  *See* https://www.ftc.gov/enforcement/cases-proceedings/992-3026/santa-fe-natural-tobacco-company-inc.

[2]  The Consent Order also requires a triggered disclosure in connection with advertising and packaging for herbal smoking products, and other remedies.  This letter addresses only the requirements for the cigarette disclosure and does not provide guidance on other provisions of the Consent Order.

Mark S. Brown, Esq.
Page 2
May 9, 2017

all Natural American Spirit cigarette product labels, labeling, advertising, and promotional materials, except that Santa Fe may retain the use of the term "Natural" in the "Natural American Spirit" brand name and trademarks.[3]  The Memorandum of Understanding permits Santa Fe to use the phrases "Tobacco Ingredients:  Tobacco & Water" or "Tobacco Filler Ingredients:  Tobacco & Water" if it chooses to do so.

RAI and Santa Fe request staff guidance on two issues.  First, they seek staff guidance as to whether use of the phrases "Tobacco Ingredients:  Tobacco & Water" or "Tobacco Filler Ingredients: Tobacco & Water" triggers the cigarette disclosure required in the FTC's Consent Order.  As stated above, the Consent Order's cigarette disclosure is triggered whenever a covered Santa Fe advertisement uses the specific terms identified in the order or any substantially similar term that represents, directly or by implication, that a tobacco product has no additives or chemicals.  It is well-established that whether a claim is reasonably conveyed in an advertisement requires an examination of the entire advertisement and an assessment of the overall net impression(s) conveyed.  *POM Wonderful, LLC v. FTC*, 777 F.3d 478, 490 (D.C. Cir. 2015.  *Accord ECM Biofilms, Inc. v. FTC*, No. 15-4339, U.S. App. LEXIS 4609, at \*\*14-15 (6th Cir. Mar. 16, 2017).  Thus, determining whether use of the two referenced phrases would constitute "substantially similar terms" that trigger the cigarette disclosure in the Consent Order would require an evaluation of specific advertisements in their entirety, and not simply an evaluation of specific words or phrases.  For that reason, we cannot definitively opine whether use of the phrases "Tobacco Ingredients:  Tobacco & Water" or "Tobacco Filler Ingredients: Tobacco & Water" would trigger the cigarette disclosure required in the FTC's Consent Order.[4]

Looking solely at the phrases, however, raises concerns that, depending on the context, consumers could reasonably interpret advertisements containing the phrases at issue to mean that Santa Fe Natural American Spirit cigarettes contain no additives or chemicals.  In particular, the phrases are very similar to "100% tobacco" and "pure tobacco" – each of which specifically triggers the cigarette disclosure.  In addition, advertisements permitted under the Memorandum of Understanding would continue to use the term "Natural" as part of the "Natural American Spirit" brand name, potentially adding to an impression that the advertised cigarette contains no additives or chemicals.

---

[3]  A copy of the Memorandum of Agreement is attached to your March 9, 2017 letter.  In 2009, Congress enacted the Family Smoking Prevention and Tobacco Control Act ("Tobacco Control Act"), which gives FDA broad authority over cigarettes and other tobacco products.  It is under that authority that RAI/Santa Fe entered into the Memorandum of Agreement with FDA.  We did not analyze and provide no guidance concerning RAI/Santa Fe's compliance with the Tobacco Control Act or any provision therein.

[4]  In accordance with Section 1.1 of the Commission's Rules of Practice and Procedure, 16 C.F.R. § 1.1, we do not ordinarily provide advice if an informed opinion cannot be made or could be made only after extensive investigation, clinical study, testing or collateral inquiry.

Mark S. Brown, Esq.
Page 3
May 9, 2017

      The second issue that RAI/Santa Fe seek staff guidance on is whether they can replace the Consent Order's required disclosure with the following disclosure: "Natural American Spirit cigarettes are not safer than other cigarettes." The Memorandum of Understanding states that FDA does not object to this disclosure. Although this disclosure differs from that set out in the Consent Order, both disclosures convey the core message that Santa Fe cigarettes are not safer than other cigarettes. Thus, FTC staff would not recommend an enforcement action with respect to the mandated language of the cigarette disclosure if RAI/Santa Fe used the requested disclosure rather than the specific language set out in the Consent Order *as long as* the disclosure was displayed clearly and prominently as set forth in the Consent Order.

      The views expressed in this letter are those of FTC staff. They have not been reviewed, approved, or adopted by the Commission or any individual Commissioner. They are not binding upon the Commission, and the views are given without prejudice to the right of the Commission to later rescind the guidance and, when appropriate, to commence an enforcement proceeding. In addition, the views expressed in this letter are restricted to the facts described above. FTC staff retains the right to reconsider its advice and, with notice to the requesting parties, rescind or revoke its guidance if it would be in the public interest to do so.

      Pursuant to Section 1.4 of the Commission's Rules of Practice and Procedure, 16 C.F.R. § 1.4, this response, along with your request for staff guidance, will be placed on the public record.

      Very truly yours,

      *Mary K. Engle*

      Mary K. Engle
      Associate Director for Advertising Practices

cc:    Ann Simoneau, J.D.
      Director, Office of Compliance and Enforcement
      Center for Tobacco Products
      U.S. Food and Drug Administration