# EXHIBIT 4

Howard M. Rubinstein (*Applying as Pro Hac Vice*)
Attorney at Law
2601 Bayshore Dr., Suite 600
Miami, Florida 33133

Harold M. Hewell (SBN: 171210)
Hewell Law Firm, APC
1901 First Avenue, Second Floor
San Diego, CA  92101
Tel:  (619) 235-6854
Fax: (619)235-9122
*Please direct all correspondence and service to*
*Harold M. Hewell's address above*

Attorneys for Plaintiffs



FILED

JAN   9 2006

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

NAKIA  WILLIAMS  and  RITA  TABIU,  each
individually and on behalf of all others similarly
situated,

     *Plaintiff,*

v.

GERBER PRODUCTS COMPANY, a Michigan
corporation,

     *Defendant.*

Civ. Action No. '05 CV 1278 JM (JFS)

**SECOND AMENDED COMPLAINT
FOR PERMANENT INJUNCTIVE
RELIEF AND FOR RESTITUTION
FOR VIOLATIONS OF
CALIFORNIA'S BUS. & PROF. CODE
§17200 ET SEQ., AND BUS. & PROF.
CODE §17500 ET SEQ.; FOR
NEGLIGENT
MISREPRESENTATION AND
INTENTIONAL
MISREPRESENTATION;
FOR BREACH OF EXPRESS AND
IMPLIED WARRANTIES; AND FOR
VIOLATION OF CALIFORNIA'S
CONSUMER LEGAL REMEDIES
ACT, CIVIL CODE §1750, ET SEQ.**

*Jury Trial Requested*

*CLASS ACTION*

# I. INTRODUCTION

1. Plaintiffs NAKIA WILLIAMS, and RITA TABIU (collectively, with Mrs. Williams, "Plaintiffs"), bring this action as a class action against Defendant pursuant to Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure. The class that Plaintiffs represent is composed of consumers who have purchased for their children Gerber® Graduates for Toddlers® Fruit Juice Snacks ("Graduates") from Defendant GERBER PRODUCTS COMPANY ("Gerber"), a product falsely promoted as a juice "specially designed to help toddlers grow up strong and healthy." The packaging on the product is deceptive as well, showing images of a variety of healthy fruits, such as oranges, pears and berries, when in fact the two ingredients used most in the product are corn syrup and sugar – which are noticeable absent from the picture (as are their sources). When displayed on market shelves, the Graduates packages show only the side of the box with the colorful pictures of fruit; the label listing the actual contents lies unseen on the *side* of the box, blocked by the Graduates box next to it on the shelf. A reasonable consumer, trusting in the Gerber name, would readily believe that they were buying a fruit snack for their child rather than one in which the two ingredients in greatest quantity are corn syrup and sugar. The persons in the class are so numerous that the joinder of all such persons is impracticable and that the affecting the plaintiff class in that all plaintiffs commonly contend that:

(a) The advertising and promotion regarding the purported nutritional benefits of Graduates violate both California's Unfair Competition Law ("UCL") Bus. & Prof. Code §17200 et seq., and California's False Advertising Law, Bus. & Prof. Code §17500 et seq.;

(b) The advertising and promotion regarding the purported nutritional benefits of Graduates constitute both negligent and intentional misrepresentation;

(c) The advertising and promotion regarding the purported nutritional benefits of Graduates constitute breaches of express and implied warranties;

(d) The advertising and promotion regarding the purported nutritional benefits of Graduates violate the Consumer Legal Remedies Act, California Civil Code § 1750, et seq. These questions of law and fact predominate over questions that effect only individual class members. The claims of Plaintiffs are typical of those of the class and they will fairly and

1    adequately represent the interests of the class.

2        3. There is no plain, speedy or adequate remedy other than by maintenance of this class

3    action since, Plaintiffs are informed and believe and thereon allege that the damage to each

4    plaintiff is relatively small in that the individual purchase price of these products is generally less

5    than $10.00, making it economically unfeasible to pursue remedies other than a class action.

6    Consequently, there would be a failure of justice but for the maintenance of the present class

7    action.

8        4. The prosecution of individual remedies by members of the plaintiff class would tend to

9    establish inconsistent standards of conduct for the Defendant and to result in the impairment of

10   class members' rights and the disposition of their interests through actions to which they were not

11   parties.

12       5. Plaintiffs are individual consumers residing within the County of San Diego,

13   California.

14       6. Plaintiffs are informed and believe and thereon allege that Gerber is a Michigan

15   corporation which manufactures and distributes Graduates and other baby food products. Gerber

16   does business within the State of California, the County of San Diego and this judicial district.

17       7. This Court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and

18   subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2)(A), as this is a matter that exceeds

19   the sum of $5,000,000, exclusive of costs and interest, and there are numerous members of the

20   class of plaintiffs that are citizens of a state different from the Defendant. Personal jurisdiction

21   derives from the fact that the Defendant conducts business within the State of California and

22   within this judicial district. Venue is proper within this district pursuant to 28 U.S.C. §

23   1391(b)(2) because the purchases and sales that give rise to this complaint took place in this

24   judicial district.

25       8. Plaintiffs are informed and believe and thereon allege that at all times herein

26   mentioned, each of the Defendant's employees was the agent, servant and employee of that

27   employee's respective employer, and at all times herein mentioned, each employee was acting

28   within the purpose and scope of said agency and employment.

9. Plaintiffs have incurred and, during the pendency of this action, will incur expenses for attorneys' fees and costs herein. Such attorneys' fees and costs are necessary for the prosecution of this action and will result in a benefit to each of the members of the class.

10. Mrs. Williams has two children younger than four years of age. In or around the summer of 2004 through June 2005, Mrs. Williams purchased Graduates at a variety of locations in San Diego, California, for her children. Mrs. Williams purchased Graduates because she had been exposed to representations by Defendant that it was "specially designed to help toddlers grow up strong and healthy." She was misled by the packaging on the product as well, which showed images of a variety of healthy fruits, such as oranges, pears and berries, leading her to believe that she was purchasing a healthy *fruit* food for her children. In fact, however, the two ingredients in greatest quantity in the product are *corn syrup and sugar* – which are noticeable absent from the picture on the package (as are their sources). There is not a corn stalk, corn ear, sugar beet or sugar cane to be found anywhere amongst the fruit pictured on the Graduates package. She trusted Gerber and did not double-check the ingredients listed in the label on the side, which was not visible to her in the store. She bought the Gerber brand because she was seeking healthy snacks for her children because she is concerned about their health and is aware of the problems of childhood obesity and diabetes facing many young children because of poor eating habits. She trusted the Gerber brand name because of its long history of providing quality baby food products and her use of other Gerber food products, and she relied on the representations on the Graduates packaging rather than inspecting the specific ingredients. In or around June 2005, Ms. Williams learned through friends of the ingredients in the Graduates that she was feeding her children. She was shocked to discover that Graduates was virtually nothing more than candy with a touch of vitamin C.

11. Ms. Tabiu has a daughter, also younger than four years of age. Like Mrs. Williams, Ms. Tabiu purchased Graduates at a variety of locations in San Diego, California, in the months preceding the filing of this action. Like Mrs. Williams, she was seeking a healthy snack for her toddler and trusted the Gerber brand name because of its long history of providing quality baby food products. She too had used other Gerber food products when raising her child, and she

relied on the representations on the Graduates packaging that the product was "specially designed to help toddlers grow up strong and healthy" rather than inspecting the specific ingredients. She too was misled by the packaging on the product - the healthful fruits which led her to believe that she was purchasing a healthy *fruit* food for her children. As mentioned above, however, *corn syrup and sugar* are the ingredients found in the greatest quantities in the product. Gerber conveniently – and deceptively – omitted them from the picture on the package. There is no corn stalk, corn ear, sugar beet or sugar cane pictured anywhere on the Graduates packaging. Like Ms. Williams, she trusted Gerber and did not double-check the ingredients listed in the label on the side, which was not visible to her in the store either. In or around June 2005, she was stunned and outraged to discover that these so-called "nutritious" snacks consisted of little more than empty calories with a meager dose of vitamin C.

12. According to Gerber, there are 100 calories in each 28-gram packet, or serving size of Graduates. Of those 28 grams, 24 grams are carbohydrates, and 17 of those grams are sugar. The first two ingredients listed by Gerber are corn syrup and sugar. The vitamin C constitutes only 20 percent of the daily requirement; no other vitamins and mineral levels are listed at more than zero percent. Other than carbohydrates, the only other nutrients listed on the package are protein (less than 1 gram), and sodium and potassium (15 milligrams each).

13. Graduates, according to the packaging, is "specially designed for growing toddlers learning to self feed." Plaintiffs contend that Graduates is nothing more than a deceptively packaged product designed to develop a young market for high sugar, high corn syrup foods.

## II. FIRST CAUSE OF ACTION:

## FOR VIOLATION OF BUS & PROF. CODE §17200, ET SEQ.

14. Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 13, inclusive, above.

15. Beginning at an exact date unknown to Plaintiffs, but at least since four years prior to the filing date of this action, and as set forth above, Defendant committed acts of unfair competition, as defined by Bus. & Prof. Code §17200, by engaging in the false advertising and promotion of Graduates as "specially designed to help toddlers grow up strong and healthy." The

packaging on the product is deceptive as well, showing images of a variety of healthy fruits, such as oranges, pears and berries, when in fact, the two ingredients used most in the product are corn syrup and sugar – which are noticeable absent from the picture (as are their sources). A true and correct copy of one of these advertisements is attached hereto as Exhibit "A," and is incorporated herein by reference.

16. These acts and practices violate the UCL in that:

(a)    The above-described false advertising and promotion are likely to mislead consumers and, consequently, constitute a fraudulent and deceptive business act or practice within the meaning of the UCL;

(b)    the above-described false advertising and promotion are an unlawful business practice under the UCL in that they violate California Civil Code § 1770(a)(5), which bars "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have ..."; and

(c)    The harm of the above-described false advertising and promotion to Plaintiffs and to other consumers outweighs the utility of the practices by Defendant and, consequently, constitutes an unfair business act or practice within the meaning of the UCL.

17. The fraudulent, unlawful and unfair business practices and false and misleading advertising of Defendant, as described above, presents a continuing threat to consumers in that they will continue to mislead consumers to purchase the products on false premises.

18. As a direct and proximate result of the aforementioned acts, Defendant received and continues to hold money belonging to Plaintiffs and other consumers who were led to purchase the above-described products by the unlawful acts of Defendant.

## III. SECOND CAUSE OF ACTION:

## FOR VIOLATION OF BUS. & PROF. CODE §17500, ET SEQ.

19. Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 18, inclusive, above.

20. Beginning at an exact date unknown to Plaintiffs, but at least since four years prior to the filing date of this action, and as set forth above, Defendant has committed acts of untrue and

misleading advertising as defined by Bus. & Prof. Code §17500, by engaging in the false advertising and promotion of Graduates as "specially designed to help toddlers grow up strong and healthy." The packaging on the product is deceptive as well, showing images of a variety of healthy fruits, such as oranges, pears and berries, when in fact, the two ingredients used most in the product are corn syrup and sugar – which are noticeable absent from the picture (as are their sources). A true and correct copy of one of these advertisements is attached hereto as Exhibit "A," and is incorporated herein by reference.

21. The fraudulent, unlawful and unfair business practices and false and misleading advertising of Defendant, as described above, present a continuing threat to consumers in that they will continue to mislead consumers into purchasing the products on false premises.

## IV. THIRD CAUSE OF ACTION:
## FOR NEGLIGENT MISREPRESENTATION

22. Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 21, inclusive, above.

23. Beginning at an exact date unknown to Plaintiffs, but at least since three years prior to the filing date of this action, and as set forth above, Defendant represented to the public, including Plaintiffs, by packaging and other means, that Graduates is "specially designed to help toddlers grow up strong and healthy." The packaging on the product is deceptive as well, showing images of a variety of healthy fruits, such as oranges, pears and berries, when in fact, the two ingredients used most in the product are corn syrup and sugar – which are noticeable absent from the picture (as are their sources). A true and correct copy of one of these advertisements is attached hereto as Exhibit "A," and is incorporated herein by reference.

24. Defendant's representations were untrue in that Graduates actually is little more than sugar candy with a minute amount of vitamin C, as set forth in detail above.

25. Defendant made the representations herein alleged with the intention of inducing the public to purchase Defendant's products.

26. Plaintiffs and other consumers saw, believed, and relied on Defendant's advertising representations and, in reliance on them, purchased the products.

27. At the time Defendant made the misrepresentations herein alleged, Defendant had no reasonable grounds for believing the representations to be true.

28. As a proximate result of Defendant's negligent misrepresentations, Plaintiffs and other consumers were induced to spend an amount to be determined at trial on Defendant's products.

## V. FOURTH CAUSE OF ACTION:

## FOR INTENTIONAL MISREPRESENTATION

29. Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 28, inclusive, above.

30. Beginning at an exact date unknown to Plaintiffs, but at least since three years prior to the filing date of this action, and as set forth above, Defendant represented to the public, including Plaintiffs, by packaging and other means, that Graduates is "specially designed to help toddlers grow up strong and healthy." The packaging on the product is deceptive as well, showing images of a variety of healthy fruits, such as oranges, pears and berries, when in fact, the two ingredients used most in the product are corn syrup and sugar – which are noticeable absent from the picture (as are their sources). A true and correct copy of one of these advertisements is attached hereto as Exhibit "A," and is incorporated herein by reference.

31. Defendant's representations were untrue in that Graduates actually is little more than sugar candy with a minute amount of vitamin C, as set forth in detail above.

32. At the time Defendant made the representations herein alleged, Defendant knew the representations were false.

33. Defendant made the misrepresentations herein alleged with the intention of depriving plaintiffs of property or otherwise causing injury, and is guilty of fraud.

34. As a proximate result of these acts, Plaintiffs and other consumers were induced to spend an amount to be determined at trial on Defendant's products.

35. Plaintiffs are informed and believe and thereon allege that Defendant knew that the aforementioned products were not healthy as promoted, and were in fact not a "nutritious," healthy snack, and intended that customers and the unknowing public should rely on their

representations. Plaintiffs and other consumers, in purchasing and using the products as herein alleged, did rely on Defendant's above representations, all to their damage as hereinabove alleged. In doing the things aforementioned, Defendant was guilty of malice, oppression, and fraud, and plaintiffs are, therefore, entitled to recover exemplary or punitive damages.

## VI. FIFTH CAUSE OF ACTION:

## FOR BREACH OF EXPRESS WARRANTY

36. Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 35, inclusive, above.

37. Beginning at an exact date unknown to, but at least since four years prior to the filing date of this action, and as set forth above, Defendant represented to the public, including Plaintiffs, by packaging and other means that Graduates is "specially designed to help toddlers grow up strong and healthy." The packaging on the product is deceptive as well, showing images of a variety of healthy fruits, such as oranges, pears and berries, when in fact, the two ingredients used most in the product are corn syrup and sugar – which are noticeable absent from the picture (as are their sources). A true and correct copy of one of these advertisements is attached hereto as Exhibit "A," and is incorporated herein by reference. That promise became part of the basis of the bargain between the parties and thus constituted an express warranty.

38. Thereon Defendant sold the goods to Plaintiffs and other consumers, who bought the goods from Defendant.

39. However, Defendant breached the express warranty in that the goods were in fact not a "nutritious," healthy snack, as set forth in detail above. As a result of this breach, Plaintiffs and other consumers in fact did not receive goods as warranted by Defendant.

40. As a proximate result of this breach of warranty by Defendant, Plaintiffs and other consumers have been damaged in an amount to be determined at trial.

## VII. SIXTH CAUSE OF ACTION:

## FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

41. Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 40, inclusive, above.

42. Beginning at an exact date unknown to Plaintiffs, but at least since four years prior to the filing date of this action, and as set forth above, Defendant represented to consumers, including Plaintiffs, by packaging and other means, that Graduates is "specially designed to help toddlers grow up strong and healthy." The packaging on the product is deceptive as well, showing images of a variety of healthy fruits, such as oranges, pears and berries, when in fact, the two ingredients used most in the product are corn syrup and sugar – which are noticeable absent from the picture (as are their sources). A true and correct copy of one of these advertisements is attached hereto as Exhibit "A," and is incorporated herein by reference. Plaintiffs and other consumers bought those goods from Defendant.

43. Defendant is a merchant with respect to goods of the kind which were sold to Plaintiffs and other consumers, and there was in the sale to Plaintiffs and other consumers an implied warranty that those goods were merchantable.

44. However, Defendant breached that warranty implied in the contract for the sale of goods in that Graduates is in fact not a "nutritious," healthy snack, as set forth in greater detail above.

45. As a result thereof Plaintiffs and other consumers did not receive goods as impliedly warranted by Defendant to be merchantable.

46. As a proximate result of this breach of warranty by Defendant, Plaintiffs and other consumers have been damaged in an amount to be determined at trial.

## VIII. SEVENTH CAUSE OF ACTION:

## FOR BREACH OF IMPLIED WARRANTY OF FITNESS FOR PURPOSE

47. Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 46, inclusive, above.

48. Beginning at an exact date unknown to Plaintiffs, but at least since four years prior to the filing date of this action, and as set forth above, Plaintiffs and other consumers sought a healthy, nutritional snack for their young children. Plaintiffs relied on Defendant' skill and judgment to select and furnish suitable goods for that purpose, and on or about that time Defendant sold Graduates to Plaintiffs and other consumers, who bought those goods from

Defendant in reliance on Defendant' skill and judgment.

49. At the time of sale, Defendant had reason to know the particular purpose for which the goods were required, and that Plaintiffs and other consumers were relying on Defendant's skill and judgment to select and furnish suitable goods so that there was an implied warranty that the goods were fit for this purpose.

50. However, Defendant breached the warranty implied at the time of sale in that Plaintiffs and other consumers did not receive suitable goods, and the goods were not fit for the particular purpose for which they were required in that the goods are not a healthy, nutritional snack for children, as set forth in detail above.

51. As a proximate result of this breach of warranty by Defendant, Plaintiffs and other consumers have been damaged in an amount to be determined at trial.

## IX. EIGHTH CAUSE OF ACTION:

## FOR VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT

## CALIFORNIA CIVIL CODE § 1750 ET SEQ.

### *Notice Pursuant to Civil Code §1782:*

*Plaintiffs hereby demand that within 30 days from service of this complaint, Defendant correct, repair, replace or otherwise rectify the deceptive practices complained of herein for the entire Class pursuant to California Civil Code §1770. Failure to do so will result in Plaintiffs amending this complaint to seek damages for such deceptive practices pursuant to California Civil Code §1782.*

52. Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 51, inclusive, above.

53. Plaintiffs contend that within the past two years, and as set forth above, Defendant has violated California Civil Code § 1770(a)(5) of the Consumer Legal Remedies Act by making false and exaggerated claims (as set forth in detail above) regarding Graduates being "specially designed to help toddlers grow up strong and healthy." The packaging on the product is deceptive as well, showing images of a variety of healthy fruits, such as oranges, pears and berries, when in fact, the two ingredients used most in the product are corn syrup and sugar – which are noticeable absent from the picture (as are their sources). These falsely represented that Graduates had characteristics, uses, and benefits it did not and does not have.

54. As a proximate result of this violation by Defendant, Plaintiffs and other consumers have been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully pray for relief from Defendant for the first and second causes of action as follows:

1. Pursuant to Bus. & Prof. Code §§ 17203 and 17535, and pursuant to the equitable powers of this Court, Plaintiffs pray that the Defendant be permanently enjoined from marketing Graduates as a healthy product;

2. Pursuant to Bus. & Prof. Code §§ 17203 and 17535, and pursuant to the equitable powers of this Court, Plaintiffs pray that the Defendant be ordered to restore to Plaintiffs and consumers all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Bus. & Prof. Code §§ 17200, et seq., or untrue or misleading advertising under Bus. & Prof. Code §§ 17500;

3. For attorneys' fees and costs; and

4. For such other costs and further relief as the Court may deem proper.

WHEREFORE, Plaintiffs respectfully pray for relief from Defendant for the third and fourth causes of action as follows:

1. For general damages in an amount to be determined at trial;

2. For special damages in an amount to be determined at trial;

3. For punitive damages;

4. For attorneys' fees and costs of suit herein incurred; and

5. For such other and further relief as the court may deem proper.

WHEREFORE, Plaintiffs pray judgment against Defendant for the fifth, sixth and seventh causes of action as follows:

1. For damages in an amount to be determined at trial;

2. For costs of suit herein incurred, including attorneys' fees, if appropriate; and

3. For such other and further relief as the court may deem proper.

WHEREFORE, Plaintiffs pray judgment against Defendant for the eighth cause of action as follows:

1. For damages in an amount to be determined at trial;

2. For costs of suit herein incurred, including attorneys' fees, if appropriate;

3. That the Defendant be permanently enjoined from marketing Graduates as a natural product; and

4. For such other and further relief as the court may deem proper.

DATED: _____, 2006                    Hewell Law Firm, APC

By: _____

Harold M. Hewell
Attorney for Plaintiff

EXHIBIT "A"

**Gerber**

# GRADUATES
## For Toddlers

Fruit Juice Snacks

FOR YOUR INFORMATION
Gerber Graduates Fruit Juice Snacks should only be fed to children who are accustomed to chewing solid foods. As with all food, Gerber recommends this product be served to a small child who is seated. Small children should always be supervised while eating.

**Gerber**

Gerber Graduates' Fruit Juice Snacks have been specially designed for growing toddlers learning to self-feed.

Softer and easier to chew than most other fruit snacks

Just the right size for little hands.

Rich in vitamin C

8 delicious fruit flavors

Made with real fruit juice and other all natural ingredients

This is just one of a variety of nutritious Gerber Graduates foods and juices that have been specially designed to help toddlers grow up strong and healthy. Try Gerber Graduates Microwavable Dinners, 100% Juices with Calcium, Juicy Smooth™ and foods for little fingers like our baked snacks, fruit, vegetable and dinner dices and meat sticks.

**Gerber**

# GRADUATES
## For Toddlers



Fruit Juice Snacks

...Rich In
Vitamin
C

JUST RIGHT FOR
PICKING UP



6

6-1 OZ (28g) packets NET WT 6 OZ (170g)

NO PRESERVATIVES OR ARTIFICIAL FLAVORS

## Just For Toddlers



| Nutrition Facts |
| --- |
| Serving Size: 1 Packet (28g) |
| Servings Per Container: 6 |

| Amount Per Serving | |
| --- | --- |
| Calories 100 | Calories From Fat 0 |

| | % Daily Value* |
| --- | --- |
| Total Fat 0g | 0% |
| Saturated Fat 0g | 0% |
| Cholesterol 0mg | 0% |
| Sodium 15mg | 1% |
| Potassium 15mg | 0% |
| Total Carbohydrate 24g | 8% |
| Fiber 0g | 0% |
| Sugars 17g | |
| Protein 0g | 0% |

% Daily Value • Protein 0% •
Vitamin A 0% • Vitamin C 30%
Calcium 0% • Iron 0%

INGREDIENTS: CORN SYRUP, SUGAR, WHITE GRAPE JUICE FROM CONCENTRATE, CONTAINS 2% OR LESS OF THE FOLLOWING: CARRAGEENAN, ASCORBIC ACID (VITAMIN C), CORN STARCH, NATURAL FLAVORS, CITRIC ACID, HYDROGENATED SUCROSE OIL, CARNAUBA WAX, RED CABBAGE EXTRACT COLOR, PAPRIKA EXTRACT, BEESWAX, ANNATTO COLOR AND ELDERBERRY JUICE CONCENTRATE COLOR.

DISTRIBUTED BY:
GERBER PRODUCTS COMPANY
FREMONT, MI 49413, U.S.A.

© 2001 Gerber Products Company

840C

BETTER IF USED BY

14MAR2006 00:15

TO OPEN LIFT TAB

**Gerber**

---

**Gerber**

# GRADUATES
## For Toddlers

Fruit Juice Snacks







0 15000 00840 6

CONT-1-14-CE1

12



**Gerber**



Your toddler is probably getting more and more independent at mealtimes. As he explores his new feeding milestones, Gerber® Graduates® makes it easy to find the right foods at the right time. Check our packages to see which ones are:





Gerber.

Gerber.

## Gerber Graduates For Toddlers

# UPDATES

*Keeping You In The Know*

## Pump Iron.

Iron helps keep your toddler's blood healthy. Yet the labels on most foods don't tell you how much iron your toddler is getting. How can you make sure your toddler gets enough iron? Look to Gerber® Graduates®— the only full line of foods and juices specially designed to meet the nutritional needs of toddlers. So you can give him lots of options that are right for him. Some good sources of iron include Gerber Graduates Cereal Snackin' Squares™, Fruit & Cereal Bars and several Microwaveable Meals, such as Chicken Stew with Noodles.











Gerber
Parents Resource Center™

1-800-4-GERBER   www.gerber.com
Daytime, day or night.

Gerber.

Gerber.

0 9800 00051 0


Fruit Juice Snacks


Gerber
GRADuates
For Toddlers



Gerber.

9

NET WT 10 OZ (283g)

6 - 8 OZ (236mL) packs

1  Howard M. Rubinstein (*Applying as Pro Hac Vice*)
   Attorney at Law
2  2601 Bayshore Dr., Suite 600
   Miami, Florida 33133
3
   Harold M. Hewell (SBN: 171210)
4  Hewell Law Firm, APC
   1901 First Avenue, Second Floor
5  San Diego, CA 92101
   Tel: (619) 235-6854
6  Fax: (619)235-9122
   *Please direct all correspondence and service to*
7  *Harold M. Hewell's address above*

8  Attorneys for Plaintiffs

9
                    UNITED STATES DISTRICT COURT
10
                   SOUTHERN DISTRICT OF CALIFORNIA
11
   NAKIA WILLIAMS and RITA TABIU, each : Civ. Action No. '05 CV 1278 JM (JFS)
12 individually and on behalf of all others similarly : **PROOF OF SERVICE**
13 situated,                                          :
                                                      :
14       Plaintiff,                                   :
                                                      :
15                                                    :
                                                      :
16 v.                                                 :
                                                      : ***CLASS ACTION***
17                                                    :
                                                      :
18                                                    :
                                                      :
19                                                    :
                                                      :
20                                                    :
                                                      :
21                                                    :
                                                      :
22                                                    :
                                                      :
23                                                    :
                                                      :
24                                                    :
                                                      :
25                                                    :
   **GERBER PRODUCTS COMPANY**, a Michigan :
26 corporation,                                       :
                                                      :
27       *Defendant.*                                 :
28

   1                         PROOF OF SERVICE

I, Harold Hewell, declare: that I am and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California, in which County the within-mentioned mailing occurred. My business mailing address is 1901 First Avenue, Second Floor, San Diego, California 92101. I served the following document(s):

**SECOND AMENDED COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF AND FOR RESTITUTION FOR VIOLATIONS OF CALIFORNIA'S BUS. & PROF. CODE §17200 ET SEQ., AND BUS. & PROF. CODE §17500 ET SEQ.; FOR NEGLIGENT MISREPRESENTATION AND INTENTIONAL MISREPRESENTATION; FOR BREACH OF EXPRESS AND IMPLIED WARRANTIES; AND FOR VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT, CIVIL CODE §1750, ET SEQ**

[ ]   by overnight delivery by placing a signed copy thereof in a separate envelope for each addressee named on the attached mailing list, addressed to each addressee respectively. I then sealed the envelope and placed it for overnight delivery by FEDEX before noon the next day mailing in accord with my business's practice on _____,2006. I am readily familiar with my business's practice for collecting, processing and overnight mailing correspondence and pleadings. Such correspondence and pleadings are deposited on the same day, postage pre-paid, for FEDEX delivery in the ordinary course of business.

[X]   by use of a facsimile machine telephone number 619-235-9122, I caused a true copy to be transmitted to the addressee listed below at the fax number noted at the end of that address on _____/ ~ 9_____, 2006.

[X]   by placing a signed copy thereof in a separate envelope for each addressee named on the attached mailing list, addressed to each addressee respectively. I then sealed the envelope and placed it for mailing in accord with my business's practice on _____/ ~ 9_____, 2006. I am readily familiar with my business's practice for collecting, processing and mailing correspondence and pleadings. Such correspondence and pleadings are deposited on the same day, postage pre-paid, with the U.S. Postal Service in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____/ ~ 9_____, 2006, at San Diego, California.

Harold Hewell

Mailing List

Bryan A. Merryman, Esq.
White & Case
633 W. 5th St. # 1900
Los Angeles, CA 90071-2007
Fax: 213-687-0758
Attorneys for Gerber

2                                          PROOF OF SERVICE