# Exhibit A

*In re: Santa Fe Natural Tobacco Company Marketing & Sales Practices and Products Liability Litigation*, 1:16-MD-2695 JB/LF (D.N.M).

# Continued Oral Argument on Defendants' Motion to Dismiss



# Unjust Enrichment

- Plaintiffs Have Adequately Alleged Misleading Conduct

<u>**Evidence in the Record Proves the Disclaimer is Useless**</u>
- The FDA warning letter states the descriptors "Natural" and "Additive Free" represent that the products or their smoke do not contain substances and/or present a lower risk of tobacco-related disease or are less harmful. (CAC ¶ 58.)
- A 2016 study concludes, the prevalence of reduced harm perceptions among NAS smokers clearly demonstrates the disclaimer statements are not an effective means to correct consumers' inappropriate harm perceptions." (CAC ¶ 52.)
- Judge Kessler forever banned the use of the word "Natural" by R.J. Reynolds. *United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1, 938 (D.D.C. 2006), *aff'd* 556 F.3d 1095 (D.C. Cir. 2009).
- In *Discount Tobacco City & Lottery, Inc. v. U.S.* the court held naturalists prefers such products because they believe the products confer health advantages. *Discount Tobacco City & Lottery, Inc.,* 674 F.3d 509, 536 (6th Cir. 2012.) The court further held it would not intrude on Congress' rejection of the idea that disclaimers are effective in modifying perceptions of risk of tobacco products. *Id*. at 537.



# Unjust Enrichment

- Plaintiffs Have Adequately Alleged Misleading Conduct

**Consumers are Misled**
- Santa Fe Natural Tobacco Company confirmed utility of health reassurance claims like "Natural" and "Additive Free." (CAC ¶ 44.)
- A 2007 study confirmed consumers frequently conclude "natural" cigarettes must be healthier, and tobacco companies have understood this for decades. (CAC ¶ 51.)
- A 2016 study concluded that consumers believe the "natural," "organic," and "additive free" labels are more appealing and indicate a healthier cigarette and may encourage consumers to switch brands rather than quit. (CAC ¶ 52.)
   o <u>63.9% of NAS smokers believed their brand was less harmful;</u>
   o NAS smokers are 22 times more likely to believe their brand was less harmful;
   o Adult NAS smokers may choose NAS because of the descriptors; and
   o The disclaimers "are not an effective means to correct consumers' inappropriate harm perceptions." *Id.*



# Unjust Enrichment

- Plaintiffs Have Adequately Alleged Misleading Conduct

**Consumers are Misled**

- A 2004 survey revealed 60% of smokers believed removing additives made cigarettes less dangerous, and 73% believed additives made them more dangerous. (CAC ¶ 53.)
- A 2016 study demonstrated that NAS pack descriptors, including "100% Additive Free," communicated lower risk. (CAC ¶ 54.)
- Reynolds' market research confirmed consumers believe "Additive-Free" cigarettes are safer or healthier. (CAC ¶ 56.)
- In *United States v. Philip Morris USA, Inc.*, Judge Kessler held:
  - The defendants' use of the descriptor "natural" conveyed to consumers that the cigarettes were less hazardous;
  - Market research shows consumers incorrectly interpret the word "natural" to mean the cigarettes are safer and healthier; and
  - Enjoined the defendants from using the brand descriptor "natural." (CAC ¶ 57.)



# Unjust Enrichment

- Plaintiffs Have Adequately Alleged Misleading Conduct

**NAS Cigarettes _ARE NOT_ Safer or Less Harmful**
- A 2015 study showed, of the 50 mainstream U.S. cigarettes tested, NAS had the highest total PAH yields, delivering 60%-170% higher PAH yields. (CAC ¶ 61.)
- A 2013 CDC study shows NAS cigarettes contain more heavy metals. (CAC ¶ 62.) It concluded that of 50 varieties of cigarettes, NAS had "the highest mean concentrations" for mercury and cadmium, which are known carcinogens associated with chronic obstructive pulmonary disease and nephrotoxicity. (_Id_.)
- Defendants engineered NAS cigarettes to be as addictive by creating "free base" nicotine, which is volatile, especially when smoked. (CAC ¶¶ 63-64.)



# Unjust Enrichment

- Plaintiffs Have Adequately Alleged Misleading Conduct

**NAS Menthol Cigarettes Contain Additives**
- Defendants place menthol in the NAS cigarette filters, which diffuses throughout the cigarette. (CAC ¶ 68.)
- The addition of menthol—an additive— makes the "Additive-Free" claims literally false. (*Id*.)

**The Term "Natural" is Deceptive because the Cigarettes Go Through Unnatural Engineering Processes**
- NAS cigarettes are flue-cured, which unnaturally seals in sugar and lowers the pH of smoke. (CAC ¶ 72.)
  - In its natural state, tobacco has a high pH content, which makes inhalation too harsh. By lowering the pH, the cigarette becomes inhalable. (*Id.*)
- The tobacco in NAS cigarettes is also artificially blended. (CAC ¶73.)



## *Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008)



"whether a business practice is deceptive ***will usually be a question of fact*** not appropriate for decision on [a motion to dismiss]."
*Williams*, 552 F.3d at 938.

"The facts of this case, on the other hand, do not amount to the rare situation in which granting a motion to dismiss is appropriate. Here, there are a number of features on the packaging Gerber used for its Fruit Juice Snacks product which could likely deceive a reasonable consumer"
*Williams*, 552 F.3d at 938.



## *Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008)



Product Description

Additional Information

Vignette



Product Description

Vignette

Additional Information



## *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750 (7th Cir. 2014)



"[The district court] appears to assume that a package cannot be misleading if it does not contain literal falsehoods. But that is not the law." *Suchanek*, 764 F.3d at 761.

"[T]he [district] court emphasized that Suchanek admitted that she understood the word 'soluble' to mean that something is capable of dissolving. But the fact that Suchanek correctly understood the definition of the English word is not enough to throw out the entire consumer-fraud claim. Did she know that soluble coffee is instant coffee? Did she understand the GSC product was over 95% instant? Suchanek says not. . . . Taking all disputed facts in the light most favorable to Suchanek, a reasonable juror could conclude that Suchanek was deceived." *Id.* at 762.



## *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750 (7th Cir. 2014)

Product Description

Vignette



Product Description

Vignette

Additional Information





# *Martin v. Tradewinds Beverage Co.*, CV 16-9249 PSG (MRWx), 2017 U.S. Dist. LEXIS 72698 (C.D. Cal. Apr. 27, 2017)



"Here, the statement that Iced Tea Products were '100% Natural' or made with '100% Natural Ingredients' could easily be interpreted by consumers as a claim that all the ingredients in the product were natural, which appears to be false due to the presence of an artificial color additive."



*Martin v. Tradewinds Beverage Co.*, CV 16-9249 PSG (MRWx), 2017 U.S. Dist. LEXIS 72698 (C.D. Cal. Apr. 27, 2017)



Product Description

Product Description

Vignette

Additional Information



***In re Frito-Lay N. Am., Inc.*, 12-MD-2413 (RRM)(RLM), 2013 U.S. Dist. LEXIS 123824 (E.D.N.Y. Aug. 29, 2013)**



"[T]his Court cannot conclude, as a matter of law, that the added context to the "All Natural" label meets the heavy burden of 'extinguishing the possibility' that a reasonable consumer could be misled into believing the products were GMO-free." *In re Frito-Lay N. Am. Inc.*, 2013 LEIXS 123824, at *54 (quoting *Ackerman v. Coca-Cola Co*., CV-09-0395 (JG) (RML), 2010 U.S. Dist. LEXIS 73156, at *63 (E.D.N.Y. July 21, 2010)).



**_In re Frito-Lay N. Am., Inc._, 12-MD-2413 (RRM)(RLM), 2013 U.S. Dist. LEXIS 123824 (E.D.N.Y. Aug. 29, 2013)**

Product Description



Product Description



Vignette

Additional Information



## *Burton v. Hodgson Mill, Inc.*, 16-cv-1081-MJR-RJD, 2017 U.S. Dist. LEXIS 53160 (S.D. Ill. Apr. 6, 2017)



"Plaintiff alleges that she paid a premium for the pancake mix because it was labelled as 'all natural'. She alleges that the 'all natural' label constituted a misrepresentation because the product actually contained synthetic ingredients. She argues that no reasonable consumer would expect to find synthetic ingredients in a product labeled as natural. Defendant tries to defeat Plaintiff's claim, arguing that there is no commonly accepted definition of 'all natural,' that the 'synthetic' ingredients are so ubiquitous that no reasonable consumer could miss them or be aggrieved by them, and that 'organic' products (labelled under higher standards) also contain the 'synthetic' ingredient, among other things. The Court finds that these arguments are better left to a jury, because the determination of whether or not a reasonable consumer could be misled is an intricate question of fact that is best informed by a pool of members of the community. " *Burton*, 2017 U.S. Dist. LEXIS 53160, at *14-15.



*Burton v. Hodgson Mill, Inc.*, 16-cv-1081-MJR-RJD, 2017 U.S. Dist. LEXIS 53160 (S.D. Ill. Apr. 6, 2017)



Product Description



Product Description

Vignette

Additional Information



## *Segedie v. Hain Celestial Grp. Inc.*, No. 14-cv-5029 (NSR), 2015 U.S. Dist. LEXIS 60739 (S.D.N.Y. May 7, 2015)



"It is not unreasonable as a matter of law to expect that a product labeled "natural' or 'all natural' contains only natural ingredients." *Segedie*, 2015 U.S. Dist. LEXIS 60739, at *29.

"Whether the labels would mislead a reasonable consumer is a question of fact for the jury." *Id.* at *31.



*Segedie v. Hain Celestial Grp. Inc.*, **No. 14-cv-5029 (NSR), 2015 U.S. Dist. LEXIS 60739 (S.D.N.Y. May 7, 2015)**

Product
Description



Product Description



Vignette

Additional Information



# Unjust Enrichment

- Plaintiffs Have Adequately Alleged Misleading Conduct
- Defendants' "Adequate Remedy at Law" Arguments are Premature



# Unjust Enrichment

- Defendants' "Adequate Remedy at Law" Arguments are Premature

  - Federal Rule of Civil Procedure 8(d) permits the pursuit of alternative and inconsistent claims. *Kikumura v. Osagie*, 461 F.3d 1269, 1296 (10th Cir. 2006).

  - "Absent specific legislative intent to the contrary . . . state statutes are interpreted *not* to displace state common law causes of action." *In re Light Cigarettes Mktg. Sales Practices Litig*., 751 F. Supp. 2d 183, 192 (D. Me. 2010).



# Unjust Enrichment

- Plaintiffs Have Adequately Alleged Misleading Conduct

- Defendants' "Adequate Remedy at Law" Arguments are Premature

- Defendants' "Adequate Remedy at Law" Arguments are Legally Incorrect



# Unjust Enrichment

- ## Defendants' "Adequate Remedy at Law" Arguments are Legally Incorrect

  - **Colorado:** Claim may proceed as restitution-based remedy.
  - **Florida:** No express contract exists in this case, therefore claim may proceed.
  - **Massachusetts:** Premature to dismiss claim at motion to dismiss phase.
  - **Michigan:** Premature to dismiss claim.
  - **New Jersey:** Plaintiffs' claim satisfies all of the elements.
  - **New Mexico:** Remedy not automatically foreclosed unless statute contains express language; N.M. Stat. Ann. §§ 57-12-1 *et. seq.* does not.
  - **New York:** Plaintiffs' claim satisfies all of the elements.
  - **North Carolina:** Premature to dismiss claim.
  - **Ohio:** Law allows the claims to be pled in the alternative.
  - **Washington:** Premature to dismiss claim.



# Unjust Enrichment

- Plaintiffs Have Adequately Alleged Misleading Conduct
- Defendants' "Adequate Remedy at Law" Arguments are Premature
- Defendants' "Adequate Remedy at Law" Arguments are Legally Incorrect
- Plaintiffs' Claims Should Not be Dismissed Due to Lack of Direct Purchase



# Unjust Enrichment

- Plaintiffs' Claims Should Not be Dismissed Due to Lack of Direct Purchase

**Michigan**
*See In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1021 (E.D. Mich. 2014) ("Michigan law does not require a direct benefit to be conferred directly by plaintiff to a defendant).



# Unjust Enrichment

- ## Plaintiffs' Claims Should Not be Dismissed Due to Lack of Direct Purchase

**New Jersey**

Finding a "sufficiently direct relationship" for an just enrichment claim, "where a plaintiff alleges that a defendant manufacturer has made false claims or misrepresentations directed for the purpose of generating retail sales, and where those retails sales could have the effect of increasing the amount of wholesale sales to the manufacturer." *Stewart v. Beam Global Spirits*, 877 F. Supp. 2d 192, 200 (D.N.J. 2012).

It would be "inequitable" under New Jersey law to allow the defendants to "insulate themselves from liability on an unjust enrichment claim simply by asserting that retail sales . . . Cut off any relationship between the consumers and the manufacturer." *Id.*



# Unjust Enrichment

- Plaintiffs' Claims Should Not be Dismissed Due to Lack of Direct Purchase

**North Carolina**
"Under North Carolina law, it is sufficient for a plaintiff to prove that it has conferred some benefit on the defendant, without regard to the directness of the transaction."
*Metric Constructors, Inc. v. Bank of Tokyo-Mitsubishi, Ltd.*, 72 F. App'x. 916, 921 (4th Cir. 2003).



# Unjust Enrichment

- Plaintiffs' Claims Should Not be Dismissed Due to Lack of Direct Purchase

**Ohio**
*Paikai v. General Motors Corp*, NO. CIV. S-07-892 FCD GGH, 2009 U.S. Dist. LEXIS 8538 (E.D. Ohio Feb. 5, 2009)



# Breach of Express Warranty

- Plaintiffs Properly Allege that Defendants Breached an Express Warranty

- Defendants' cases support Plaintiffs' arguments
    - *In re Clorox Consumer Litig*, 894 F. Supp. 2d 1224 (N.D. Cal. 2012)
        - Court found breach of warranty.
        - Exception to privity requirement when plaintiff relies on written labels or ads of manufacturer.
    - *Williams v. Beechnut Nutrition Corp.*, 229 Cal. Rptr. 605 (Cal. Ct. App. 1986)
        - Express warranty claim survived because defendants utilized advertising media to urge use and application of product and warranted it was effective, proper, and safe for intended use.



# Breach of Express Warranty

- ## Plaintiffs Properly Allege Pre-Litigation Notice

- Question of fact for the jury. *See In re Rust-Oleum Restore Mktg. Sales Practices & Prod. Liab. Litig.*, 155 F. Supp. 3d 772, 800 (N.D. Ill. 2016).
- *In re Caterpillar, Inc., C13 & C15 Engine Prod. Liab. Litig.*, No. 1:14-cv-3772 (JBS-JS), 2015 U.S. Dist. LEXIS 98784, at *104 (D.N.J. July 29, 2015).
  - "Although notice presents a close question in states where neither constructive notice of the alleged defect, nor filing of the complaint is sufficient to establish notice, such a conclusion would be premature at this juncture."
- *In re Hydroxycut Marketing and Sales Practices Litig.*, 801 F. Supp. 2d 993, 1009 (S.D. Cal. 2011).
  - The court "decline[d] to require Plaintiff to provide more specific facts regarding notice at this time because pre-litigation notice is not strictly required under the laws of a number of states," and because "under the laws of a number of states, filing of a complaint can serve as notice."



# Breach of Express Warranty

- ## Plaintiffs Properly Allege Pre-Litigation Notice

**Exceptions to Notice Requirement**
- New York
  - The notice requirement does not apply to cases involving goods for human consumption. *In re Hydroxycut*, 801 F. Supp. 2d at 1009.
- California
  - The notice requirement does not apply when the injured consumer asserts BOEW claims against manufacturers with whom they have not dealt. *Fonseca v. Goya Foods, Inc.*, No. 16-CV-02559-LHK, 2016 U.S. Dist. LEXIS 121716, at *18-19 (N.D. Cal. Sept. 8, 2016).
- North Carolina
  - Filing a complaint can be notice. *Maybank v. S.S. Kresge Co.*, 273 S.E.2d 681, 685 (N.C. 1981).
- Illinois
  - No notice required where seller's direct knowledge of defect is alleged. *Keith v. Ferring Pharm,* No. 15 C 10381, 2016 U.S. Dist. LEXIS 131808, at *21 (N.D. Ill. Sept. 27, 2016).



# Breach of Express Warranty

- Plaintiffs' Warranty Claims Should Not Be Dismissed for Lack of Privity

**Florida**
- Florida courts have recently denied motions to dismiss claims for breach of express warranty in cases with facts similar to ours.
    - o *Karhu v. Vital Pharms., Inc.*, 13-60768-CIV-COHN/SELTZER, 2013 U.S. Dist. LEXIS 112613, at *15 (S.D. Fla. Aug. 9, 2013).
    - o *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1389 (S.D. Fla. 2014) (express warranty survived despite lack of privity)
    - o *Bohlke v. Shearer's Foods, LLC,* 2015 U.S. Dist. LEXIS 6054, at * 31 (S.D. Fla. Jan. 20, 2015) (survived based on lack of privity)
- Most of these cases post-date the single case Defendants cited; i.e., *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259 (N.D. Fla. 2012).



# Breach of Express Warranty

- Plaintiffs' Warranty Claims Should Not Be Dismissed for Lack of Privity

**<u>Florida</u>**

*Smith v. WM. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336 (S.D. Fla. 2009).
- The court denied Wrigley's motion, noting first that while Florida law is clear, requiring privity to recover for the breach of an ***implied*** warranty, "the Florida Supreme Court has not provided similar clarification for express warranty claims." *Id*. at 1342.
  1) "it defies common sense to argue that purchasers of Eclipse gum presumed that the cashier at the local convenience store is familiar with the scientific properties of MBE" *Id.* at 1343;
  2) "it is significant that the express warranty the manufacturer allegedly breached is contained ***on the package*** of Eclipse gum" *Id.* (emphasis added); and
  3) "the Complaint alleges that Plaintiff relied on the warranty when purchasing the gum." *Id.*
- Given the foregoing facts, the court concluded that "***Plaintiff states a claim for breach of express warranty" despite the lack of privity***. *Id*. (emphasis added.)



# Breach of Express Warranty

- Plaintiffs' Warranty Claims Should Not Be Dismissed for Lack of Privity

### Illinois

- *Bietsch v. Sergeant's Pet Care Prods.*, No. 15 C 5432, 2016 U.S. Dist. LEXIS 32928, at *18 (N.D. Ill. Mar. 15, 2016)
    - "There are exceptions to the privity requirement . . . under Illinois law, a manufacturer may be liable to a buyer for breach of an express warranty for representation or promises made on the manufacturer's documents or other materials . . . ."
- *Mednick v. Precor, Inc.*, Nos. 14 C 3624, 14 C 4231, 2014 U.S. Dist. LEXIS 159687, at *13 (N.D. Ill. Nov. 13, 2014)
    - "[M]anufacturer documents given directly to the buyer prior to a purchase may give rise to an express warranty because the assertions becomes part of the basis of the bargain unless clear affirmative proof shows otherwise."
    - It should be noted that *any* "[b]rochures, documents, and advertisements may constitute a sufficient basis for an express warranty."
- *Canadian Pac. Ry. Co. v. Williams-Hayward Protective Coatings, Inc.*, No. 02 C 8800, 2005 U.S. Dist. LEXIS 28988, at *44 (N.D. Ill. Apr. 6, 2005)
    - Explaining that "[i]n the context of a buyer purchasing a product from a dealer and not the manufacturer, Illinois courts have concluded that brochures, documents, and advertisements may be the basis of an express warranty."
- *Crest Container Corp. v. R.H. Bishop Co.*, 111 Ill. App. 3d 1068, 1074 (Ill. Ct. App. 1982)
    - Manufacturer's product catalog created express warranty.
- Also exception if manufacturer expressly warrants its goods to the ultimate consumer. *Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 740-41 (N.D. Ill. 2015). (Cited by Defendants).



# Breach of Express Warranty

- Plaintiffs' Warranty Claims Should Not Be Dismissed for Lack of Privity

**<u>New York</u>**
- "[T]he New York Court of Appeals has dispensed with the requirement of privity in cases involving breach of express warranty where only economic damages are alleged." *Mahoney v. Endo Health Solutions, Inc.*, 2016 U.S. Dist. LEXIS 94732, at *16 (S.D.N.Y. July 20, 2016).

