# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN RE: SANTA FE NATURAL TOBACCO COMPANY MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Lead Case No. 1:16-md-02695 JB/LF |

*This Document Relates To All Actions*

## PLAINTIFFS' FIRST INTERROGATORIES TO R.J. REYNOLDS TOBACCO COMPANY[1]

PLAINTIFFS, pursuant to Fed. R. Civ. P. 33, hereby request that Defendant, R.J. Reynolds Tobacco Company, respond to the following Interrogatories in accordance with the requirements and procedures set forth in the Federal Rules of Civil Procedure, Local Rules, and Court's Order.

As used in these Interrogatories, the following terms have the following meanings.

A. "You" and "your" and "RJRT" refer to Defendant, R.J. Reynolds Tobacco Company, including (as may apply depending upon the time frame of a given request), its parent companies (specifically including, but not limited to, Reynolds American Inc.), its predecessors-in-interest, its executives, officers, agents, and employees and any other person acting on its behalf, including attorneys.

B. "American Spirits" or "Product" refers to Natural American Spirit brand cigarettes placed in the stream of commerce within the United States at any time, including all packings and line extensions.

---

[1] As stated in correspondence to Peter Biersteker dated October 29, 2010, Plaintiffs still maintain that RJRT had an obligation to respond to discovery on or before November 15, 2016, the date on which RAI responded to Plaintiffs' discovery. These requests merely serve as duplicate requests.

1

C. Unless otherwise specified, all requests are limited to information pertaining to the manufacture, marketing, and sale of American Spirits within the United States.

D. Unless a request contains a specific time limitation, it is meant to elicit information from the inception of American Spirits to the date of your response.

E. "Person" or "persons" include a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

## INTERROGATORIES

1. Please identify in chronological order by brand name and package color **(a)** every brand/style of American Spirits, including **(b)** the dates it was available for purchase within the United States (excluding dates relating solely to geographically limited test markets).

2. For each brand/product identified in response to the preceding Interrogatory identify every ingredient (including processing aids and additives, whether in the filter, paper, filler, or packaging), noting any changes or variation over time.

3. Please identify by name, title, and last known address, every executive, officer, and board member for RJRT from its inception to the present.

4. Please identify by name, title, and last known address, every person involved in conceiving, creating, or executing any advertising or marketing campaign or piece for American Spirits, whether employed by RJRT or elsewhere (for example, at an advertising/marketing agency or media outlet).

5. Please describe in detail the division/allocation of respective corporate responsibilities between RJRT and Santa Fe Natural Tobacco Company ("SFNTC") (or others) following SFNTC's acquisition by RAI with respect to the design, testing, manufacture, regulatory compliance, advertising, marketing, and sale of American Spirits, including a

2

description of document retention/destruction responsibilities for documents that pre-existed the acquisition and documents generated or obtained after the acquisition.

6. Please set forth the advertising/marketing budget for American Spirits for each of the past six years, including the amounts allocated for any particular budget line items.

7. Please identify by name and date of publication every print and/or online publication in which American Spirits have been advertised.

8. Please state for each of the last six years the difference in average retail per-pack price of American Spirits versus leading premium brands (such as Marlboro Lights, Newport, and Camel) either in the national market or in each of your regional markets, or both.

9. Please explain in detail the financial, economic, and/or corporate rationale for offering American Spirits as a super-premium brand, including every reason you believe American Spirits consumers are willing to pay a super-premium price for American Spirits.

10. Please state the gross sales, in dollars and units, of the Products sold in the United States during the past six years, broken down by year, state/territory, and brand/flavor.

11. Please identify all persons or entities which sold and/or distributed the Products in the United States during the past six years, including the time period(s) during which they did so.

12. Please identify all e-mail, text, and/or mailing lists used to communicate with consumers who have purchased the products in the United States during the past six years, including the customer loyalty program.

13. Please state all facts supporting any contention that this case does not meet the requirements for class certification under Federal Rule of Civil Procedure 23.

14. Please identify every person who has in the past six years and within the geographical confines of the District of New Mexico acted on "your" behalf (as defined above,

but excluding SFNTC) as an employee or independent contractor or otherwise in the pursuit of "your" business or other commercial activities (excluding SFNTC), including anyone acting on "your" behalf (excluding SFNTC) in political lobbying activities. Please include in your response the identity of the specific Reynolds entity for whom such person acted.

15. Please identify all real property located within the District of New Mexico in which "you" (as defined above, but excluding SFNTC) have any legal interest, including, but not limited to, fee, ownership or leasehold interests. Please include in your response the identity of the specific Reynolds entity holding such an interest and what business purpose, if any, the activities carried out at the location serve.

16. Please state the amount of money "you" (as defined above, but excluding SFNTC) have paid to the State of New Mexico during the past six years in taxes or pursuant to the Master Settlement Agreement. Please include in your response the identity of the specific Reynolds entity who paid each such amount.

17. Please describe every website "you" (as defined above, excluding SFNTC) maintains, or which is maintained on "your" behalf (excluding SFNTC), that is available to citizens of the State of New Mexico. Please state for each such website which Reynolds entity is responsible for its maintenance and whether New Mexico citizens can immediately engage in business with the website owner via the website.

18. Please generally describe all activities within the geographical confines of the District of New Mexico undertaken by RJRT Services Company or by anyone working at its direction, under its control, or on its behalf.

19. Identify all communications concerning any "litigation hold" or "preservation order" you possess or possessed instructing persons to preserve documents or tangible things

concerning the Plaintiffs' allegations since receiving service of the first filed action in this consolidated litigation. Identify the exact date the alleged litigation hold was issued, identify the persons to whom you allege it was furnished and produce all documents related thereto.

20. Identify each document or other tangible thing that was once in your possession as of the day the first filed action in this consolidated litigation was served upon you, which is/are no longer in your possession, custody or control or cannot otherwise be produced regardless of the printed date. Identify the date said document or tangible thing left your possession, custody or control and the identity of the current custodian.

21. Identify any advertising, marketing or promotional materials which were or are drafted, created, edited or disseminated in the District of New Mexico and identify each employee subsidiary, parent company, or affiliate or otherwise related corporate entity of Defendant R.J. Reynolds Tobacco Company, which has or had any role or participation in said advertising and marketing.

22. Identify every subsidiary, parent company, or sister/affiliate of Defendant R.J. Reynolds Tobacco Company, whose products, goods, or services are, directly or indirectly, provided to, marketed or sold in the District of New Mexico.

23. Identify all packaging of the Products, including any changes to the packaging and when the changes were made.

24. Identify all consumer surveys, reports, or other documents that pertain to consumer interpretation of the marketing or advertising of the Products.

Dated: October 29, 2018 /s/Melissa S. Weiner

Melissa S. Weiner
**Pearson, Simon & Warshaw, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
mweiner@pswlaw.com


Scott P. Schlesinger
**Schlesinger Law Offices, P.A.**
1212 SE 3rd Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 467-8800
scott@schlesingerlaw.com


*Counsel for Plaintiffs*