# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

IN RE: SANTA FE NATURAL TOBACCO
COMPANY MARKETING & SALES
PRACTICES AND PRODUCTS LIABILITY
LITIGATION

This Document Relates To All Actions

No. MD 16-2695 JB/LF

**PLAINTIFFS' REPORT IN
RESPONSE TO DEFENDANTS'
STATUS REPORT AND REQUEST
FOR HEARING**

Plaintiffs respectfully submit this Report in response to Defendants' Status Report and Request for Hearing filed on November 2, 2018. Before discovery closed, Plaintiffs timely served requests for production of documents, which were duplicative of that served in 2016, on Defendant R.J. Reynolds Tobacco Company ("RJRT"), and follow-up interrogatories, narrow in scope, on all Defendants. For the reasons detailed below, Defendants are obligated to respond to all discovery served, and production of responsive information should not impact the case deadlines.

In the deposition of Howard Burkhalter on August 20, 2018, it became clear, for the first time, RJRT failed to respond to discovery served on July 22, 2016. Following the deposition, Plaintiffs met and conferred with Defendants on this issue. Plaintiffs took the position that Reynolds American Inc. ("RAI) was under an obligation to produce responsive documents for it and RJRT based upon (1) RAI's agreement to do so in its written response to the discovery served on RAI and (2) RAI's legal obligation to search and produce responsive documents for its subsidiary, RJRT. *See* Ex. A, M. Weiner Correspondence dated Sept. 21, 2018.

As to point one above, Plaintiffs reasonably believed that RJRT's responsive documents would be contained within Defendants' voluminous document production per its representation in RAI's November 15, 2016 responses to Plaintiffs' first set of discovery, which specifically

896769.1

stated, "Moreover, [RJRT] was first named as a defendant in the Consolidated Amended Complaint filed September 19, 2016 ("the Amended Complaint." Thus, while [RJRT] needs some additional time to identify those documents that are potentially responsive to these Requests, [RJRT] will produce responsive materials, whether in response to these Requests or duplicate Requests directed to [RJRT]." *See* Ex. B., RAI Reponses to Plaintiffs' First Set of Document Requests.

Second, Plaintiffs made clear their position on the law—that absent an agreement to search for and produce responsive information as RAI had done—RAI would still be under an obligation to produce responsive information for its subsidiary, RJRT. *See* Ex. A.

During this meet and confer process, based upon Defendants representations, Plaintiffs have been operating under an understanding that a relatively limited amount of responsive information remains outstanding. Specifically, on October 5, 2018, Mr. Biersteker made two important representations that purportedly limited the amount of responsive information still outstanding for production:

(1) RAI and Santa Fe, notwithstanding their objections, have already produced responsive documents from (a) pertinent RJRT share point sites (to which Santa Fe employees and/or RJRT employees performing work for Santa Fe pursuant to the services agreement had access) that were in addition to the pertinent Santa Fe share point sites (to which RJRT employees who performed work for Santa Fe pursuant to the services agreement also had access); (b) the home drives for those RJRT employees who did pertinent work for Santa Fe pursuant to the services agreement; (c) electronic communications between employees of RJRT and Santa Fe, such as e-mails and instant messages; and (d) specific individual documents that were identified by employees of any Defendant in the course of the document collection effort, such as tests performed by RJRT's Research and Development Department either at the request of Santa Fe pursuant to the services agreement or tests that RJRT's Research and Development Department occasionally performed on a wide array of commercially available cigarettes, including, in some instances, Natural American Spirit cigarettes.

(2) RJRT's involvement int eh labeling and marketing of Natural American Spirit cigarettes "was limited to individual RJRT employees who performed work requested by Santa Fe, for Santa Fe, directed or supervised by Santa Fe, and paid for by Santa Fe under the

services agreement. Thus, <u>"a substantial volume of documents from the files of RJRT related to those specific employees' work for Santa Fe have already been searched and, if responsive and not privileged, has been produced."</u>

Accordingly, based upon this response, and verbal confirmation from counsel for Defendants, Plaintiffs were under the impression that, (1) Defendants had a small volume of documents yet to produce on behalf of RJRT, and (2) Defendants were in the process of gathering that information as they were clearly on notice of Plaintiffs' contention that the information was two years overdue.

In Mr. Biersteker's October 5, 2018 correspondence, he acknowledged (1) the duplicity in re-serving requests for production on RJRT "it would have been easy for Plaintiffs to serve an RFP on Defendant RJRT . . ." and (2) admitted that service of additional discovery prior to the October 31, 2018 deadline was timely as he invited Plaintiffs to do so, "Plaintiffs could still do so." *See* Ex. C, P. Biersteker Correspondence dated October 5, 2018.

In his invitation to Plaintiffs to serve discovery on RJRT, Mr. Biersteker never raised a timeliness defense in the October 5, 2018 correspondence, despite the fact that even if Plaintiffs served discovery <u>that day</u> as invited by Mr. Biersteker, any response from RJRT would be due 45 days later—and well past the October 31, 2018 discovery deadline set in Case Management Order 2, Dkt. No. 37, pg. 6 ("Responses due 45 days after service"). Plaintiffs, contesting the necessity to re-serve duplicative discovery and believing a small volume of documents are still outstanding, did exactly what Defendants invited them to do, served identical discovery on RJRT on October 29, 2018. Defendants now—with no citation to any Court order, rule of procedure or case requiring discovery to be <u>answered</u> before the discovery deadline and knowing the parties have been meeting and conferring on this issue since September 21, 2018, claim that the served discovery is untimely.

Plaintiffs did not raise this issue at the Court conference as they believed that the parties were in the process of continuing to meet and confer on this issue and that it would have no impact on the schedule. In fact, Plaintiffs are still unaware of any impact on the schedule as Defendants have not yet given Plaintiffs an estimate of the amount of time needed to produce the outstanding responsive information. Plaintiffs are not interested in any further delay of the schedule based upon Defendants failure to produce responsive documents they agreed to produce two years ago. Accordingly, Plaintiffs, in an effort to work with Defendants in streamlining the remaining production, proposed that Defendants give priority to the following requests for production:

31. Every document that discusses, refers to, or otherwise reflects the rationale(s) for pricing American Spirits at their given price point at any time.

33. Every document that constitutes, discusses, refers to, or otherwise reflects the existence of any focus group regarding American Spirits potential or actual marketing claims and packaging and labeling.

36. All documents reflecting the cost to produce American Spirits, including cost of materials and production, over the past six years.

51. All documents, including but not limited to communications, studies, or analyses, relating to any price increase, price premium, or amount of money consumers are willing to pay for the products.

Production of the remaining information should, based upon Defendants' representations regarding the large volume of information already produced on behalf of RJRT, seemingly be possible with enough time for Plaintiffs' counsel to review the information and utilize, as they desire, the information for class certification.

In addition to the identical discovery served on RJRT on October 29, 2018, Plaintiffs

served pointed interrogatories on all Defendants that followed up on testimony given during

deposition. Other than simply claiming that these interrogatories are untimely, Defendants point

to no law stating why they are untimely given that they were served within the discovery period.

Plaintiffs thus expect a response within forty-five days.

Given the significant delay in responding to the July 22, 2016 discovery, Plaintiffs

believe their proposal for prioritizing the remaining production is reasonable. Plaintiffs remain

committed to working with Defendants on a timeline for production of the remaining

information such that they are able to utilize the information—at the latest date—for their

rebuttal expert reports and class certification briefing.


DATED:  November 5, 2018              **PEARSON, SIMON & WARSHAW, LLP**


By:   */s/Melissa S. Weiner*
                          MELISSA S. WEINER

MELISSA S. WEINER
  mweiner@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

SCOTT P. SCHLESINGER
  scott@schlesingerlaw.com
**SCHLESINGER LAW OFFICES, P.A.**
1212 SE 3rd Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 467-8800

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 5, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all counsel of record.

DATED: November 5, 2018          **ROTHSTEIN DONATELLI LLP**


By:               */s/ Reed C. Bienvenu*
                       REED C. BIENVENU