# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

IN RE: SANTA FE NATURAL TOBACCO
COMPANY MARKETING, SALES
PRACTICES, AND PRODUCTS LIABILITY          Lead Case No. MD 16-2695 JB/LF
LITIGATION

*This Document Relates To All Actions*

**REYNOLDS AMERICAN INC.'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Reynolds

American Inc. ("RAI") provides the following responses and objections to Plaintiffs' First

Request for Production of Documents to Reynolds American Inc. (the "Requests"). As a

threshold matter, RAI states that it is a holding company whose wholly-owned subsidiaries

include Santa Fe Natural Tobacco Company ("Santa Fe"). As a parent company, RAI monitors

the operations of its subsidiary, Santa Fe, but RAI does not design, manufacture, test, advertise,

market or sell Natural American Spirit ("NAS") cigarettes or any other product. For that reason,

among others, RAI has no documents responsive to many of the Requests. Furthermore, RAI

contests personal jurisdiction in this action and will raise that defense at the appropriate time.

These responses are subject to and without waiving that defense.

**OBJECTIONS APPLYING TO EACH OF PLAINTIFFS' REQUESTS**

For brevity's sake and consistent with the 2015 amendments to the Federal Rules of Civil

Procedure, RAI sets forth below the following objections, which specifically apply to each of

Plaintiffs' Requests:

1.      Plaintiffs defined RAI to include its subsidiaries Santa Fe and R.J. Reynolds

Tobacco Company ("Reynolds"). (Requests at 1). RAI objects to that portion of the definition

because it makes these Requests redundant of Plaintiffs' First Request for Production of

Documents to Santa Fe.  RAI's responses are based on a search of its files only.  Plaintiffs have served duplicate requests on Santa Fe and presumably will serve duplicate requests on newly-added defendant, R.J. Reynolds Tobacco Co. ("Reynolds").  Regardless, each defendant will provide responses based on searches of its own files.  Moreover, Reynolds was first named as a defendant in the Consolidated Amended Complaint filed September 19, 2016 (the "Amended Complaint").  Thus, while Reynolds needs some additional time to identify those documents in its files that are potentially responsive to these Requests, Reynolds will produce responsive materials, whether in response to these Requests or duplicate requests directed to Reynolds.

2.      Plaintiffs' Requests include a number of "Instructions" that they claim apply to each of their Requests.  Defendants object to Plaintiffs' "Instructions" and provide these responses and objections consistent with Rule 34.

**REQUEST NO. 1**:  A legible/audible copy of each transcript or audio recording of any oral statement made at any time by any named class representative in any related action, excluding any deposition taken in this action.

**RESPONSE**:

RAI interprets this Request as seeking statements by the named class representatives ("Named Plaintiffs") in the Consolidated Amended Complaint filed September 19, 2016 (the "Amended Complaint"), and will limit its search accordingly.

The information available to RAI about the Named Plaintiffs is limited to each Named Plaintiff's first and last name (with no middle name or initial) and current county and state of residence.  Plaintiffs failed to provide information about the Named Plaintiffs that would enable RAI to make a reasonably complete search of its files for the requested documents.  To complete a search for such documents, RAI needs for each Named Plaintiff their full name and past aliases, current and past addresses, date of birth, gender and where available, Santa Fe personal ID number ("Named Plaintiffs' Personal Identifying Information").  Upon receipt of this

information, RAI will produce any responsive documents in its files on a rolling basis, starting

within 15 and concluding within 30 days.

In addition, seven of the Named Plaintiffs in the Amended Complaint were not named

plaintiffs in any of the actions transferred to this MDL and consolidated for pretrial purposes.

Thus, they are not proper named plaintiffs to this action or properly named in the Amended

Complaint.  RAI will not withhold any responsive documents regarding these seven Named

Plaintiffs on this basis, but RAI reserves all of its rights to challenge the status of these Named

Plaintiffs at the appropriate time.

**REQUEST NO. 2**:  Every written document that you believe was authored by or that you
believe otherwise memorializes the beliefs, opinions, or knowledge of any named class
representative in any related action, excluding pleadings and discovery responses in this action.

    **RESPONSE**:

RAI interprets this Request as seeking documents regarding the Named Plaintiffs and will

limit its search accordingly.  Upon receipt of the Named Plaintiffs' Personal Identifying

Information, RAI will search for and produce any non-privileged, responsive documents in its

files on a rolling basis, starting within 15 and concluding within 30 days.

In addition, seven of the Named Plaintiffs in the Amended Complaint were not named

plaintiffs in any of the actions transferred to this MDL and consolidated for pretrial purposes.

Thus, they are not proper named plaintiffs to this action or properly named in the Amended

Complaint.  RAI will not withhold any responsive documents regarding these seven Named

Plaintiffs on this basis, but RAI reserves all of its rights to challenge the status of these Named

Plaintiffs at the appropriate time.

Finally, the Request seeks "every" document about the beliefs, opinions and knowledge

of the Named Plaintiffs, including attorney-client privileged documents and work product.  Thus,

pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), and subject to completion of its review

3

of potentially responsive documents, RAI states expressly that it will withhold from production

all information that is privileged or subject to protection as trial-preparation material, and will

provide a log of such withheld material consistent with section VIII of the Order Regarding

Electronically Stored Information [Doc. 55] ("ESI Order").

**REQUEST NO. 3**:  Every document created, generated, or obtained before this action was filed
which bears the name or other personal identifying information for any named class
representative in any related action, specifically including, but not limited to, customer lists,
responses to promotional or other participatory marketing campaigns, correspondence, phone
logs, and the like.

> **RESPONSE:**

RAI interprets this Request as seeking documents bearing the names of the Named

Plaintiffs and will limit its search accordingly.  Upon receipt of the named Plaintiffs' Personal

Identifying Information, RAI will search for and produce any responsive documents in its files

on a rolling basis, starting within 15 and concluding within 30 days.

In addition, seven of the Named Plaintiffs in the Amended Complaint were not named

plaintiffs in any of the actions transferred to this MDL and consolidated for pretrial purposes.

Thus, they are not proper named plaintiffs to this action or properly named in the Amended

Complaint.  RAI will not withhold any responsive documents regarding these seven Named

Plaintiffs on this basis, but RAI reserves all of its rights to challenge the status of these Named

Plaintiffs at the appropriate time.

**REQUEST NO. 4**:  Every document indicating or tending to indicate that any named class
representative in any related action purchased or otherwise obtained American Spirits.

> **RESPONSE:**

RAI interprets this Request as seeking documents regarding the purchases of NAS

cigarettes by the Named Plaintiffs and will limit its search accordingly.  Upon receipt of the

named Plaintiffs' Personal Identifying Information, RAI will search for and produce any non-

privileged, responsive documents in its files on a rolling basis, starting within 15 and concluding within 30 days.

In addition, seven of the Named Plaintiffs in the Amended Complaint were not named plaintiffs in any of the actions transferred to this MDL and consolidated for pretrial purposes. Thus, they are not proper named plaintiffs to this action or properly named in the Amended Complaint. RAI will not withhold any responsive documents regarding these seven Named Plaintiffs on this basis, but RAI reserves all of its rights to challenge the status of these Named Plaintiffs at the appropriate time.

Finally, the Request seeks "every" document about purchases of NAS cigarettes by the Named Plaintiffs, including attorney-client privileged documents and work product. Thus, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), and subject to completion of its review of potentially responsive documents, RAI states expressly that it will withhold from production all information that is privileged or subject to protection as trial-preparation material, and will provide a log of such withheld material consistent with section VIII of the ESI Order.

**REQUEST NO. 5**:  All manufacturing specifications and each modification thereto for all American Spirits. If specifications (other than the container) differed between soft pack and box, please provide separate specifications for both identifiable as such.

   **RESPONSE:**

If and to the extent they exist in its files, RAI will produce documents sufficient to show the manufacturing specifications on an annual basis, which will reflect both the specifications and modifications (if any) on a year-to-year basis, for each brand style of Natural American Spirit ("NAS") cigarettes manufactured and sold during the period 2009 through 2015, and will limit its search accordingly. RAI will produce any such documents on a rolling basis, starting December 19, 2016 and expects to conclude by February 28, 2017.

5

To the extent this Request seeks manufacturing specifications for NAS cigarettes prior to 2009, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which the longest limitations period is six years.  Plaintiffs themselves limited several of their related Requests regarding the manufacture and distribution of NAS cigarettes to six years.  E.g., Request 38 seeking cost of NAS production data for the past six years; Request 42 seeking docs identifying consumers of NAS over the past six years; Request 54 seeking identity of all NAS retailers and distributers over the past six years; and Request 55 seeking NAS price and sales data during the past six years.  RAI's six-year time period limitation is appropriate as evidenced by Plaintiffs' own proper limitation of these other Requests.

**REQUEST NO. 6**:  If not encompassed within the manufacturing specifications produced in response to the preceding request, any other product specification or profile or other document that identifies [a] the ingredients, additives, and processing aids for all American Spirits, including, but not limited to: [b] the types of paper used for tobacco column and filter, [c] porosity of paper, [d] tobacco blend formulation (including reconstituted and expanded tobacco, and alternate fillers), [e] filter configuration, [f] rod length, [g] filter length, [f] circumference of rod, [h] filtration efficiency, [i] filter ventilation, [j] pressure drop, [k] burn additives, [l] burn rate, [m] tar yield, [and] nicotine yield, [n] smoke yield, [o] percentage of nicotine in the column/rod, [p] casing materials, [q] top dressings/flavors, [r] weight of tobacco, [s] weight of filter, [t] nicotine transfer ratio, [u] pH levels of tobacco or [v] smoke, [w] ammonia compounds, and [x] every other additive and processing aid of any description.

**RESPONSE**:

RAI objects to Plaintiffs' characterization of each type of document sought in this Request because some are manufacturing specifications (also sought in Request 5 and Santa Fe incorporates here its responses and objections to Request 5), some are subject to product testing (also sought in Requests 7 and 8 and RAI incorporates here its responses and objections to those Requests) and others relate to processing aids.

In response to the rest of the Request, if and to the extent they exist in its files, RAI will produce responsive documents (to the extent they exist) on a rolling basis, starting December 19,

2016 and expects to conclude by February 28, 2017.  Producing documents sufficient to show the "ingredients" and "processing aids" for each NAS brand style for each year it was sold during the years 2009-2015 will provide responsive information while protecting RAI from a disproportionate and unfairly burdensome production of voluminous, redundant documentation. To the extent this Request seeks additional documents, RAI objects on the following grounds.

First, to the extent this Request seeks documents reflecting product analysis or processing aids for NAS cigarettes prior to 2009, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which the longest limitations period is six years.  Plaintiffs themselves limited several of their related Requests regarding the manufacture and distribution of NAS cigarettes to six years.  E.g., Request 38 seeking cost of NAS production data for the past six years; Request 42 seeking docs identifying consumers of NAS over the past six years; Request 54 seeking identity of all NAS retailers and distributers over the past six years; and Request 55 seeking NAS price and sales data during the past six years.  Santa Fe's six-year time period limitation is appropriate as evidenced by Plaintiffs' own proper limitation of these other Requests.

Second, RAI objects to that portion of the Request seeking documents relating to: [h] "filter efficiency," [l] "burn rate," [t] "nicotine transfer rate,"  [u] "pH levels of tobacco," and "product profile" as too ambiguous to permit it to respond beyond what is set forth above.

**REQUEST NO. 7**:  Any and all documents necessary to interpret the documents produced in response to the two preceding requests, including, for example, internal indexes or glossaries revealing the significance of manufacturing or ingredient codes.

**RESPONSE:**

RAI objects and cannot respond to this Request because it does not know what documents, if any, Plaintiffs may deem necessary to "interpret" the documents produced in response to Requests 5 and 6.

**REQUEST NO. 8**:  All documents constituting or reflecting analytical testing of American Spirits performed at RAI's request or on its behalf by anyone outside RAI, specifically including any testing performed by R.J. Reynolds Tobacco Company or any other Reynolds entity.

**RESPONSE:**

If and to the extent they exist in its files, RAI will produce non-privileged documents sufficient to show analytical testing of the brand styles of NAS cigarettes manufactured and sold during the years 2009 through 2015, and will limit its search accordingly.  RAI will produce any such documents on a rolling basis, starting November 4, 2016 and expects to conclude by December 15, 2016.  To the extent this Request seeks additional documents, RAI objects on the following grounds.

First, to the extent this Request seeks documents prior to 2009, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which the longest limitations period is six years.  Plaintiffs themselves limited several of their related Requests regarding the manufacture and distribution of NAS cigarettes to six years.  E.g., Request 38 seeking cost of NAS production data for the past six years; Request 42 seeking docs identifying consumers of NAS over the past six years; Request 54 seeking identity of all NAS retailers and distributers over the past six years; and Request 55 seeking NAS price and sales data during the past six years.  RAI's six-year time period limitation is appropriate as evidenced by Plaintiffs' own proper limitation of these other Requests.

Finally, the Request seeks "all" documents reflecting analytical testing, including attorney-client privileged documents and work product.  Thus, pursuant to Federal Rule of Civil

Procedure 26(b)(5)(A), RAI states expressly that it will withhold from production all information that is privileged or subject to protection as trial-preparation material, and will provide a log of such withheld material consistent with section VIII of the ESI Order.

**REQUEST NO. 9**:  Every document not produced in response to any preceding request which discusses, refers to, or otherwise reflects the presence or absence of any ingredient or additive in any American Spirits cigarette.

**RESPONSE**:

RAI objects to this Request to the extent it seeks production of documents beyond those produced in response to Requests 5-8 because it fails to describe with reasonable particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).  For example, it would include every document (including every package and carton of NAS cigarettes) referring to the fact that the tobacco in NAS cigarettes is additive-free and thus the Request is unduly burdensome and improperly seeks production of extensive irrelevant material wholly disproportionate to the needs of the case.  Subject to and without waiving this objection, RAI is willing to meet and confer in good faith with Plaintiffs to discuss ESI search terms that might render this Request sufficiently specific to satisfy the reasonable particularity requirement of Rule 34(b)(1)(A).

In addition, the Request seeks "every" document reflecting the presence or absence of ingredients in NAS cigarettes, including attorney-client privileged documents and work product. Thus, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), RAI states expressly that it will withhold from production all information that is privileged or subject to protection as trial-preparation material, and will provide a log of such withheld material consistent with section VIII of the ESI Order.

**REQUEST NO. 10**:  A color reproduction of every print, email, or online internet advertisement and marketing/promotional piece for American Spirits from their inception to date.

9

**RESPONSE:**

If and to the extent they exist in its files, RAI will produce non-privileged documents sufficient to show the: (a) NAS print advertisements and trade marketing advertisements, (b) templates for NAS brand marketing emails, and (c) web page captures from Santa Fe's website used to advertise NAS (www.nascigs.com), for the years 1995 through 2015.  RAI will produce any such documents on a rolling basis, starting November 4, 2016 and expects to conclude by December 15, 2017.  Electronic images will be produced as .tiff files as required under the Court's Order on Discovery of Electronically Stored Information [Doc. #55] ("ESI Order").  To the extent this Request seeks additional documents, RAI objects on the following grounds.

To the extent this Request seeks advertisements and marketing prior to 1995, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which the longest limitations period is six years.  Plaintiffs  themselves limited their related Requests regarding consumers, retailers and distributors to six years.  E.g., Request 36 seeking cost of NAS production data for the past six years; Request 40 seeking docs identifying consumers of NAS over the past six years; Request 52 seeking identity of all NAS retailers and distributers over the past six years; and Request 53 seeking NAS price and sales data during the past six years.  In a good faith effort to meet fully its discovery obligations consistent with the principles of proportionality under Federal Rule of Civil Procedure 26, RAI is producing twenty years of the requested materials back to 1995 (to the extent any such responsive material exists in RAI's files), which is seven years before RAI's predecessor, R.J. Reynolds Tobacco Holdings, Inc. ("Reynolds Holdings") acquired RAI and more than a decade beyond the putative class period.

Anything prior to that is disproportionate to the needs of the case, particularly given the

sweeping breadth of the Request, and its marginal relevance, if any, to the claims of the named.

RAI objects to this Request, including the phrase "marketing/promotional piece," to the

extent it seeks production of documents beyond those described above and those documents RAI

is producing in response to the particularized requests for advertising and marketing materials in

Requests 11, 13, and 15-17 because it fails to describe with reasonable particularity the

documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).

**REQUEST NO. 11**:  A color reproduction of a representative sample of each email and direct-mail advertisement and marketing/promotional campaign for American Spirits from their inception to date.

**RESPONSE:**

The portion of this Request seeking NAS brand marketing emails is duplicative of

Request 10, and RAI incorporates here its response and objections to Request 10.  In response to

the rest of Request 11, if and to the extent they exist in its files, RAI will produce the template

for or an example of the NAS direct mail marketing communications in its files for the years

1995 through 2015, and will limit its search accordingly.  RAI will produce any such documents

on a rolling basis, starting November 4, 2016 and expects to conclude by December 15, 2017.

To the extent this Request seeks additional documents, RAI objects on the following grounds.

First, to the extent this Request seeks direct marketing communications prior to 1995,

RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not

proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which

the longest limitations period is six years.  Plaintiffs  themselves limited their related Requests

regarding consumers, retailers and distributors to six years.  E.g., Request 40 seeking docs

identifying consumers of NAS over the past six years; Request 52 seeking identity of all NAS

retailers and distributers over the past six years; and Request 53 seeking NAS price and sales

data during the past six years.  In a good faith effort to meet fully its discovery obligations

consistent with the principles of proportionality under Federal Rule of Civil Procedure 26, RAI is

producing twenty years of the requested materials back to 1995 (to the extent any such

responsive material exists in RAI's files), which is seven years before Reynolds Holdings

acquired RAI and more than a decade beyond the putative class period.  Anything prior to that is

disproportionate to the needs of the case, particularly given the sweeping breadth of the Request,

and its marginal relevance, if any, to the claims of the named Plaintiffs.

Second, RAI objects to this Request, including the phrase "marketing/promotional

piece," to the extent it seeks production of documents beyond those described above and those

documents RAI is producing in response to Requests 10, 13 and 15 because it fails to describe

with reasonable particularity the documents sought, as required by Federal Rule of Civil

Procedure 34(b)(1)(A).

**REQUEST NO. 12**:  A <u>color</u> reproduction of every outdoor advertisement and
marketing/promotional piece, including transit advertisements, for American Spirits from their
inception to date.

**RESPONSE:**

RAI interprets this Request as seeking NAS outdoor or transit advertising, commonly

referred to as out of home advertising.  To the best of its knowledge, RAI has no documents

responsive to the Request for the years 1995 through 2015, and has limited its search to that time

period.

To the extent this Request seeks out of home advertising prior to 1995, RAI objects

because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the

needs of the case.  The Amended Complaint alleges legal claims as to which the longest

limitations period is six years.  Plaintiffs themselves limited their related Requests regarding

consumers, retailers and distributors to six years.  <u>E.g.</u>, Request 42 seeking docs identifying

12

consumers of NAS over the past six years; Request 54 seeking identity of all NAS retailers and

distributers over the past six years; and Request 55 seeking NAS price and sales data during the

past six years.  In a good faith effort to meet fully its discovery obligations consistent with the

principles of proportionality under Federal Rule of Civil Procedure 26, RAI has searched for

twenty years of the requested materials back to 1995, which is seven years before Reynolds

Holdings acquired Santa Fe and more than a decade beyond the putative class period.  Anything

prior to that is disproportionate to the needs of the case, particularly given the sweeping breadth

of the Request, its marginal relevance, if any, to the claims of the named Plaintiffs, and the fact

that such documents are largely, if not exclusively, in paper form, rendering searches

disproportionately burdensome to RAI..

**REQUEST NO. 13**:  A <u>color</u> reproduction of every point-of-sale/point-of-purchase
advertisement and marketing/promotional piece for American Spirits from their inception to
date.

 **RESPONSE:**

  If and to the extent they exist in its files, RAI will produce the NAS point-of-sale

advertisements and marketing in its files for the years 1995 through 2015, and will limit its

search accordingly.  RAI will produce any such documents on a rolling basis, starting November

4, 2016 and expects to conclude by December 15, 2017.  To the extent this Request seeks

additional documents, RAI objects on the following grounds.

  First, to the extent this Request seeks point-of-sale advertisements and marketing prior to

1995, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not

proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which

the longest limitations period is six years.  Plaintiffs  themselves limited their related Requests

regarding consumers, retailers and distributors to six years.  <u>E.g.</u>, Request 40 seeking docs

identifying consumers of NAS over the past six years; Request 52 seeking identity of all NAS

retailers and distributers over the past six years; and Request 53 seeking NAS price and sales

data during the past six years.  In a good faith effort to meet fully its discovery obligations

consistent with the principles of proportionality under Federal Rule of Civil Procedure 26, RAI is

producing twenty years of the requested materials back to 1995 (to the extent any such

responsive material exists in RAI's files), which is seven years before Reynolds Holdings

acquired RAI and more than a decade beyond the putative class period.  Anything prior to that is

disproportionate to the needs of the case, particularly given the sweeping breadth of the Request,

and its marginal relevance, if any, to the claims of the named Plaintiffs.

Second, RAI objects to this Request, including the phrase "marketing/promotional

piece," to the extent it seeks production of documents beyond those described above and those

documents RAI is producing in response to Requests 10-11 and 15 because it fails to describe

with reasonable particularity the documents sought, as required by Federal Rule of Civil

Procedure 34(b)(1)(A.

**REQUEST NO. 14**:  A <u>color</u> reproduction of every other advertisement and
marketing/promotional price for American Spirits shared via electronic transmission, including
all advertisements in all social media platforms from inception to date.

       **RESPONSE:**

RAI has no documents responsive to that portion of this Request seeking NAS

advertisements transmitted by social media platforms.  RAI objects to the balance of this Request

as duplicative of Requests 10 and 11 and incorporates here its responses and objections to those

Requests.

**REQUEST NO. 15**:  A <u>color</u> reproduction of every writing (including brochures, pamphlets,
leaflets, flyers, and the like) bearing any American Spirits brand name or logo, which writing
was distributed free of charge at any time.

       **RESPONSE:**

If and to the extent they exist in its files, RAI will produce documents sufficient to show the consumer-directed NAS advertising and marketing brochures, pamphlets, leaflets and flyers in its files for the years 1995 through 2015, and will limit its search accordingly.  RAI will produce any such documents on a rolling basis, starting November 4, 2016 and expects to conclude by December 15, 2017.  To the extent this Request seeks additional documents, RAI objects on the following grounds.

First, to the extent this Request seeks materials prior to 1995, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which the longest limitations period is six years.  Plaintiffs  themselves limited their related Requests regarding consumers, retailers and distributors to six years.  E.g., Request 40 seeking docs identifying consumers of NAS over the past six years; Request 52 seeking identity of all NAS retailers and distributers over the past six years; and Request 53 seeking NAS price and sales data during the past six years.  In a good faith effort to meet fully its discovery obligations consistent with the principles of proportionality under Federal Rule of Civil Procedure 26, RAI is producing twenty years of the requested materials back to 1995 (to the extent any such responsive material exists in RAI's files), which is seven years before Reynolds Holdings acquired RAI and more than a decade beyond the putative class period.  Anything prior to that is disproportionate to the needs of the case, particularly given the sweeping breadth of the Request, and its marginal relevance, if any, to the claims of the named Plaintiffs.

Second, RAI objects to this Request to the extent it seeks production of "every writing" bearing the NAS brand name or logo beyond those described above and those documents RAI is producing in response to Requests 10-11, and 13 because: (i) it fails to describe with reasonable

particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A), and (ii) it is overbroad because it requires production of every tangible thing with the NAS name or logo, including every NAS communication, regardless of subject matter or relevance to this case.

**REQUEST NO. 16**:  A sample or <u>color</u> reproduction/depiction of every American Spirits specialty item sold or given to any member of the public from inception to date.

**RESPONSE:**

If and to the extent they exist in its files, RAI will produce documents sufficient to show the non-tobacco utilitarian goods in its files that were offered by Santa Fe to NAS consumers for the years 1995 through 2015, and will limit its search accordingly.  RAI will produce any such documents on a rolling basis, starting November 4, 2016 and expects to conclude by December 15, 2017.  To the extent this Request seeks additional documents, RAI objects on the following grounds.

First, to the extent this Request seeks materials prior to 1995, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which the longest limitations period is six years.  Plaintiffs  themselves limited their related Requests regarding consumers, retailers and distributors to six years.  <u>E.g.</u>, Request 40 seeking docs identifying consumers of NAS over the past six years; Request 52 seeking identity of all NAS retailers and distributers over the past six years; and Request 53 seeking NAS price and sales data during the past six years.  In a good faith effort to meet fully its discovery obligations consistent with the principles of proportionality under Federal Rule of Civil Procedure 26, RAI is producing twenty years of the requested materials back to 1995 (to the extent any such responsive material exists in RAI's files), which is seven years before Reynolds Holdings acquired RAI and more than a decade beyond the putative

class period.  Anything prior to that is disproportionate to the needs of the case, particularly

given its marginal relevance, if any, to the claims of the named Plaintiffs.

Second, to the extent this Request for "NAS specialty items" seeks anything beyond the

materials described above, RAI objects because the phrase is too ambiguous to permit further

response.

**REQUEST NO. 17**:  A <u>color</u> reproduction of a representative sample of every packaging for
every line or line extension of American Spirits.

**RESPONSE:**

If and to the extent they exist in its files, RAI will produce documents showing examples

of: (i) the packages of each brand style of NAS cigarettes, and (ii) the cartons containing

packages of those NAS cigarettes, offered for purchase by adult tobacco consumers for the years

1995-2015, and will limit its search accordingly.  RAI will produce any such documents on a

rolling basis, starting November 4, 2016 and expects to conclude by December 15, 2017.  To the

extent this Request seeks additional documents, RAI objects on the following grounds.

First, to the extent this Request seeks packages and cartons of NAS cigarettes prior to

1995, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not

proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which

the longest limitations period is six years.  Plaintiffs  themselves limited their related Requests

regarding consumers, retailers and distributors to six years.  <u>E.g.</u>, Request 40 seeking docs

identifying consumers of NAS over the past six years; Request 52 seeking identity of all NAS

retailers and distributers over the past six years; and Request 53 seeking NAS price and sales

data during the past six years.  In a good faith effort to meet fully its discovery obligations

consistent with the principles of proportionality under Federal Rule of Civil Procedure 26, RAI is

producing twenty years of the requested materials back to 1995 (to the extent any such

responsive material exists in RAI's files), which is seven years before Reynolds Holdings

acquired RAI and more than a decade beyond the putative class period.  Anything prior to that is

disproportionate to the needs of the case, particularly given the Request's marginal relevance, if

any, to the claims of the named Plaintiffs.

Second, RAI objects to this Request, including the phrase "packaging for every line or

line extension" of NAS, to the extent it seeks production of documents beyond those described

above and those documents RAI is producing in response to Requests 10-11, 13 and 16 because:

(i) it fails to describe with reasonable particularity the documents sought, as required by Federal

Rule of Civil Procedure 34(b)(1)(A), and (ii) it requires production of packaging materials to

which an ordinary consumer would not be exposed, such as packaging materials used in shipping

NAS cigarettes from RAI to tobacco wholesalers, which are not relevant to Plaintiffs' claims.

**REQUEST NO. 18**:  Every document identifying or otherwise reflecting any print publications
(newspapers, magazines, etc) in which American Spirits advertising appeared at any time.

**RESPONSE:**

If and to the extent they exist in its files, RAI will produce print publication

advertisements and documents sufficient to show the print publications in which NAS cigarettes

were advertised during the years 1995-2015, and will limit its search accordingly.  RAI will

produce any such documents on a rolling basis, starting November 4, 2016 and expects to

conclude by December 15, 2017.  To the extent this Request seeks additional documents, RAI

objects on the following grounds.

First, to the extent this Request seeks documents reflecting print publication information

prior to 1995, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and

is not proportional to the needs of the case.  The Amended Complaint alleges legal claims as to

which the longest limitations period is six years.  Plaintiffs  themselves limited their related

Requests regarding consumers, retailers and distributors to six years.  E.g., Request 40 seeking

docs identifying consumers of NAS over the past six years; Request 52 seeking identity of all

NAS retailers and distributers over the past six years; and Request 53 seeking NAS price and

sales data during the past six years.  In a good faith effort to meet fully its discovery obligations

consistent with the principles of proportionality under Federal Rule of Civil Procedure 26, RAI is

producing twenty years of the requested materials back to 1995 (to the extent any such

responsive material exists in RAI's files), which is seven years before Reynolds Holdings

acquired RAI and more than a decade beyond the putative class period.  Anything prior to that is

disproportionate to the needs of the case, particularly given the sweeping breadth of the Request,

and its marginal relevance, if any, to the claims of the named Plaintiffs.

        Second, RAI objects to this Request to the extent it seeks production of "every

document" identifying or reflecting print publications in which NAS advertising appeared,

beyond those described above and those documents Santa Fe is producing in response to Request

10, because it would require production of documents bearing information redundant or

duplicative of that being produced.  RAI thus objects on grounds of redundancy, lack of

proportionality and necessity and because the Request is overbroad.  Plaintiffs  themselves

limited their related Requests 11 (NAS email and direct mail advertising and marketing) and 17

(NAS packages and cartons) to representative samples or documents sufficient to show them.

RAI's foregoing limitation on this Request to documents sufficient to show the requested print

publications is appropriate as evidenced by Plaintiffs' own proper limitation of these other

related Requests.  Moreover, the Request fails to describe with reasonable particularity the

documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).

Finally, the Request seeks "every" document "identifying or otherwise reflecting" print publications in which NAS advertisements appeared, including attorney-client privileged documents and work product. Thus, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), RAI states expressly that it will withhold from production all information that is privileged or subject to protection as trial-preparation material, and will provide a log of such withheld material consistent with section VIII of the ESI Order.

**REQUEST NO. 19**:  All scripts for consumer call centers or otherwise used for interaction with American Spirits consumers.

    **RESPONSE:**

If and to the extent they exist in its files, RAI will produce the scripts used by the Santa Fe consumer call center or for direct interaction by Santa Fe with adult tobacco consumers regarding NAS cigarettes for the years 1995-2015. RAI will produce any such documents on a rolling basis, starting November 4, 2016 and expects to conclude by December 15, 2017. To the extent this Request seeks additional documents, RAI objects on the following grounds.

To the extent this Request seeks scripts prior to 1995, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of the case. The Amended Complaint alleges legal claims as to which the longest limitations period is six years. Plaintiffs  themselves limited their related Requests regarding consumers, retailers and distributors to six years.  E.g., Request 40 seeking docs identifying consumers of NAS over the past six years; Request 52 seeking identity of all NAS retailers and distributers over the past six years; and Request 53 seeking NAS price and sales data during the past six years. In a good faith effort to meet fully its discovery obligations consistent with the principles of proportionality under Federal Rule of Civil Procedure 26, RAI is producing twenty years of the requested materials back to 1995 (to the extent any such responsive material exists in RAI's files), which is

seven years before Reynolds Holdings acquired RAI and more than a decade beyond the putative

class period.  Anything prior to that is disproportionate to the needs of the case, particularly

given the sweeping breadth of the Request, and its marginal relevance, if any, to the claims of the

named Plaintiffs.

**REQUEST NO. 20**:  All responses to consumer letters, emails, messages, or other
communications which responses directly or indirectly refer to the design and manufacture of
American Spirits, including chemicals, ingredients, or additives contained or not contained in
American Spirits.

    **RESPONSE:**

    If and to the extent they exist in its files, RAI will produce the correspondence (including

letters and emails) in its files between NAS and adult tobacco consumers regarding NAS

cigarettes during the years 1995-2015, and will limit its search accordingly.  RAI will produce

any such documents on a rolling basis, starting November 4, 2016 and expects to conclude by

December 15, 2017.  To the extent this Request seeks additional documents, RAI objects on the

following grounds.

    First, to the extent this Request seeks correspondence prior to 1995, RAI objects because

the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of

the case.  The Amended Complaint alleges legal claims as to which the longest limitations period

is six years.  Plaintiffs  themselves limited their related Requests regarding consumers, retailers

and distributors to six years.  E.g., Request 40 seeking docs identifying consumers of NAS over

the past six years; Request 52 seeking identity of all NAS retailers and distributers over the past

six years; and Request 53 seeking NAS price and sales data during the past six years.  In a good

faith effort to meet fully its discovery obligations consistent with the principles of proportionality

under Federal Rule of Civil Procedure 26, RAI is producing twenty years of the requested

materials back to 1995 (to the extent any such responsive material exists in RAI's files), which is

seven years before Reynolds Holdings acquired RAI and more than a decade beyond the putative

class period.  Anything prior to that is disproportionate to the needs of the case, particularly

given the sweeping breadth of the Request, and its marginal relevance, if any, to the claims of the

named Plaintiffs.

Second, RAI objects to the phrase "indirectly refers" because it renders that part of the

Request too ambiguous to allow RAI to respond.  Nonetheless, RAI is producing the

correspondence described above regarding NAS cigarettes, which renders the objectionable

portion of the Request superfluous.

**REQUEST NO. 21**:  All responses to consumer letters, emails, messages, or other
communications which responses directly or indirectly refer to the content of American Spirits
advertisements or other marketing materials.

   **RESPONSE:**

This Request is redundant of Request 20.  Non-privileged documents responsive to this

Request, if any, are being produced  in response to that Request and RAI incorporates here its

response and objections to Request No. 20.

**REQUEST NO. 22**:  Every document containing or reflecting internal company
communications regarding the proposed or actual content of American Spirits advertising or
other marketing materials, specifically including all marketing plans, including any documents
discussing or referring to their potential or intended impact upon consumer perceptions of
American Spirits.

   **RESPONSE:**

If and to the extent they exist in its files, RAI will produce the non-privileged

communications (both internal to RAI and between RAI and others) and documents reflecting

them in its files regarding proposed or actual NAS advertising and marketing (including NAS

packaging, labeling and marketing plans and strategy), for the years 1995-2015, and will limit its

search accordingly.  RAI will produce any such documents on a rolling basis, starting November

4, 2016 and expects to conclude by December 15, 2017.  To the extent this Request seeks

additional documents, RAI objects on the following grounds.

First, to the extent this Request seeks communications and documents reflecting them

prior to 1995, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and

is not proportional to the needs of the case.  The Amended Complaint alleges legal claims as to

which the longest limitations period is six years.  Plaintiffs  themselves limited their related

Requests regarding consumers, retailers and distributors to six years.  E.g., Request 40 seeking

docs identifying consumers of NAS over the past six years; Request 52 seeking identity of all

NAS retailers and distributers over the past six years; and Request 53 seeking NAS price and

sales data during the past six years.  In a good faith effort to meet fully its discovery obligations

consistent with the principles of proportionality under Federal Rule of Civil Procedure 26, RAI is

producing twenty years of the requested materials back to 1995 (to the extent any such

responsive material exists in RAI's files), which is seven years before Reynolds Holdings

acquired RAI and more than a decade beyond the putative class period.  Anything prior to that is

disproportionate to the needs of the case, particularly given the sweeping breadth of the Request,

and its marginal relevance, if any, to the claims of the named Plaintiffs.

Second, to the extent this Request seeks production of documents beyond those described

above, RAI objects because it fails to describe with reasonable particularity the documents

sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).

Finally, the Request seeks "every" document "containing or reflecting" communications

about NAS advertising and marketing, including attorney-client privileged documents and work

product.  Thus, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), and subject to

completion of its review of potentially responsive documents, RAI states expressly that it will

withhold from production all information that is privileged or subject to protection as trial-

preparation material, and will provide a log of such withheld material consistent with section

VIII of the ESI Order.

**REQUEST NO. 23**:  Every document containing or reflecting communications between you and someone outside RAI regarding the proposed or draft or actual content of American Spirits advertising or other marketing materials specifically including any documents discussing or referring to their potential or intended impact upon consumer perceptions of American Spirits.

    **RESPONSE:**

    This Request is redundant of Request 22.  Non-privileged documents responsive to this

Request, if any, are being produced  in response to that Request and RAI incorporates here its

response and objections to Request No. 22.

**REQUEST NO. 24**:  Every document containing or reflecting internal company communications regarding proposed or actual packaging or labeling for American Spirits, specifically including any documents discussing or referring to its potential or intended impact upon consumer perceptions of American Spirits.

    **RESPONSE:**

    This Request is redundant of Request 22.  Non-privileged documents responsive to this

Request, if any, are being produced  in response to that Request and RAI incorporates here its

response and objections to Request No. 22.

**REQUEST NO. 25**:  Every document containing or reflecting communications between you and someone outside RAI regarding proposed or actual packaging or labeling for American Spirits, specifically including any documents discussing or referring to its potential or intended impact upon consumer perceptions of American Spirits.

    **RESPONSE:**

    This Request is redundant of Request 22.  Non-privileged documents responsive to this

Request, if any, are being produced  in response to that Request and RAI incorporates here its

response and objections to Request No. 22.

**REQUEST NO. 26**:  very [sic] document not produced in response to a preceding response, which document discusses, refers to, or otherwise reflects marketing strategy for American Spirits.

**RESPONSE:**

This Request is redundant of Request 22.  Non-privileged documents responsive to this Request, if any, are being produced  in response to that Request and RAI incorporates here its response and objections to Request No. 22.

**REQUEST NO. 27**:  very [sic] document that constitutes or reflects a communication by you to any member of the public which refers in any way to the nicotine or tar content and to the presence or absence of any additive, or additives generally, in American Spirits.

**RESPONSE:**

Portions of this Request are duplicative of Requests 10, 11, 13, 15, 17, 20 and 21, and RAI incorporates here its responses and objections to those Requests.  In response to the rest of Request 27, and if and to the extent they exist in its files, RAI will produce the non-privileged responsive communications (including public statements, press releases and trade speeches) and documents reflecting them in its files, for the years 1995-2015, and will limit its search accordingly.  RAI will produce any such documents on a rolling basis, starting November 4, 2016 and expects to conclude by December 15, 2017.   To the extent this Request seeks additional documents, Santa Fe objects on the following grounds.

First, to the extent this Request seeks communications and documents reflecting them prior to 1995, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which the longest limitations period is six years.  Plaintiffs  themselves limited their related Requests regarding consumers, retailers and distributors to six years.  E.g., Request 40 seeking docs identifying consumers of NAS over the past six years; Request 52 seeking identity of all NAS retailers and distributers over the past six years; and Request 53 seeking NAS price and

25

sales data during the past six years.  In a good faith effort to meet fully its discovery obligations consistent with the principles of proportionality under Federal Rule of Civil Procedure 26, RAI is producing twenty years of the requested materials back to 1995 (to the extent any such responsive material exists in RAI's files), which is seven years before Reynolds Holdings acquired RAI and more than a decade beyond the putative class period.  Anything prior to that is disproportionate to the needs of the case, particularly given the sweeping breadth of the Request, and its marginal relevance, if any, to the claims of the named Plaintiffs.

Second, to avoid an objection based on redundancy, RAI interprets this Request for communications with "any member of the public" to exclude communications with government agencies, which are the subject of Requests 35 and 46.  Moreover, if, and to the extent, this Request seeks production of documents beyond those described above, RAI objects because it fails to describe with reasonable particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).

Finally, the Request seeks "every" document "reflecting" communications about the tar or nicotine content or other aspects of NAS cigarettes, including attorney-client privileged documents and work product.  Thus, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), and subject to completion of its review of potentially responsive documents, RAI states expressly that it will withhold from production all information that is privileged or subject to protection as trial-preparation material, and will provide a log of such withheld material consistent with section VIII of the ESI Order.

**REQUEST NO. 28**:  Every document that constitutes or reflects a communication by you to any member of the public which refers in any way to the health effects of smoking generally or smoking American Spirits, specifically.

**RESPONSE:**

26

If and to the extent they exist in its files, RAI will produce the non-privileged, responsive communications about NAS by RAI and documents reflecting them for the years 1995-2015, and will limit its search accordingly.  RAI will produce these documents on a rolling basis, starting November 15, 2016 and expects to conclude by December 15, 2017.  To the extent this Request seeks additional documents, RAI objects on the following grounds.

First, to the extent this Request seeks communications (whether about NAS or smoking generally) and documents  reflecting them prior to 1995, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which the longest limitations period is six years.  Plaintiffs  themselves limited their related Requests regarding consumers, retailers and distributors to six years.  E.g., Request 40 seeking docs identifying consumers of NAS over the past six years; Request 52 seeking identity of all NAS retailers and distributers over the past six years; and Request 53 seeking NAS price and sales data during the past six years.  In a good faith effort to meet fully its discovery obligations consistent with the principles of proportionality under Federal Rule of Civil Procedure 26, RAI is producing twenty years of the requested materials back to 1995 (to the extent any such responsive material exists in RAI's files), which is seven years before Reynolds Holdings acquired RAI and more than a decade beyond the putative class period.  Anything prior to that is disproportionate to the needs of the case, particularly given the sweeping breadth of the Request, and its marginal relevance, if any, to the claims of the named Plaintiffs.

Second, to avoid an objection based on redundancy, RAI interprets this Request for communications with "any member of the public" to exclude communications with government agencies, which are the subject of Requests 35 and 46.  Moreover, if, and to the extent, this

Request seeks production of documents beyond those described above, RAI objects because it fails to describe with reasonable particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).

Finally, the Request seeks "every" document that "reflects" communications about the health effects of smoking, including attorney-client privileged documents and work product. Thus, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), and subject to completion of its review of potentially responsive documents, RAI states expressly that it will withhold from production all information that is privileged or subject to protection as trial-preparation material, and will provide a log of such withheld material consistent with section VIII of the ESI Order.

**REQUEST NO. 29:**  Every marketing agreement, marketing proposal, or other contract entered between you and someone outside or not affiliated with RAI with respect to the advertising or marketing of American Spirits.

**RESPONSE:**

The portion of this Request seeking NAS marketing proposals is duplicative of Requests 22 and 23, and RAI incorporates here its responses and objections to those Requests.  In response to the rest of Request 29, and if and to the extent they exist in its files, RAI will produce the responsive agreements and contracts in its files regarding NAS marketing and advertising for the years 1995-2015; except that for duplicative contracts with wholesalers and retailers of NAS, Santa Fe will produce representative samples of such agreements rather than produce a multitude of duplicative copies, and will limit its search accordingly.  RAI will produce any such documents on a rolling basis, starting November 4, 2016 and expects to conclude by December 15, 2017.

To the extent this Request seeks agreements and contracts prior to 1995, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which the longest

limitations period is six years.  Plaintiffs  themselves limited their related Requests regarding

consumers, retailers and distributors to six years.  <u>E.g.</u>, Request 40 seeking docs identifying

consumers of NAS over the past six years; Request 52 seeking identity of all NAS retailers and

distributers over the past six years; and Request 53 seeking NAS price and sales data during the

past six years.  In a good faith effort to meet fully its discovery obligations consistent with the

principles of proportionality under Federal Rule of Civil Procedure 26, RAI is producing twenty

years of the requested materials back to 1995 (to the extent any such responsive material exists in

RAI's files), which is seven years before Reynolds Holdings acquired RAI and more than a

decade beyond the putative class period.  Anything prior to that is disproportionate to the needs

of the case, particularly given the sweeping breadth of the Request, and its marginal relevance, if

any, to the claims of the named Plaintiffs.

**REQUEST NO. 30**:  Every document that discusses, refers to, or otherwise reflects the ideal,
potential, desired or actual demographic(s) for American Spirits consumers.

      **RESPONSE:**

This Request is redundant of Requests 22-26.  Non-privileged documents responsive to

this Request, if any, are being produced  in response to those Requests and RAI incorporates here

its response and objections to Requests No. 22-26.

**REQUEST NO. 31**:  Every document that discusses, refers to, or otherwise reflects the
rationale(s) for pricing American Spirits at their given price point at any time.

      **RESPONSE:**

Portions of this Request are duplicative of Requests 22 and 23, to which RAI

incorporates here its responses and objections to those Requests.  In response to the rest of

Request 31, and if and to the extent they exist in its files, RAI will produce the non-privileged,

responsive documents regarding RAI's rationale for pricing NAS cigarettes, for the years 1995-

2015.  RAI will produce any such documents on a rolling basis, starting November 4, 2016 and expects to conclude by December 15, 2017.

To the extent this Request seeks communications prior to 1995, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which the longest limitations period is six years.  Plaintiffs themselves limited their related Requests regarding consumers, retailers and distributors to six years.  E.g., Request 40 seeking docs identifying consumers of NAS over the past six years; Request 52 seeking identity of all NAS retailers and distributers over the past six years; and Request 53 seeking NAS price and sales data during the past six years.  In a good faith effort to meet fully its discovery obligations consistent with the principles of proportionality under Federal Rule of Civil Procedure 26, RAI is producing twenty years of the requested materials back to 1995 (to the extent any such responsive material exists in RAI's files), which is seven years before Reynolds Holdings acquired RAI and more than a decade beyond the putative class period.  Anything prior to that is disproportionate to the needs of the case, particularly given the sweeping breadth of the Request, and its marginal relevance, if any, to the claims of the named Plaintiffs.

Finally, the Request seeks "every" document that "discusses, refers to, or otherwise reflects" rationales for pricing NAS cigarettes, including attorney-client privileged documents and work product.  Thus, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), and subject to completion of its review of potentially responsive documents, Santa Fe states expressly that it will withhold from production all information that is privileged or subject to protection as trial-preparation material, and will provide a log of such withheld material consistent with section VIII of the ESI Order.

**REQUEST NO. 32**:  Every document that constitutes, discusses, refers to, or otherwise reflects the existence of any consumer survey performed by you or on your behalf.

    **RESPONSE**:

Portions of this Request are duplicative of Requests 22-26, to which RAI incorporates here its responses and objections to those Requests.  In response to the rest of Request 32, and if and to the extent they exist in its files, RAI will produce the responsive NAS consumer surveys and non-privileged, responsive documents referring to them, for the years 1995-2015.  RAI will produce any such documents on a rolling basis, starting November 4, 2016 and expects to conclude by December 15, 2017.

To the extent this Request seeks consumer surveys and documents referring to them prior to 1995, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which the longest limitations period is six years.  Plaintiffs  themselves limited their related Requests regarding consumers, retailers and distributors to six years.  E.g., Request 40 seeking docs identifying consumers of NAS over the past six years; Request 52 seeking identity of all NAS retailers and distributers over the past six years; and Request 53 seeking NAS price and sales data during the past six years.  In a good faith effort to meet fully its discovery obligations consistent with the principles of proportionality under Federal Rule of Civil Procedure 26, RAI is producing twenty years of the requested materials back to 1995 (to the extent any such responsive material exists in RAI's files), which is seven years before Reynolds Holdings acquired RAI and more than a decade beyond the putative class period.  Anything prior to that is disproportionate to the needs of the case, particularly given the sweeping breadth of the Request, and its marginal relevance, if any, to the claims of the named Plaintiffs.

If, and to the extent, this Request seeks production of documents beyond those described above, RAI objects because it fails to describe with reasonable particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).

Finally, the Request seeks "every" document that "discusses, refers to, or otherwise reflects" rationales for pricing NAS cigarettes, including attorney-client privileged documents and work product.  Thus, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), and subject to completion of its review of potentially responsive documents, RAI states expressly that it will withhold from production all information that is privileged or subject to protection as trial-preparation material, and will provide a log of such withheld material consistent with section VIII of the ESI Order.

**REQUEST NO. 33**:  Every document that constitutes, discusses, refers to, or otherwise reflects the existence of any focus group regarding American Spirits' potential or actual marketing claims and packaging and labelling [sic].

   **RESPONSE:**

This Request is redundant of Requests 22-23, 26 and 32.  Non-privileged documents responsive to this Request, if any, are being produced  in response to those other Requests and RAI incorporates here its response and objections to Requests 22-23, 26 and 32.

**REQUEST NO. 34**:  Every document that constitutes, discusses, refers to, or otherwise reflects the existence of any focus group regarding American Spirits' potential or actual packaging, labeling, advertising slogans or brand name.

   **RESPONSE:**

This Request is redundant of Requests 22-23, 26 and 32-33.  Non-privileged documents responsive to this Request, if any, are being produced  in response to those other Requests and RAI incorporates here its response and objections to Requests 22-23, 26 and 32-33.

**REQUEST NO. 35**:  All responses by you to the Federal Trade Commission in connection with its annual reports on cigarette advertising and sales.

**RESPONSE:**

RAI has no documents responsive to this Request.  In response to a duplicate request to Santa Fe, Santa Fe will produce its submissions to the Federal Trade Commission pursuant to the Federal Cigarette Labeling and Advertising Act regarding NAS made during the years 1995-2015.

**REQUEST NO. 36**:  All documents reflecting the cost to produce American Spirits, including cost of materials and production, over the past six years.

**RESPONSE:**

If and to the extent they exist in its files, RAI will produce non-privileged documents sufficient to show Santa Fe's cost to produce NAS cigarettes for the years 1995 through 2015. RAI will produce any such documents on a rolling basis, starting November 4, 2016 and expects to conclude by December 15, 2017.

RAI objects to the extent this Request seeks "all documents" reflecting the cost to produce NAS because: (i) it fails to describe with reasonable particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A), and (ii) it is vastly overbroad in seeking production of literally every document reflecting any cost or expense incurred by RAI, which is unduly burdensome and disproportionate to the needs of the case.

Finally, the Request seeks "all" document reflecting the cost to produce NAS cigarettes, including attorney-client privileged documents and work product.  Thus, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), and subject to completion of its review of potentially responsive documents, RAI states expressly that it will withhold from production all information that is privileged or subject to protection as trial-preparation material, and will provide a log of such withheld material consistent with section VIII of the ESI Order.

**REQUEST NO. 37**:  All communications between SFNTC and RAI, or any other Reynolds entity, discussing or referring in any way to the advertising or marketing of American Spirits.

33

**RESPONSE:**

This Request is duplicative of Requests 22 and 23.  Non-privileged documents responsive to this Request, if any, are being produced  in response to those Requests and RAI incorporates here its responses and objections to Requests 22 and 23.  To the extent this Request seeks other documents, RAI objects because it fails to describe with reasonable particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).

**REQUEST NO. 38**:  All communications between SFNTC and RAI, or any other Reynolds entity, discussing or referring in any way to the design or manufacture of American Spirits.

**RESPONSE:**

This Request is redundant of Requests 5-7 and 9.  Non-privileged documents responsive to this Request, if any, are being produced  in response to those Requests and RAI incorporates here its responses and objections to Requests 5-7 and 9.  To the extent this Request seeks documents not previously requested, RAI objects because it fails to describe with reasonable particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).

**REQUEST NO. 39**:  All communications between SFNTC and RAI, or any other Reynolds entity, discussing or referring in any way to the testing of American Spirits.

**RESPONSE:**

This Request is duplicative of Requests 7-9.  Non-privileged documents responsive to this Request, if any, are being produced in response to those Requests and RAI incorporates here its responses and objections to Requests 7-9.  To the extent this Request seeks other documents, RAI objects because it fails to describe with reasonable particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).  Moreover, to the extent this Request seeks communications about "testing" other than the analytical testing described in Requests 8 and 9, RAI objects that the term is too ambiguous to permit it to respond beyond what is set forth above.

**REQUEST NO. 40**:  All customer lists and other documents that identify consumers of American Spirits, over the past six years.

    **RESPONSE:**

RAI has no documents responsive to this Request.  In response to a duplicate request to Santa Fe, Santa Fe will produce documents identifying the NAS consumers for whom Santa Fe has a record of contact during the past six years and the available data regarding each such consumer.  To the extent this Request seeks additional documents regarding NAS consumers, it is duplicative of Requests 20 and 21, to which RAI incorporates here its responses and objections to those Requests.

RAI objects to that portion of Request 40 seeking NAS "customer lists" because (i) NAS' customers are the wholesalers and direct account entities that purchase NAS cigarettes for ultimate resale to adult tobacco consumers, and (ii) it is duplicative of Request 52, which seeks documents sufficient to identify those NAS customers during the past six years.

**REQUEST NO. 41**:  Organizational charts reflecting the composition of RAI (including the composition of SFNTC), including its marketing department, from its inception to the present.

    **RESPONSE:**

RAI does not have a marketing department and thus has no documents responsive to that portion of Request 41.

If and to the extent they exist in its files, RAI will produce organizational charts reflecting the composition of (i) Santa Fe (including its marketing department) and (ii) RAI, for the years 1995-2015, and will limit its search accordingly.

To the extent this Request seeks organizational charts prior to 1995, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of the case.  The Amended Complaint alleges legal claims as to which the longest limitations period is six years.  Plaintiffs  themselves limited their related Requests regarding consumers, retailers

and distributors to six years.  E.g., Request 40 seeking docs identifying consumers of NAS over the past six years; Request 52 seeking identity of all NAS retailers and distributers over the past six years; and Request 53 seeking NAS price and sales data during the past six years.  In a good faith effort to meet fully its discovery obligations consistent with the principles of proportionality under Federal Rule of Civil Procedure 26, RAI is producing twenty years of the requested materials back to 1995 (to the extent any such responsive material exists in RAI's files), which is seven years before Reynolds Holdings acquired RAI and more than a decade beyond the putative class period.  Anything prior to that is disproportionate to the needs of the case, particularly given the sweeping breadth of the Request, and its marginal relevance, if any, to the claims of the named Plaintiffs.

**REQUEST NO. 42**:  All current and past document retention/destruction policies at RAI.

**RESPONSE:**

RAI will produce its current document retention policies and past policies dating back to August 2015, when the United States Food and Drug Administration ("FDA") sent its letter regarding NAS that gives rise to Plaintiffs' claims in this case.  RAI will produce these documents on a rolling basis, starting November 4, 2016 and expects to conclude by December 15, 2017.

To the extent this Request seeks policies prior to August 2015, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims.

**REQUEST NO. 43**:  All documents reflecting the allocation between RAI and SFNTC of responsibilities for American Spirits, including cigarette design, manufacture, advertising, marketing, and sales upon RAI's acquisition of RAI.

**RESPONSE:**

RAI will produce non-privileged, responsive documents sufficient to show the allocation between RAI and Santa Fe of responsibilities for NAS, including the services agreements

between Santa Fe and Reynolds, and between Santa Fe and RAIS, and will limit its search accordingly.  RAI will produce these documents on a rolling basis, starting November 1, 2016 and expects to conclude by December 15, 2016.

To the extent, this Request seeks production of documents beyond those described above, RAI objects because it fails to describe with reasonable particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).

Finally, the Request seeks documents including attorney-client privileged documents and work product.  Thus, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), and subject to completion of its review of potentially responsive documents, RAI states expressly that it will withhold from production all information that is privileged or subject to protection as trial-preparation material, and will provide a log of such withheld material consistent with section VIII of the ESI Order.

**REQUEST NO. 44**:  All documents reflecting the transfer of documents, if any, from SFNTC to RAI, or vice versa, upon RAI's acquisition of SFNTC.

**RESPONSE:**

RAI knows of no documents sent to RAI upon the acquisition of Santa Fe for which copies were not retained by Santa Fe and on that basis RAI states that, to the best of its knowledge, it has no documents responsive to this Request.

**REQUEST NO. 45**:  All documents that discuss or refer in any way to the loss or destruction of any documents relating in any way to American Spirits.

**RESPONSE:**

Portions of this Request are duplicative of Request 42 (which seeks RAI's document retention policies) and RAI incorporates here its responses and objections to Requests 42.  In response to the rest of Request 45, RAI will produce non-privileged documents from August 2015 through the date of this response, if any, that discuss or refer to those document retention

37

policies.  To the extent this Request seeks additional documents, RAI objects on the following grounds.

First, to the extent this Request seeks documents beyond those described above, RAI objects because by seeking documents unlimited in time and "in any way related" to NAS (i) it is overbroad and encompasses many categories of documents with no relevance to this case and (ii) it fails to describe with reasonable particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).

Second, the Request seeks "all" document discussing or referring to document retention, including attorney-client privileged documents and work product.  Thus, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), and subject to completion of its review of potentially responsive documents, RAI states expressly that it will withhold from production all information that is privileged or subject to protection as trial-preparation material, and will provide a log of such withheld material consistent with section VIII of the ESI Order.

**REQUEST NO. 46**:  All documents relating to communications between you and any governmental agency, including but not limited to any State or Territorial Attorney General's office, any State or Territorial Department of Health, the Federal Trade Commission, or the U.S. Food and Drug Administration, relating to the design, advertising or marketing of the products.

**RESPONSE:**

Plaintiffs served an identical request on Santa Fe.  In response, Santa Fe will produce its non-privileged communications with and submissions to state Attorneys' General regarding Santa Fe's use of the term "organic" in connection with certain NAS brand styles.  RAI made no such submissions but will produce any copies in its files of Santa Fe's submissions to and communications with the state attorneys' general on that topic.

In addition, in response to the identical request on Santa Fe, Santa Fe will produce its non-privileged communications with and submissions to the Federal Trade Commission in

connection with the FTC's 2000 consent order regarding NAS.  RAI made no such submissions but will produce any copies in its files of Santa Fe's submissions to and communications with the FTC on that topic.

Finally, in response to the identical request on Santa Fe, it will produce non-privileged communications with and submissions to the FDA related to the August 2015 FDA warning letter regarding NAS.  RAI made no such submissions but will produce any copies in its files of the submissions to and communications with the FDA made on Santa Fe's behalf on that topic.

RAI will produce any such documents on a rolling basis, starting November 4, 2016 and expects to conclude by December 15, 2017.

To the extent this Request seeks other communications and submissions with governmental agencies, RAI objects because the Request seeks material irrelevant to Plaintiffs' claims and is not proportional to the needs of the case.  In addition, RAI objects to that portion of the Request calling for all documents "relating to any communication" of any kind by RAI or any of its affiliates at any time to any governmental agency in the United States and in unidentified "Territories" related in any way to the design, advertising or marketing of NAS.  It is so generalized, overbroad and lacking in particularity that it fails to describe with reasonable particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).

Finally, the Request seeks documents that include attorney-client privileged documents and work product.  Thus, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), and subject to completion of its review of potentially responsive documents, RAI states expressly that it will withhold from production all information that is privileged or is otherwise subject to protection, including as trial-preparation material or under the Freedom of Information Act, 5 U.S.C. § 552, and will provide a log of such withheld material consistent with section VIII of the ESI Order.

39

**REQUEST NO. 47**:  All documents relating to communications between you and any consumer relating to the design, advertising or marketing of the products.

    **RESPONSE:**

    To the extent this Request seeks communications between RAI and any NAS consumer relating to NAS cigarettes, RAI has no such responsive documents.  To the extent this Request seeks communications between Santa Fe and any NAS consumer relating to NAS cigarettes, it is redundant of Requests 20 and 21.  Non-privileged documents responsive to this Request are being produced in response to those Requests and RAI incorporates here its response and objections to Requests No. 20 and 21.

**REQUEST NO. 48**:  All documents relating to the prices charged by your competitors for cigarettes.

    **RESPONSE:**

    RAI does not make or sell any product and thus has no documents responsive to this Request.  Moreover, to the extent this Request seeks documents regarding products made by RAI's operating subsidiaries, it is too broad and generalized to enable anyone to identify documents that might be responsive to it.  It seeks any every document with a price figure on it for any type of price (wholesale or retail) for any brand of cigarettes sold at any time at any place in the world to any type of buyer.  It thus is objectionable in all events because it fails to describe with reasonable particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).

**REQUEST NO. 49**:  All documents relating to any advertising or marketing done by your competitors for cigarettes.

    **RESPONSE:**

    RAI does not make or sell any product and thus has no documents responsive to this Request.  Moreover, to the extent this Request seeks documents regarding products made by

RAI's operating subsidiaries, it is too broad and generalized to enable anyone to identify

documents that might be responsive to it.  It seeks any every document with a price figure on it

for any type of price (wholesale or retail) for any brand of cigarettes sold at any time at any place

in the world to any type of buyer.  It thus is objectionable in all events because it fails to describe

with reasonable particularity the documents sought, as required by Federal Rule of Civil

Procedure 34(b)(1)(A).

**REQUEST NO. 50**:  All documents relating to any study or analysis performed by you, on your
behalf, or by third parties relating to the advertising or marketing of the products.

**RESPONSE:**

RAI has no documents responsive to those parts of the Request seeking any study or

analysis by RAI, or on RAI's behalf relating to the advertising or marketing of NAS cigarettes.

The part of this Request seeking such materials prepared on Santa Fe's behalf is

redundant of Requests 22-25 (NAS advertising, marketing and labeling), Request 26 (NAS

marketing strategy); Request 30 (NAS customer demographics); Request 32 (NAS consumer

surveys), Requests 33-34 (NAS consumer focus groups); and Request 37 (communications

regarding NAS marketing or advertising).  Non-privileged documents responsive to this Request,

if any, are being produced  in response to those Requests and RAI incorporates here its response

and objections to those Requests.

**REQUEST NO. 51**:  All documents, including but not limited to communications, studies, or
analyses, relating to any price increase, price premium, or amount of money consumers are
willing to pay for the products.

**RESPONSE:**

This Request is redundant of Request 31.  Non-privileged documents responsive to this

Request, if any, are being produced  in response to that Request and RAI incorporates here its

response and objections to Request 31.

**REQUEST NO. 52**:  Documents sufficient to identify each and every distributor, retailer, or other entity to whom you sold the products during the past six years, including the time period(s) during which you did so.

    **RESPONSE:**

    RAI does not sell NAS cigarettes (or any other product) and thus has no documents responsive to this Request.

    In response to a duplicate request to Santa Fe, Santa Fe will produce the non-privileged, requested documents.

**REQUEST NO. 53**:  Documents sufficient to identify, with respect to each brand/flavor of the products, during the past six years:  (i) monthly unit sales; (ii) average wholesale price per unit; (iii) monthly gross sales; (iv) monthly net sales; (v) average retail price per unit; and (vi) monthly profits.

    **RESPONSE:**

    RAI will produce non-privileged documents sufficient to show the requested data (to the extent it was generated) on a quarterly basis, starting December 15, 2016 and expects to conclude by March 31, 2017.

**REQUEST NO. 54**:  All documents relating to communications about, regarding or concerning the American Spirits customer loyalty program, including but not limited to lists or databases of known customers, etc., and all communications between you and SFNTC, including (as may apply depending upon the time frame of a given request), subsidiary companies (specifically including R.J. Reynolds Tobacco Company ("RJRT")) or between you and any third party relating to same.

    **RESPONSE:**

    There is no NAS "customer loyalty program" and thus RAI has no documents responsive to that portion of this Request.  As stated in RAI's response to Request 40, Santa Fe is producing documents identifying the NAS consumers for whom Santa Fe has a record of contact during the past six years and all data available regarding each such consumer. RAI incorporates here its response and objections to Request 40, and will limit its search accordingly.

To the extent this Request seeks additional documents, RAI objects because it fails to

describe with reasonable particularity the documents sought, as required by Federal Rule of Civil

Procedure 34(b)(1)(A).

**REQUEST NO. 55**:  All documents relating to any form of communication by or with any supplier or other third party who provides, sells or in any way furnishes you or the co-defendant with anything used in the preparation, manufacture or sale of American Spirits, including, but not limited to, all ingredients, tobacco, filters, chemicals, menthol, etc.

   **RESPONSE:**

RAI does not prepare, manufacture or sell NAS cigarettes and thus has no documents

responsive to that part of the  Request seeking communications between RAI and anyone else

regarding the preparation, manufacture of sale of NAS.  To the extent this Request seeks

anything else, it is simply too broad and generalized to enable RAI to identify documents in its

files that might be responsive to it.  RAI thus objects to this Request because it fails to describe

with reasonable particularity the documents sought, as required by Federal Rule of Civil

Procedure 34(b)(1)(A).

**REQUEST NO. 56**:  All documents relating to, pertaining to, produced in discovery or otherwise concerning any communications regarding *Juanell Davis and Wilson Eddie Davis v. RAI Natural Tobacco Company, Inc. and RJ Reynolds Tobacco Company*, 99–CV-00959 PJK-LCS (D.N.M. 1999).

   **RESPONSE:**

RAI objects to this Request on the grounds that it seeks documents not relevant to this

case and further objects to that portion of the request seeking information that is privileged or

subject to protection as trial-preparation material.

**REQUEST NO. 57**:  Identify and produce all documents concerning or relating to any advertising, marketing, or promotional materials which were or are drafted, created, edited, or disseminated in the District of New Mexico and identify each employee, subsidiary, parent company, affiliate, or otherwise related corporate entity of Defendant RAI which has or had any role or participation in said advertising and marketing.

   **RESPONSE:**

43

RAI objects to that portion of the Request asking RAI to "identify" persons who participated in NAS advertising or marketing because it is not a proper Rule 34 request.

The balance of the Request is too broad and generalized to enable RAI to identify documents that might be responsive to it. It seeks any every document relating to any advertising, marketing, or promotional materials drafted, created, edited, or disseminated in the District of New Mexico, by any person about any product. RAI thus objects to this Request because it fails to describe with reasonable particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).

**REQUEST NO. 58**: Identify and produce any documents concerning or relating to each and every subsidiary, parent company, affiliate, or otherwise related corporate entity of Defendant RAI whose products, goods, or services are, directly or indirectly, provided to, marketed, or sold in the District of New Mexico.

    **RESPONSE:**

This Request is too broad and generalized to enable RAI to identify documents that might be responsive to it and on its face is so sweeping in scope as to seek irrelevant material. By its terms, the Request seeks literally every document in the files of RAI (and each of its affiliates whose products are directly or indirectly marketed or sold in New Mexico), regardless of the subject matter or date. RAI thus objects to this Request because it fails to describe with reasonable particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A), and seeks irrelevant material.

**REQUEST NO. 59**: Identify and produce all documents related to or concerning communications by and between each and every employee, subsidiary, parent company, affiliate, or otherwise related corporate entity in New Mexico and outside of New Mexico.

    **RESPONSE:**

RAI objects to this Request because it seeks all documents regarding any employee of any company in New Mexico with anyone outside of the state, on any topic, about any product,

at any time.  RAI objects on grounds of relevance.  Even if limited to communications by

employees of Santa Fe, the Request is objectionable because it fails to describe with reasonable

particularity the documents sought, as required by Federal Rule of Civil Procedure 34(b)(1)(A).

**REQUEST NO. 60**:  Identify each document or other tangible thing that was once in your
possession as of the day the first filed action in this consolidated litigation was served upon
you—which is/are no longer in your possession, custody, or control or cannot otherwise be
produced regardless of the printed date.

     **RESPONSE:**

     RAI objects to this Request asking RAI to "identify" certain documents because it is not

a proper Rule 34 request.  To the extent that Plaintiffs intended to ask RAI to produce

documents, such "request" would be duplicative of Requests 42 and 45.  Non-privileged

documents responsive to this Request are being produced in response to those Requests and RAI

incorporates here its response and objections to Requests No. 42 and 45.

**REQUEST NO. 61**:  Identify all communications concerning any alleged "litigation hold"
and/or "preservation order" you possess or possessed instructing persons to preserve documents
or tangible things concerning the allegations in the first filed action in this consolidated
litigation.  Identify the exact date the alleged litigation hold was issued, identify the persons to
whom you allege it was furnished, and produce all documents related thereto.

     **RESPONSE:**

     RAI objects to this Request asking RAI to "identify" certain documents because it is not

a proper Rule 34 request.  To the extent that Plaintiffs intended to ask RAI to produce

documents, such "request" is redundant of Requests 42 and 45.  Non-privileged documents

responsive to this Request are being produced in response to those Requests and RAI

incorporates here its response and objections to Requests No. 42 and 45.

Dated: October 18, 2016


*/s/ David M. Monde*
**David M.  Monde**                                    **Andrew G. Schultz**
dmmonde@jonesday.com                          aschultz@rodey.com

**Michael F. Stoer**
mstoer@jonesday.com
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
Telephone:  404-521-3939
Facsimile:  404-581-8330

**Peter J. Biersteker**
pbiersteker@jonesday.com
**Noel J. Francisco**
njfrancisco@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone:  202-879-3939
Facsimile:  202-626-1700

**Sharyl A. Reisman**
sareisman@jonesday.com
JONES DAY
250 Vesey Street, Floor 34
New York, NY 10281-1047
Telephone:  212-326-3939
Facsimile:  212-755-7306

RODEY, DICKASON, SLOAN,
AKIN & ROBB, P. A.
201 3rd Street NW, Suite 2200
Albuquerque, NM 87102
Telephone:  505-768-7205
Facsimile:  505-768-7395

*Counsel for Defendants RAI
Natural Tobacco Company, Inc., R.J.
Reynolds Tobacco Co.,
and Reynolds American Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 18, 2016, the foregoing was served by

electronic mail to Co-lead counsel for Plaintiffs:

Melissa W. Wolchansky
HALUNEN LAW
1650 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: 612-605-4098
wolchansky@haulenlaw.com


John Allen Yanchunis, Sr.
MORGAN & MORGAN
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel: 813-223-5505
jyanchunis@forthepeople.com


Scott P. Schlesinger
SHELDON J. SCHLESINGER PA
1212 SE 3rd Avenue
Fort Lauderdale, FL 33316
Tel: 954-467-8800
scott@schlesingerlaw.com


By: */s/ Michael Stoe*r
Michael Stoer