Direct Number: 404-581-8206<br>
dmmonde@jonesday.com

December 14, 2018

VIA E-MAIL: MWEINER@PSWLAW.COM

Ms. Melissa Weiner, Esq.
Pearson, Simon & Warshaw, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402

Re:   In re: Santa Fe Natural Tobacco Company Marketing & Sales Practices Litigation, U.S. District Court, New Mexico, Case No. 1:16-md-02695-JB-LF

Dear Melissa:

    This responds to your three emails regarding searches for NAS-related pricing documents in the files of R.J. Reynolds Tobacco Company ("RJRT"). (It responds to three emails rather than two because your "Thursday" email assumes knowledge of and is based on an earlier email; so for completeness, we have responded to all three). Moreover, for clarity and to facilitate resolution of the open issues, we thought it helpful to consolidate the information in one place. Please note that capitalized terms are defined in Defendants' December 12, 2018 Status Report (ECF No. 227). Your requests are italicized and bolded. Our responses are in plain text.

    In short, we understand that Plaintiffs may want Defendants to undertake more targeted searches in lieu of searches using the 12 agreed-upon Pricing Search Terms. Thus, we have suspended work on manual review of the 66,328 Potentially Responsive Documents pending your decision. Alternatively, and without suggesting that our prior proposals are in any way insufficient, we are willing to consider your request to use "analytics," predictive coding, and/or technology-assisted review instead of the Pricing Search Terms. However, to go down that path, you must propose specific and step-by-step guidance on exactly what Plaintiffs request be done such that, if executed as you propose, Plaintiffs will deem the searches satisfactory. Defendants are willing to participate in conference calls involving appropriate personnel on both sides to facilitate those efforts. But to be clear, any such searches of RJRT files must be: (i) limited to NAS-related pricing documents; (ii) reasonable and proportionate in scope (including use of the Restrictor Terms or the equivalent), (iii) focused on the Relevant Time Period and (iv) allow reasonable time for RJRT to execute; and (v) allow RJRT reasonable time to conduct a manual review of those documents identified by use of the search tools to determine which are Documents to be Produced.

**EXHIBIT 1**

December 14, 2018
Page 2

### *Plaintiffs' December 4 Email*

*We went through the documents produced in order to create a discrete list of document series for which we believe we are missing documents. Below are the document titles, and bates numbers where we could identify, for which we request all documents in the series. Many of these documents are Excel spreadsheets, so we did our best to identify by name, however, we request comparable RJRT documents containing the same/similar information.*

*SFNTC Update -- December/January 2016. 2016, SFN_MDL001190453-0460 – please produce all SFNTC Updates for the class period;*

Defendants' Response:  In our December 5, 2018 email to you, we explained that you already have these "SFNTC Updates" because SFNTC produced them months ago for the period 2012 (when they were first prepared) to 2016.  In addition, to help you find them, we sent you an Excel spreadsheet listing by Bates number examples of the SFNTC Updates you already have.

Building on our exchange with the Court at the December 12, 2018 hearing, we have now taken yet additional steps to resolve this issue.  First, we have now confirmed by follow up interview that the SFNTC Updates were prepared regularly but not always on a scheduled basis, i.e., they were not prepared every month and sometimes covered more than one month's time.

Second, we have collected all of the SFNTC Updates produced by Santa Fe and arranged them into chronological order.  You said you would do the same thing and identify for us any "gaps."  Thus far you have not provided us with this information.  So, we did it.  And we attach as Exhibit A the summary of the "SFNTC Updates" you have had possession of for months.

Moreover, our review shows that the produced SFNTC Updates cover the entire Relevant Time Period except for  February, 2012 and December, 2014.  We have no basis to believe these are "missing" or a gap in our production; rather, the most likely explanation is that SFNTC updates were simply not prepared for these time periods, consistent with Exhibit A.

Notwithstanding all of this, we are willing to conduct a reasonable and proportionate search of RJRT's files for SFNTC Updates covering the February, 2012 and December, 2014 time periods.  We propose to do that using the following agreed-upon Pricing Search Term:

(SFNTC OR "Santa Fe" OR "American Spirit" OR NAS) (pre/1 update)

We await your response before we initiate this proposed search.  Alternatively, if Plaintiffs propose a different approach in clear and specific terms, we will consider it.  But to be clear, we will do nothing further on this request until you respond.

December 14, 2018
Page 3

***Attached Price Gap Workbook – please produce all Price Gap Workbooks for the class period;***

Defendants' Response: Documents with this title would be identified through use of the following agreed-upon Pricing Search Term:

(SFNTC OR "Santa Fe" OR "American Spirit" OR NAS) AND (price W/1 gap*)

In addition, RJRT previously offered in our December 5 email to search the RJRT Designated Files created during the Relevant Time Period for documents either bearing this title or documents stored in files bearing this title. *See* December 12, Status Report at 4-5. We await your response before we initiate this proposed search. Alternatively, if Plaintiffs propose a different approach in clear and specific terms, we will consider it. But to be clear, we will do nothing further on this request until you respond.

*"Price Management";*

Defendants' Response: None of the Pricing Search Terms Plaintiffs proposed would capture documents with this title. Plaintiffs may propose such a term for Defendants' consideration with the appropriate restrictor terms. In addition, RJRT previously offered in our December 5 email to search the RJRT Designated Files created during the Relevant Time Period for documents either bearing this title or documents stored in files bearing this title. *See* December 12, Status Report at 4-5. We await your response before we initiate this proposed search. Alternatively, if Plaintiffs propose a different approach in clear and specific terms, we will consider it. But to be clear, we will do nothing further on this request until you respond.

*"SFNTC Price Gap Guide";*

Defendants' Response: Documents with this title would be identified through use of the following agreed-upon Pricing Search Term:

(SFNTC OR "Santa Fe" OR "American Spirit" OR NAS) AND (price W/1 gap*)

In addition, RJRT previously offered in our December 5 email to search the RJRT Designated Files created during the Relevant Time Period for documents either bearing this title or documents stored in files bearing this title. *See* December 12, Status Report at 4-5. We await your response before we initiate this proposed search. Alternatively, if Plaintiffs propose a different approach in clear and specific terms, we will consider it. But to be clear, we will do nothing further on this request until you respond.

December 14, 2018
Page 4

***"Natural American Spirit Price Strategy Discussion";***

<u>Defendants' Response:</u>  Documents with this title would be identified through use the following search term already agreed upon:

(SFNTC OR "Santa Fe" OR "American Spirit" OR NAS) AND (pric* W/5 strateg*)

Either we can proceed with that search term or Plaintiffs may propose for Defendants' consideration a clear, specific, reasonable and proportionate alternative means of searching RJRT's files for these documents, if any.  Please let us know how you wish to proceed.  But to be clear, we will do nothing further on this request until you respond.

***RJRT Outlet Pricing Tool;***

<u>Defendants' Response:</u>  These materials would be identified through use the following search term already agreed upon:

(SFNTC OR "Santa Fe" OR "American Spirit" OR NAS) AND ("RJRT outlet pricing" W/1 tool*)

Either we can proceed with that proposed search term or Plaintiffs may propose for Defendants' consideration a clear, specific, reasonable and proportionate alternative means of searching RJRT's files for these documents, if any.  Please let us know how you wish to proceed.  But to be clear, we will do nothing further on this request until you respond.

***SFNTC Dashboard Outlet Detail;***

<u>Defendants' Response:</u>  None of the Pricing Search Terms Plaintiffs proposed would capture documents with this title.  Plaintiffs may propose such a term for Defendants' consideration with the appropriate restrictor terms.  In addition, RJRT previously offered in our December 5 email to search the RJRT Designated Files created during the Relevant Time Period for documents either bearing this title or documents stored in files bearing this title.  *See* December 12, Status Report at 4-5.  Finally, having searched the RJRT Designated Files, we do not find a folder entitled "Dashboard Outlet Detail."  We are willing to discuss this further with you.  Alternatively, Plaintiffs may propose for Defendants' consideration a clear, specific, reasonable and proportionate alternative means of searching RJRT's files for these documents, if any.  But to be clear, we will do nothing further on this request until you respond.

December 14, 2018
Page 5

*The Pricing Guide (SF_MDL00717089-100);*

Defendants' Response:  None of the Pricing Search Terms Plaintiffs proposed would capture documents with this title.  Plaintiffs may propose such a term for Defendants' consideration with the appropriate restrictor terms.  In addition, RJRT previously offered in our December 5 email to search the RJRT Designated Files created during the Relevant Time Period for documents either bearing this title or documents stored in files bearing this title.  *See* December 12, Status Report at 4-5.  We are willing to discuss this further with you.  Alternatively, Plaintiffs may propose for Defendants' consideration a clear, specific\, reasonable and proportionate alternative means of searching RJRT's files for these documents, if any.  But to be clear, we will do nothing further on this request until you respond.

*Pricing Overview NSM (Bates SF_MDL00626796-820).*

Defendants' Response:  None of the Pricing Search Terms Plaintiffs proposed would capture documents with this title.  Plaintiffs may propose such a term for Defendants' consideration with the appropriate restrictor terms.  In addition, RJRT previously offered to search the RJRT Designated Files created during the Relevant Time Period for documents either bearing this title or documents stored in files bearing this title.  *See* December 12, Status Report at 4-5.  We are willing to discuss this further with you.  Alternatively, Plaintiffs may propose for Defendants' consideration a clear, specific, reasonable and proportionate alternative means of searching RJRT's files for these documents, if any.  We await your response.  But to be clear, we will do nothing further on this request until you respond.

*Further, to the extent you can locate the following documents without simply having to run search terms (i.e. they are stored in a place that can be more directly retrieved by your client), we request the following [three] specific categories that we do not have specific titles for, but believe it is helpful to narrow by group of documents:*

**[1.] *RJRT documents with pricing of premium cigarette brands broken down granularly (year or month) and state;***

Defendants' Response:  As RJRT understands it and as we have previously advised you in our December 5 email, this request is redundant of your request for Marlin data described below.  If Plaintiffs disagree, you need to propose for Defendants' consideration a clear, specific, reasonable and proportionate alternative means of searching RJRT's files for these documents, if any.  We await your response.  But to be clear, we will do nothing further on this request until you respond.

December 14, 2018
Page 6

>     **[2.]** *RJRT documents with revenues and costs of premium cigarette brands broken down granularly (year or month) and state;*
>
>     **[3.]** *RJRT documents with cost breakdown of premium brands (breakdown between costs of production and SGA expenses, including advertising and promotion costs) broken down granularly (year or month) and state.*

Defendants' Response: First, as you recall from the discussion at the December 12 hearing regarding Plaintiffs' NAS-related pricing requests "morphing" into something more, these "cost-related" requests go beyond the scope of the NAS-pricing related documents we agreed to search for in RJRT's files. Equally important, you already have documents sufficient to show this data because SFNTC produced them at Kara Calderon's deposition and Matt Schultz marked them as exhibits. Specifically:

Exhibit 43 compares the costs to produce domestic cigarette product for SFNTC and RJRT, respectively, for the period 2009-June 2018. It includes date on volume, net sales, variable costs, fixed costs, and net operating revenue. It also compares the per pack cost of the product.

and

Exhibit 55 provides detailed financial data for SFNTC by quarter from 2009-June 2018. Moreover, earlier versions of this same spreadsheet were produced in response to the RFPs directed to SFNTC (for the class period). And SFNTC supplemented them at Matt Schultz's request, including a supplement in July 2018 sent in the attached email to Messrs. Schultz and Haberman (updating through 2015) and again in August 2018 to Mr. Schultz (updating through Q1 2018). At the 30(b)(6) deposition on pricing, we further updated this chart through Q2 2018 and included explanatory notes. Finally, as reflected in the attached Outlook msg, on July 25, 2018, we sent to Mr. Schultz average quarterly retail price data from Marlin for Camel, NAS, Newport, and Marlboro for the class period: 2009-2015.

We believe nothing further is required regarding these two requests given the Court's prior directions.

>     *Additionally, please provide all gap pricing for NAS v. Marlboro for every state broken down as granularly as your clients keep it as Ms. Calderon testified is available:*
>
>     *1Q. Yeah. I mean, if you wanted -- if you said*
>     *2 hey to whomever you would ask this of, please get me*
>     *3 Marlin data reflecting the national price gap to*

December 14, 2018
Page 7

> *4 total Marlboro from 2010 to 2017, you could get*
> *5 that? You would expect to be able to get that data;*
> *6 right?*
>
> *7 A. We should be able to get that.*
>
> *8 Q. Broken down by month or by quarter or do*
> *9 you know if it can go even finer than a month?*
> *10 Could you get it by week?*
>
> *11 A. I don't know off the top of my head if we*
> *12 can get it weekly.*
>
> *13 Q. Could you break it down by region, say ZIP*
> *14 Code or sales region?*
>
> *15 A. I believe that all of that is available.*
>
> *(Calderon corp rep depo (Vol. II) at 268).*

Defendants' Response:  Ms. Calderon was referring to Marlin data in her testimony above.  Marlin data is retail pricing data collected by a non-party vendor on various brands of cigarettes.  In Defendants' April 8, 2018 letter to you, we offered to produce Marlin data if Plaintiffs would merely specify the brands about which they were interested.  Thus far Plaintiffs have not responded to this proposal.

Meanwhile, in a separate request in July, 2018, Plaintiffs' counsel, Matt Schultz, asked Defendants to provide retail pricing data drawn from Marlin for four brands, apparently unaware of Defendants' April offer.  Mr. Schultz said he needed the data to depose Ms. Calderon.  Defendants promptly provided average quarterly retail pricing data for the four brands from 2009-2015 and Mr. Schultz had full opportunity to question Ms. Calderon about it.

In your December 4, 2018 email, we understand that Plaintiffs are now requesting more "granular" data (geographically and temporally) for NAS and Marlboro during the same 2009-2015 time period.  We are willing to accommodate this latest request provided it resolves this issue, fully and finally.  We will advise you by December 19, 2018, when we can produce this data to you.  The data you will receive will be the most "granular" data available for that period.

Specifically, the Marlin data are generated by a random, projectable sample of traditional mainland U.S. retailers of cigarettes

December 14, 2018
Page 8

      Time Period:  The data will be for the period from January 1, 2009 to December 31, 2015.

      Frequency within Time Period.  From 2010-2015 the data were collected on an approximately weekly basis; for some or all of 2009, the data may have been collected monthly. This is the data that RJRT will produce.  The data for a given sample will indicate the time period for that data.

      Geography:  The only geographic information contained in the Marlin data is for individual U.S. mainland States or groups of individual U.S. mainland States (typically of less populous states).  Although Ms. Calderon indicated that the data may be available by zip code, they are not.  The data produced to you will contain the available State-level geographic information – i.e., for individual US mainland States or groups of individual U.S. mainland States.

      Brand/Styles:  We will, as you have requested, and as we did in response to Matt Schultz's July request, provide the data for Marlboro and Natural American Spirit cigarettes, both overall and for each style of those brands contained in the sample.  Note that low-volume styles may not always be represented in a sample.  Additionally, styles of a brand come and go. A style, of course, will not be represented in a sample taken during periods of time prior to the style's introduction or after sales of the style ceased.

      *Additionally, we had our ESI expert look at your Boolean searches, and here is our final Boolean search term list:*

      *(SFNTC OR Santa Fe OR American Spirit OR NAS) AND sweet spot*

      *(SFNTC OR Santa Fe OR American Spirit OR NAS) AND ((pricing W/5 strateg\*) OR (strateg\* W/5 pricing) OR (price\* W/5 strateg\*) OR (strateg\* W/5 price\*))*

      *(SFNTC OR Santa Fe OR American Spirit OR NAS) AND ((pricing W/5 discuss\*) OR (discuss\* W/5 pricing) OR (price\* W/5 discuss\*) OR (discuss\* W/5 price\*))*

      *(SFNTC OR Santa Fe OR American Spirit OR NAS) AND ((pricing W/5 recommend\*) OR (recommend\* W/5 pricing) OR (price\* W/5 recommend\*) OR (recommend\* W/5 price\*))*

      *(SFNTC OR Santa Fe OR American Spirit OR NAS) AND pricing power*

      *(SFNTC OR Santa Fe OR American Spirit OR NAS) AND retail price\**

      *(SFNTC OR Santa Fe OR American Spirit OR NAS) AND RJRT outlet pricing tool\**

December 14, 2018
Page 9

  *(SFNTC OR Santa Fe OR American Spirit OR NAS) AND ((pricing W/5 conversation\*) OR (conversation\* W/5 pricing) OR (price\* W/5 conversation\*) OR (conversation\* W/5 price\*))*

  *(SFNTC OR Santa Fe OR American Spirit OR NAS) AND price gap\* AND price w/5 Marlboro\**

  <u>Defendants' Response:</u>  The parties agreed to the Pricing Search Terms.  *See* December 12 Status Report at 1-2.  If Plaintiffs' elect to proceed with using them, RJRT will comply as set forth in the Status Report.  Alternatively, Plaintiffs may propose for Defendants' consideration a reasonable and proportionate alternative means of searching RJRT's files for these documents, if any exist, as generally suggested in your December 6, 2018 email discussed below.  We await your response and will not commence manual review of the Potentially Responsive Documents until you respond.

  <u>*Plaintiffs' December 6, 2018 Email*</u>

  *We do not believe the search methodology for the document titles below* [in this letter, the document titles are identified above] *is sufficient. In order to come to agreement on the search methodology, we'd like to understand the analytics you are using to yield documents specific to the titles/documents series requested production of full sets. For example, here are a couple of tools that we below could potentially yield the responsive documents with less burden/time:*

  *[1.] Identify the tags for the specific documents we have attached/referenced by Bates number and then the broader buckets of similar/related documents based on the tagging being applied to each subset of documents with similar conceptual content.*

  *[2.] Running a broader near duplicate analysis across databases to find documents that are textually similar to these documents and group them together.*

  *[3.] Cluster the SF productions, then look at the clusters for each of these documents to find other similar documents.*

  *[4.] Running concept searches using key phrases from these documents to identify other conceptually similar documents.*

  *[5.] Running a tool like "Find Similar Documents" in relativity (I don't know what kind of platform you utilize).*

December 14, 2018
Page 10

*As you can probably appreciate, we need to understand what techniques were utilized in determining whether similar or related documents exist to those discussed below.*

Defendants' Response:

You provide no basis for your claim that the search methodologies outline above are "deficient," nor have you proposed concrete and specific alternative methods. We ask that you do so now. Alternatively, and without conceding that RJRT's proposed search methodology is not sufficient, if Plaintiffs wish to abandon use of the Pricing Search Terms, we are willing to participate in a conference call with counsel and appropriate personnel from Plaintiffs' side to discuss potential use of the "analytic tools," predictive coding ("PC") or technology assisted review ("TAR") you describe generally above. To be clear, any such searches of RJRT files for NAS-related pricing documents must be (i) reasonable and proportionate in scope (including use of the Restrictor Terms or the equivalent), (ii) focused on the Relevant Time Period and (iii) allow reasonable time for RJRT to execute; and (iv) allow RJRT reasonable time to conduct a manual review of those documents identified by use of the search tools to determine which are Documents to be Produced. To make such a conference call as productive as possible, please provide specific and step-by-step guidance on exactly what Plaintiffs request be done such that, if executed as you propose, Plaintiffs will deem the searches satisfactory.

*Second, can you confirm you have searched for or asked about external devices of workstation or laptop local drives, cell phones and lateral devices. All searches for the pricing documents should include these data sites and also cell phones and lateral devices.*

Defendants' Response: We advised you on November 30, 2018 of the following:

For RJRT/RAIS -- Ms. Lozano, Ms. Leslie Mr. Neuhauser, and Mr. Swauger: In or about 2002, as previously advised, employees were prohibited from saving work-related documents to their personal electronic devices and could only save materials from their work stations to their home drives or, later, to business share point sites. They were also prohibited from using personal e-mail to send or receive business-related e-mails. Additionally, since before 2009, employees were restricted from texting for business purposes, and employees are now restricted from texting any substantive business communications. In all events, we have, in fact, interviewed Ms. Lozano, Ms. Leslie, and Mr. Neuhauser about this issue. They all advised that they acted in accordance with these policies. We were unable to ask the same questions of Mr. Swauger because he is deceased.

For SFNTC – Messrs. Little and DePalma: The same policies were in place at SFNTC starting in 2009. Messrs. Little and DePalma also were interviewed to determine whether they had used their phones or other personal electronic devices or their personal e-mail for work-related electronic communications or storage of work-related documents either before 2009 or

December 14, 2018
Page 11

subsequently. The answer for both gentlemen was no. For that reason, no search of their cell phones or other personal electronic devices was undertaken.

In addition, we have interviewed the seven Designated Employees who are still employed by RJRT or other affiliates of RAI. Six confirmed they do not use texting or personal emails or other personal storage devices for business. The seventh says that he uses texting to inform his team when he hears from the field sales force or a customer about a change in Marlboro pricing that will require them to work the next day on a " pricing event." This employee reports that these communications would not reference NAS or any RJRT brands. Moreover, other than his comments regarding texting, this employee says that he does not use personal emails or personal storage devices for business.

Melissa, in fairness, please confirm that you and your co-counsel have *"searched for or asked about external devices of workstation or laptop local drives, cell phones and lateral devices"* of each of the named Plaintiffs in responding to Defendants' document requests.

### *Plaintiffs' December 12, 2018 Email*

***Have the ~66,000 "hits" been deduped: a) within this set itself and b) with what has already been produced in this case?***

Defendants' Response:

[a] Yes, deduping has been done across the set of Potentially Responsive Documents using hash codes, per the ESI Order.

[b] No, but prior to production of the Documents to be Produced, RJRT would dedupe from the documents already produced in the case, as explained at pages 5-6 of the December 12 Status Report.

Very truly yours,

/s/ David M. Monde

| Title | Beg Prod | End Prod |
|---|---|---|
| 01-12 SFNTC Update | SFN_MDL000735630 | SFN_MDL000735631 |
| 03-12 SFNTC Update | SF_MDL01251384 | SF_MDL01251385 |
| 04-12 SFNTC Update | SF_MDL01246534 | SF_MDL01246535 |
| 05-12 SFNTC Update | SF_MDL00606264 | SF_MDL00606266 |
| 06-12 SFNTC Update | SF_MDL00605925 | SF_MDL00605927 |
| 07-12 SFNTC Update | SF_MDL00606320 | SF_MDL00606322 |
| 08-12 SFNTC Update | SF_MDL00606267 | SF_MDL00606270 |
| 09-12 SFNTC Update | SF_MDL00605716 | SF_MDL00605719 |
| 10-12 SFNTC Update | SF_MDL01248433 | SF_MDL01248436 |
| 11-12 SFNTC Update | SF_MDL00767240 | SF_MDL00767243 |
| 12-12 SFNTC Update | SF_MDL00767247 | SF_MDL00767250 |
| 1-13 SFNTC Update | SF_MDL00767231 | SF_MDL00767234 |
| 2-13 SFNTC Update | SF_MDL00767254 | SF_MDL00767257 |
| 3-13 SFNTC Update | SF_MDL00606260 | SF_MDL00606263 |
| 4-13 SFNTC Update | SF_MDL00605830 | SF_MDL00605833 |
| SFNTC Update May 2013- DRAFT | SF_MDL00018025 | SF_MDL00018028 |
| 6-13 SFNTC Update | SF_MDL00605712 | SF_MDL00605715 |
| 7-13 v2 SFNTC Update | SF_MDL01352853 | SF_MDL01352856 |
| 8-13 SFNTC Update | SF_MDL01352857 | SF_MDL01352861 |
| 10-13 SFNTC Monthly Update | SF_MDL00605707 | SF_MDL00605711 |
| 9-13 SFNTC Update | SF_MDL00286171 | SF_MDL00286175 |
| 11-13 SFNTC Monthly Update-CM | SF_MDL00168881 | SF_MDL00168885 |
| 12-13 SFNTC Monthly Update | SF_MDL00767251 | SF_MDL00767253 |
| 01-14 SFNTC Monthly Update | SF_MDL00767192 | SF_MDL00767194 |
| 02-14 SFNTC Monthly Update | SF_MDL00767195 | SF_MDL00767198 |
| 03-14 SFNTC Monthly Update | SF_MDL00767212 | SF_MDL00767215 |
| 04-14 SFNTC Monthly Update | SF_MDL00767216 | SF_MDL00767219 |
| SFNTC UPDATE - MAY 2014 - DRAFT. | SF_MDL00166776 | SF_MDL00166780 |
| 06-14 SFNTC Monthly Update | SF_MDL00767227 | SF_MDL00767230 |
| 08-14 Update KAC | SF_MDL00984331 | SF_MDL00984334 |
| 08-14-SFNTC Monthly Update | SF_MDL01243197 | SF_MDL01243200 |

EXH. 1

| | | |
|---|---|---|
| SFNTC Monthly Update September 2014 | SF_MDL00767912 | SF_MDL00767916 |
| SFNTC Monthly Update October 2014 with Denise edits | SFN_MDL000042843 | SFN_MDL000042848 |
| 11-14 Monthly Update | SF_MDL00982978 | SF_MDL00982983 |
| Jan2015 SFNTC UPdate | SF_MDL01001022 | SF_MDL01001026 |
| Feb2015 SFNTC Update | SF_MDL01252967 | SF_MDL01252971 |
| May 2015 SFNTC Update KAC | SF_MDL00967555 | SF_MDL00967560 |
| May2015 SFNTC Update FINAL | SF_MDL01339186 | SF_MDL01339192 |
| SFNTC UPDATE - JUNE 2015. UPDATED POS - DTS Q3. | SF_MDL00288211 | SF_MDL00288217 |
| September KAC Updates | SF_MDL00965570 | SF_MDL00965574 |
| Sep2015 SFNTC Update FINAL | SF_MDL01238616 | SF_MDL01238621 |
| Oct2015 SFNTC Update FINAL | SF_MDL00767319 | SF_MDL00767324 |
| Nov2015 SFNTC Update | SF_MDL01001016 | SF_MDL01001020 |
| Jan2016 SFNTC Update FINAL | | |