IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: SANTA FE NATURAL
TOBACCO COMPANY MARKETING
& SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION         Lead Case No. MD 16-2695 JB/LF

*This Document Relates To All Cases*

---

### DECLARATION OF MATTHEW D. SCHULTZ IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

Matthew D. Schultz declares:

1. I am an attorney duly admitted to practice before this Court. I am a partner in the firm of Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A., attorneys of record for Plaintiff Shannon White and the Proposed Class. I am personally familiar with the facts set forth in this declaration. If called as a witness I could and would competently testify to the matters stated herein.

2. Attached as **Exhibit A** is a true and correct copy of a Subpoena to Produce Documents, Information, or Objections, directed to Truth Initiative (Attn: Robert Falk). (ECF 255.)

3. Attached as **Exhibit B** is a true and correct copy of a Subpoena to Produce Documents, Information, or Objections, directed to Truth Initiative (Attn: Robert Falk) and attached as **Exhibit C** is a true and correct copy of a letter dated August 27, 2019, addressed to Robert Falk, Esq. from David M. Monde regarding Truth Initiative's July 12, July 19, and August 2, 2019, productions in response to Santa Fe Natural Tobacco Company's June 18, 2019, document subpoena. (ECF 244.)

4. Attached as **Exhibit D** is a true and correct copy of excerpts from Jennifer Pearson, MPH, PH. D.'s August 6, 2019, deposition transcript.

5. Attached as **Exhibit E** is a true and correct copy of an email string dated May 14–May 15, 2019, from Matt Schultz to David M. Monde, Subject: Serving Expert Reports.

1

6. Attached as **Exhibit F** is a true and correct copy of an email dated May 24, 2019, from Matt Schultz to David M. Monde. On May 24, 2019, I sent a follow-up email to defense counsel that copied-and-pasted an earlier May 22 email detailing Dr. Pearson's studies. Later that day, I followed up to provide contact information for Johns Hopkins. The same day Plaintiffs produced all responsive data in Dr. Pearson's possession.

7. On May 31, 2019, Mr. Monde emailed me seeking all materials relating to a presentation Dr. Pearson gave in 2017, relating to one of the five studies considered and relied upon and cited in her report along with a request for clarification of one point in her report. Because the poster presentation related directly to one of her five cited studies, I agreed this was a reasonable request, and on June 12, Plaintiffs produced everything in Dr. Pearson's possession relating to that presentation while also addressing the point of clarification that was sought. When later preparing for deposition, Dr. Pearson found another poster relating to one of her cited studies, and I voluntarily produced that as well.

8. On June 2, 2019, Mr. Monde emailed me asking if Plaintiffs objected to subpoenas directed to TI and Johns Hopkins. On June 3, I responded that Plaintiffs did not necessarily agree Defendants were entitled to everything requested, but that in principle Plaintiffs had no objection to Defendants obtaining "whatever the law allows you to get."

9. In late June and July, Plaintiffs cooperated with Defendants' efforts to obtain third-party documents, including my attendance with Mr. Monde in multiple calls and correspondence to counsel for Truth Initiative before and after their production of documents. Up to this point there had been no hint of any desire from Defendants to obtain all data relating to any work Dr. Pearson had ever done, published or unpublished, in connection with NAS cigarettes. All communication had been premised on production being limited to Mr. Monde's proposal, which included only studies Dr. Pearson considered and relied upon and cited in her report.

10. On July 25, 2019, Counsel for TI Ted Feldman emailed Mr. Monde to advise him there was "some confusion" in responding and that "the entire July 12 production was

produced inadvertently." Mr. Feldman requested that Defendants "destroy all such materials" as they did not relate to either of the studies identified in the subpoena. Defense counsel did not respond.

11. Mr. Feldman followed up with emails to Mr. Monde on July 29 and August 2 without response from Defendants. Mr. Feldman again emailed Mr. Monde on August 6 asking that the materials be destroyed. Mr. Monde responded at 6:32 p.m. EDT, "we will reassess our position after the conclusion of Dr. Pearson's deposition tomorrow." Mr. Monde noted the data "is directly relevant to the claims at issue and we would have sought it specifically had Plaintiffs or Dr. Pearson had [sic] disclosed its existence." I replied to all: "To clarify, the parties had an agreement that the relevant materials for production would be limited to studies cited or 'reviewed and relied upon' in formulating opinions. The YA55 [inadvertently produced] data are neither, which is why we were under no obligation to 'disclose its existence' (and I personally had no idea it existed until it was produced in error), and which is why we objected to their use [at Dr. Pearson's deposition]. It is not responsive to the subpoena and we would have objected to a subpoena that sought such information both on legal grounds and on grounds that it would directly contravene the parties' agreement." A true and correct copy of that email chain is attached as **Exhibit G**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 10th, 2019, at Pensacola, Florida.

                                                Matthew D. Schultz