Lead Case No. MD 16-2695 JB/LF

**PLAINTIFFS' MEMORANDUM MOTION TO
QUASH SUBPOENA AND FOR A PROTECTIVE ORDER**

# EXHIBIT G

**Matt Schultz**

| | |
|---|---|
| **From:** | Matt Schultz |
| **Sent:** | Tuesday, August 6, 2019 5:58 PM |
| **To:** | 'Monde, David M.'; TFeldman@truthinitiative.org |
| **Cc:** | Coates, Rob E.; Biersteker, Peter J.; Reisman, Sharyl A.; rfalk@truthinitiative.org |
| **Subject:** | RE: In re Santa Fe Natural Tobacco Company Marketing & Sales Practices and Products Liability Litigation |

To clarify, the parties had an agreement that the relevant materials for production would be limited to studies cited or "reviewed and relied upon" in formulating opinions. The YA55 data are neither, which is why we were under no obligation to "disclose its existence" (and I, personally, had no idea it existed until it was produced in error), and which is why we objected to their use. It is not responsive to the subpoena and we would have objected to a subpoena that sought such information both on legal grounds and on grounds that it would directly contravene the parties' agreement.

A screenshot of the contents of the data was introduced at Dr. Pearson's deposition today and the data has been discussed to some degree (over our objection and subject to the protective order). I assume and hope defendants' consulting expert present at the deposition has signed the non-disclosure agreement.

**From:** Monde, David M. [mailto:dmmonde@JonesDay.com]
**Sent:** Tuesday, August 6, 2019 3:32 PM
**To:** TFeldman@truthinitiative.org
**Cc:** Matt Schultz; Coates, Rob E.; Biersteker, Peter J.; Reisman, Sharyl A.; rfalk@truthinitiative.org; Monde, David M.
**Subject:** RE: In re Santa Fe Natural Tobacco Company Marketing & Sales Practices and Products Liability Litigation
**Importance:** High

**CAUTION:** This email message is **EXTERNAL.**

Ted, we will reassess our position after the conclusion of Dr. Pearson's deposition tomorrow. Based on what we know now, the data at issue is directly relevant to the claims at issue and we would have sought it specifically had Plaintiffs or Dr. Pearson had disclosed it's existence. We reiterate that we continue to treat the data as HC under the Confidentiality Order.

David M. Monde
Partner, Jones Day
Sent with BlackBerry Work

**From:** Ted Feldman <TFeldman@truthinitiative.org>
**Sent:** Aug 6, 2019 5:45 PM
**To:** "Monde, David M." <dmmonde@JonesDay.com>
**Cc:** Schultz Matt <mschultz@levinlaw.com>; "Coates, Rob E." <rcoates@jonesday.com>; "Biersteker, Peter J." <pbiersteker@JonesDay.com>; "Reisman, Sharyl A." <sareisman@JonesDay.com>; Robert Falk <rfalk@truthinitiative.org>

1

**Subject:** Re: In re Santa Fe Natural Tobacco Company Marketing & Sales Practices and Products Liability Litigation

David – Despite our several requests (7/25, 7/29, 8/2), you still have not responded regarding our instructions in connection with our inadvertent July 12 Production.  **Again, please (1) confirm that you have directed all recipients of any materials from our inadvertent July 12 Production to destroy all such materials; and (2) promptly provide us with written certification of such destruction.**

Thank you for your immediate attention to this matter.

**Ted Feldman**
Deputy General Counsel, Legal

**Truth Initiative®**
**INSPIRING TOBACCO-FREE LIVES**

900 G Street, NW, Fourth Floor
Washington, DC 20001

202-454-5933 (office)

**Since 2000, Truth Initiative® has prevented over one million youth from smoking.**

---

**From:** Ted Feldman <TFeldman@truthinitiative.org>
**Date:** Thursday, July 25, 2019 at 12:45 PM
**To:** "Monde, David M." <dmmonde@JonesDay.com>
**Cc:** Schultz Matt <mschultz@levinlaw.com>, "Coates, Rob E." <rcoates@jonesday.com>, "Biersteker, Peter J." <pbiersteker@JonesDay.com>, "Reisman, Sharyl A." <sareisman@JonesDay.com>, Rob Falk <rfalk@truthinitiative.org>
**Subject:** Re: In re Santa Fe Natural Tobacco Company Marketing & Sales Practices and Products Liability Litigation

David – Thank you for your email below.  It appears that there was some confusion on our part in construing the description set forth in subpoena item 2 – "an experimental study by JL Pearson et al, of 2.560 US adults (manuscript in preparation)."  Your email of yesterday referenced, but did not attach, a draft manuscript presumably corresponding to the study description set forth in subpoena item 2.

Subsequent to your email, we received an email from your colleague, Sharyl Reisman, that transmitted the attached draft manuscript.  To avoid further confusion, please promptly confirm whether the study discussed in the attached document is, in fact, the study to which subpoena item 2 pertains.  Once you confirm, we can undertake to determine what, if any, responsive materials we may have and how long it will take to produce them.

In the meantime, we request that you identify all persons and entities that are in receipt of any materials that we produced to you on July 12, 2019 (the "July 12 Production"), including without limitation any co-counsel, consultants and experts.  Based on your clarification and the confirmation we are requesting regarding subpoena item 2, it appears that the entirety of our July 12 Production was produced inadvertently.  We request that you immediately instruct all persons and parties in receipt of any materials from our July 12 Production to destroy all such materials and that you promptly provide us with written certification of such destruction.

Turning to the other matters raised in your email, this shall confirm that the following two items referenced in your email below were included in our July 19, 2019 production to you ("July 19 Production"), and you should have them:

2

- Truth Initiative_224_Highly Confidential_Subject To Protective Order_AS Suvey 3 (Jennifer Pearson's conflicted copy 2015-02-08)_produced on 19JUL2019, and

- Truth Initiative_225_Highly Confidential_Subject To Protective Order_AS_Survey 2 (Jennifer Pearson's conflicted copy 2015-02-08)_produced on 19JUL2019.

Truth Initiative_200 (Survey Instrument), produced as a part of our July 19 Production, was not identified as responsive to subpoena item 1.b.iii, as your email below suggests. We identified that document as responsive to subpoena item 1.b.v which seeks "the exact wording and presentation of questions and response options, including preceding respondent instructions and any preceding questions that might reasonably be expected to influence responses." You state that document Truth Initiative_200 does not contain programming instructions. However, neither subpoena item 1.b.v. nor any other subpart of subpoena item 1 requests such programming instructions.

Finally, with respect to subpoena item 1.b.iv., you state that "start and completion dates are missing for some respondents in the data provided." We have provided you with whatever responsive materials we have in our possession with respect to this subpoena request.

I look forward to your response regarding the attached manuscript.

Ted

**Ted Feldman**
Deputy General Counsel, Legal

**Truth Initiative®**
**INSPIRING TOBACCO-FREE LIVES**

900 G Street, NW, Fourth Floor
Washington, DC 20001

202-454-5933 (office)

**Since 2000, Truth Initiative® has prevented over one million youth from smoking.**

---

**From:** "Monde, David M." <dmmonde@JonesDay.com>
**Date:** Wednesday, July 24, 2019 at 6:19 PM
**To:** Ted Feldman <TFeldman@truthinitiative.org>, Schultz Matt <mschultz@levinlaw.com>
**Cc:** Rob Falk <rfalk@truthinitiative.org>, "Coates, Rob E." <rcoates@jonesday.com>, "Biersteker, Peter J." <pbiersteker@JonesDay.com>, "Reisman, Sharyl A." <sareisman@JonesDay.com>, "Monde, David M." <dmmonde@JonesDay.com>
**Subject:** RE: In re Santa Fe Natural Tobacco Company Marketing & Sales Practices and Products Liability Litigation

Rob and Ted, we have now had the chance to review carefully the material you produced. We have a few follow up questions and requests.

First, we do not see any materials pertaining to Pearson et al (in preparation) – experimental study of 2,650 US adults (draft manuscript attached). If we have overlooked it in your production, please advise. Otherwise, please produce it,.

3

Second, July 19 response lists two items that you intended to produce but which we do not see in your production. Specifically,

Truth Initiative_224_Highly Confidential_Subject To Protective Order_AS Suvey 3 (Jennifer Pearson's conflicted copy 2015-02-08)_produced on 19JUL2019, and

Truth Initiative_225_Highly Confidential_Subject To Protective Order_AS_Survey 2 (Jennifer Pearson's conflicted copy 2015-02-08)_produced on 19JUL2019.

Again, if we missed them, please advise. Otherwise, please produce them.

Third, your response references TI_200 (survey questionnaire) regarding interview procedures and the presentation of questions/response options (items 1.b.iii. and 1.b.v.). But TI_200 does not include any programming instructions. So, *for* example, we are unable to determine how (or whether) respondents were assigned to 1 of the 3 studies and whether the order of the packs was rotated.

Finally, start and completion dates are missing for some respondents in the data provided. This makes it impossible to determine when those respondents took the survey. (Subpoena **1.b.iv).** Please provide the missing dates of data collection.

If you have any questions about our requests, we are happy to discuss by phone. Otherwise, please confirm you can provide this material by August 1.  Thanks.

David M. Monde
Partner, Jones Day
404-514-1237

---

**From:** Ted Feldman <TFeldman@truthinitiative.org>
**Date:** Friday, Jul 12, 2019, 1:49 PM
**To:** Monde, David M. <dmmonde@JonesDay.com>, Schultz Matt <mschultz@levinlaw.com>
**Cc:** Robert Falk <rfalk@truthinitiative.org>, Coates, Rob E. <rcoates@jonesday.com>
**Subject:** In re Santa Fe Natural Tobacco Company Marketing & Sales Practices and Products Liability Litigation

Gentlemen:  In response to the subpoena served on Truth Initiative in the above-referenced action and consistent with our agreement reached in connection therewith regarding the production of responsive materials, this shall confirm that Truth Initiative has uploaded a folder entitled "12JUL2019 Production" to the Jones Day portal identified for the purpose of our production.  The folder contains materials responsive to subpoena item number 2.  We have also included a Word document (point by point response) that identifies the file(s) that are responsive to each enumerated subpoena request under item 2.

Please confirm that you have received this email and that you can download the files we have produced.

Thank you.

**Ted Feldman**
Deputy General Counsel, Legal

**Truth Initiative®**
**INSPIRING TOBACCO-FREE LIVES**

900 G Street, NW, Fourth Floor
Washington, DC 20001

4

202-454-5933 (office)

**Since 2000, Truth Initiative® has prevented over one million youth from smoking.**

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***