# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **In re: Santa Fe Natural Tobacco Company Marketing and Sales Practices & Products Liability Litigation** | No. 1:16-md-02695-JB-LF<br><br>This Submission Relates To All Actions, And Is Brought By All Defendants |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

The recent rejection of Dr. Dubé's damages analysis and decertification of the class in *Price v. L'Oreal USA, Inc.*, No. 17-cv-614, 2021 WL 4459115, at *5 (S.D.N.Y. Sept. 29, 2021)—a case on which Plaintiffs previously placed heavy reliance—confirms that Dr. Dubé's approach is fatally flawed by its failure to isolate the price premium resulting from the consumer misperceptions Plaintiffs allege, and that this failure precludes certification of a damages class.

Plaintiffs have repeatedly cited the initial acceptance of Dr. Dubé's conjoint analysis in *Price* as establishing that his approach satisfies *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), asserting that he applied the "same methodology" as here. Pls. Dubé Opp. 13, 16, 35 (Doc. 311); *see* Pls. Post-Hearing Br. 18 (Doc. 350); Class-Cert. Reply 41 (Doc. 329). They have argued that Dr. Dubé's failure to isolate the price premium associated with the challenged claims is irrelevant, in that *Price* "found that Professor Dubé's methodology satisfies *Comcast*." Dubé Opp. 16.

The decertification decision in *Price* definitively rejects Dr. Dubé's methodology, holding his analysis inadmissible because it "does not seek to isolate the alleged damages stemming from Defendants' alleged misrepresentations" and therefore "is not consistent with Plaintiffs' theory of injury as required under *Comcast*." 2021 WL 4459115, at *5. The *Price* plaintiffs alleged that the terms "Keratindose" and "Pro-Keratin" on defendants' products misled consumers into believing the products contained keratin; instead of isolating that alleged misrepresentation, Dr. Dubé measured the value of the phrase

"Keratindose Pro-Keratin + Silk." *Id.* at *2. Because Dr. Dubé did not isolate the price effect of the allegedly misleading aspect (keratin) from that of the unchallenged aspect ("Silk"), the plaintiffs "ha[d] not provided a means of calculating the price premium consumers paid because of the Challenged Claims and therefore, have not satisfied the requirements of *Comcast*." *Id.* at *5-6.

Dr. Dubé's methodology here—which does not purport to isolate the effect of the alleged misperceptions—presents the same problem. *E.g.*, Defs. Post-Hearing Br. 11-13 (Doc. 351). *Price* thus underscores why Dr. Dubé's proposed analysis should be rejected, and confirms Plaintiffs' inability to prove classwide damages.

- 3 -

By: */s/ David M. Monde*
David M. Monde (*pro hac vice*)
JONES DAY
1221 Peachtree Street NE, Suite 400
Atlanta, GA 30361
T: 404.521.3939
F: 404.581.8330
E: dmmonde@jonesday.com

Meir Feder (*pro hac vice*)
Sharyl Reisman (*pro hac vice*)
JONES DAY
250 Vesey Street, Floor 34
New York, NY 10281
T: 212.326.3939
F: 212.755.7306
E: sareisman@jonesday.com
E: mfeder@jonesday.com

William D. Coglianese (*pro hac vice*)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
T: 202.879.3939
F: 202.626.1700
E: wcoglianese@jonesday.com

Andrew G. Schultz
RODEY, DICKASON, SLOAN,
AKIN & ROBB, P.A.
201 3rd Street NW, Suite 2200
Albuquerque, NM 87102
T: 505.768.7205
F: 505.768.7395
E: aschultz@rodey.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 1, 2021, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 1, 2021

Respectfully submitted,

/s/ *Michael F. Stoer*

Michael F. Stoer (*pro hac vice*)
JONES DAY
1420 Peachtree St., NE, Suite 800
Atlanta, GA 30309
T: 404.581.8774
F: 404.581.8330
E: mstoer@jonesday.com

*Counsel for Defendants*