**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS MACDOUGALL, et al.

    Plaintiffs-Appellants,

v.

AMERICAN HONDA MOTOR CO., INC.,

    Defendant-Appellee.

No. 20-56060

D.C. No. 8:17-cv-01079-JGB-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted November 17, 2021
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and MOLLOY,[**] District Judge.

Appellants sued American Honda Motor Co., Inc. ("Honda") on behalf of a putative class alleging a transmission defect in certain Honda Odyssey minivan models. Appellants' damages claim relied, at least in part, on a conjoint survey

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

1

analysis performed by economist and statistician Stefan Boedeker. Honda moved to strike Boedeker's testimony under Rule 702 of the Federal Rules of Evidence, arguing that he failed to consider actual market prices and that his methodology was unreliable. The district court agreed on both counts, striking Boedeker's testimony and then granting summary judgment in favor of Honda. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

I.

We review an order excluding expert testimony for an abuse of discretion. *Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 952 (9th Cir. 2011). "A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts." *Id.* (quotation marks omitted). Here, the district court relied on numerous cases that do not analyze the admissibility of conjoint analysis under Rule 702 or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), but rather consider its substantive probity in the context of either class-wide damages under *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013), or under substantive state law. These two inquiries are distinct, and their conflation rises to an "erroneous view of the law." *Samuels*, 656 F.3d at 952.

Moreover, as a general rule, an expert's survey is admissible provided it is: (1) "conducted according to accepted principles" and (2) "relevant" to the issues in

the case. *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1036 (9th Cir. 2010) (quotation marks omitted). Because this is a case-specific inquiry, Honda's argument that conjoint analysis categorically fails as a measure of economic damages is unavailing. While the district court "must act as a 'gatekeeper' to exclude junk science that does not meet . . . reliability standards," *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011), "[t]he test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology," *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (quotation marks omitted). Honda's challenges—*inter alia*, the absence of market considerations, specific attribute selection, and the use of averages to evaluate the survey data—"go to the weight given the survey, not its admissibility." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997); *see Fortune Dynamic, Inc.*, 618 F.3d at 1036 ("[T]echnical inadequacies in a survey, including the format of the questions or the manner in which it was taken, bear on the weight of the evidence, not its admissibility." (quotation marks omitted)). Accordingly, the district court abused its discretion by excluding Boedeker's testimony under *Daubert*.[1]

---

[1] The district court did not abuse its discretion by excluding Boedeker's July 15, 2019 declaration as untimely. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–06 (9th Cir. 2001) ("We review the imposition of discovery sanctions for an abuse of discretion."); Fed. R. Civ. P. 26(a)(2)(C) (requiring rebuttal reports be filed "within 30 days after the disclosure" of the evidence the expert is rebutting). That declaration is therefore not considered here.

3

II.

The district court granted summary judgment in favor of Honda "[b]ecause [Appellants]' sole evidence of damages is the stricken testimony of Boedeker, [and so] the Court finds no triable issue of fact as to damages." That analysis is no longer compelling in light of the mistaken ruling discussed above. Nevertheless, we briefly address Appellants' alternative damages theory because it has been fully briefed and could arise again on remand. *See United States v. Mancuso*, 718 F.3d 780, 796 (9th Cir. 2013); *United States v. Van Alstyne*, 584 F.3d 803, 817 n.14 (9th Cir. 2009). In their supplemental filing, Appellants allege damages based on Honda's internal records regarding the cost of repair. Appellants are correct that benefit of the bargain damages focus on the benefits received at the time of purchase. *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 989 (9th Cir. 2015); *Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 820 (9th Cir. 2019). And the cost of repair—whether or not that cost is borne by a plaintiff—can be relevant to determining "the difference between what was paid and what a reasonable consumer would have paid at the time of purchase without the fraudulent or omitted information." *Nguyen*, 932 F.3d at 820 (quoting *Pulaski*, 802 F.3d at 989); *see also id.* at 822 ("Plaintiff's theory is that the allegedly defective clutch is itself the injury, regardless of whether the faulty clutch caused performance issues."). The district court therefore erred in determining that the material inquiry was "the

4

price paid by [Appellants] to actually repair the alleged defect." Accordingly, we reverse the district court's summary judgment determination.

**REVERSED AND REMANDED.**